UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE C. CALLAHAN,            )
                              )
        Plaintiff,            )
                              )
        v.                    ) Civil Action No. 05-2170 RBW
                              )
GALE NORTON, Department       )
  of the Interior,            )
                              )
        Defendant.            )
_____)

ANSWER

_____Pursuant to Fed. R. Civ. P. 12(a)(3), Defendant Gale Norton, Secretary of Interior, hereby answers the complaint as follows:

FIRST DEFENSE

_____The complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE
(Failure Timely To Exhaust)

Insofar as plaintiff may be seeking to assert claims based on alleged actions against him other than those he timely presented to an Equal Employment Opportunity ("EEO") counselor and for which he properly completed the administrative EEO process, he has failed timely to exhaust necessary administrative remedies that are a prerequisite to pursuing a civil action in this Court.

THIRD DEFENSE

Insofar as plaintiff is seeking to assert claims that were dismissed by the Equal Employment Opportunity Commission and for

which he received more than 90-days notice of that dismissal
before filing this action, his claims are untimely.

<u>FOURTH DEFENSE</u>

Defendant responds to the enumerated allegations under each
paragraph of the Complaint by the corresponding enumerated
paragraphs below:

1.  This paragraph is a conclusion of law to which no
response is required, but to the extent that one is required, the
statement is denied.

2.  This paragraph is a conclusion of law to which no
response is required, but to the extent that one is required, the
factual allegations are admitted.

3-4.  Admitted.

5.  Defendant admits the first and second sentences, and
denies the third sentence.

6.  Defendant admits that in 1994 plaintiff was hired as a
seasonal Park Ranger on the Mall from approximately April through
August, and received a letter for his work from his supervisor,
who pointed out that plaintiff interacted with several thousand
visitors per shift and that he was becoming able to present
detailed and instructive in depth interpretative programs to park
visitors, but Defendant denies the remainder of the paragraph.

7.  Defendant admits that plaintiff applied for a position
as a permanent ranger on the mall, but denies the remainder of

the first sentence.  Defendant admits that plaintiff filed an EEO complaint on the basis of age discrimination and that there was a settlement, but denies the remainder of the second sentence.

8.  Defendant admits that under the settlement agreement, plaintiff was hired as an interpretation park ranger, GS-4, step 4, on the Mall, but denies the remainder of the paragraph.

9.  Admitted.

10.  Defendant admits the first and second sentences, but Defendant denies the third sentence.

11.  Denied.

12.  Defendant admits the first and third sentences, but denies the second sentence.

13.  Defendant admits the first sentence, but denies the second sentence.  With respect to the third sentence, Defendant admits that Duane Erwin stated plaintiff's promotion was not required by his EEO settlement, but denies the remainder of the sentence.  With respect to the fourth sentence, Defendant admits that plaintiff had taken time off from work, and that plaintiff was advised that to be promoted from a GS-5 to a GS-7 he must complete, inter alia, interpretative logs, and that he would have to complete an educational program to progress from a GS-7 to a GS-9.  Defendant denies the remainder of the fourth sentence. Defendant also denies the fifth sentence.

14.  Defendant admits that plaintiff filed an EEO complaint

-3-

alleging retaliatory discrimination for his prior EEO activity, after having consulted an EEO counselor in August 2000 because of his failure to be promoted, and also because of the agency's classification of him as AWOL, and for offsets from his salary but Defendant denies the remainder.

15.  Defendant admits that Duane Erwin gave plaintiff a memo specifying what would be considered necessary to be promoted; namely, to be audited giving a formal interpretative talk which was approved by his supervisor and to create eight written narratives of informal contacts with park visitors, but Defendant denies the remainder of the paragraph.

16.  Defendant admits that after, plaintiff received the memo in November 2000, Duane Erwin asked plaintiff about an appointment to audit an interpretative talk by plaintiff. Defendant further admits that Duane Erwin audited a talk of plaintiff in May 2002, but denies the remainder of the first sentence.  Defendant admits that plaintiff's presentation was successful but Defendant denies the remainder of this paragraph.

17.  Denied.

18.  Defendant admits the first sentence.  Defendant denies the second and third sentences.

19-21.  Denied.

22-23.  Admitted.

24.  Denied.

-4-

24a-24e.  The remainder of this section consists of plaintiff's prayer for relief to which no response is necessary, but to the extent one may be deemed required, Defendant denies that plaintiff is entitled to any relief whatsoever.

The last paragraph consists of plaintiff's demand for a jury trial to which no response is necessary, but to the extent one may be deemed required, the allegation is denied.  A jury trial is not available in a case founded on the Age Discrimination in Employment Act, as there has been no waiver of sovereign immunity for such a claim or demand.

Defendant denies each and every allegation of the complaint that is not specifically admitted herein.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney


Of Counsel:

PATRICIA A. ARMSTRONG
DC Bar #480703
U.S. Department of the Interior

<u>CERTIFICATE OF SERVICE</u>

_____I HEREBY CERTIFY that service of the foregoing Answer has

been made by mailing a copy thereof to:

GEORGE G. CALLAHAN
523 20th Street, N.W.
Apt. 108
Washington, DC  20006-5027

on this 17th day of January, 2006.


_____
W. MARK NEBEKER
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, DC   20530