```
            UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA

GEORGE C. CALLAHAN,           )
                              )
          Plaintiff,          )
                              )
     v.                       )  Civil Action No. 05-2170 RBW
                              )
GALE NORTON, Department       )
  of the Interior,            )
                              )
          Defendant.          )
_____)
```

## JOINT[1] STATUS REPORT OF THE PARTIES

In accordance with Local Rule LcvR 16.3(c) and the Court's April 19, 2006 Order, the parties make the following joint status report and brief statement of the case in this matter:

### Plaintiff's Claim[2]

Plaintiff claims that he has been subjected to a continuing pattern of illegal and retaliatory discrimination for his past EEO complaint against the agency under the Age Discrimination in Employment Act, in that, among other things, the agency has failed to promote plaintiff in his career ladder position of park ranger on the Mall at the GS-5 level plaintiff's supervisor took more than a year to answer plaintiff's inquiries about what was required for his promotion which did not even exist when plaintiff first became eligible for promotion, and which have not been required of all other employees for their promotion.

---

[1] Plaintiff participated in the preparation of this filing, by providing proposed changes in a facsimile received on May 31, 2006, but he could not be reached by telephone this date to sign the filing. Thus, defendant has filed it with input from plaintiff, but without his signature or final approval.

[2] Defendant does not concur with these assertions.

Statement Of Defenses[3]

This is an action seeking to challenge the decision not to promote Plaintiff until he, like all other park rangers, completes certain prerequisites of the next higher position.

The parties agree that Plaintiff was told that to be promoted from a GS-5 to a GS-7 he must complete, inter alia, eight interpretative logs (i.e., documentation that plaintiff has successfully completed eight encounters with park visitors meeting certain criteria), and that he would have to complete an educational program, among other things, to progress from a GS-7 to a GS-9.  See Complaint, ¶ 13.  Plaintiff has not submitted the interpretive logs needed for promotion to a GS-7 or the requirements for a promotion to GS-9.  Because all Park Rangers were, in fact, treated similarly, Plaintiff cannot establish that he was somehow treated differently based on any improper motive.

The following information is provided consistent with Local Rule LcvR 16.3(c):

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Defendant anticipates filing a dispositive motion as to all claims in the case.  Given the substantial administrative record in the case, including admissions made in plaintiff's own sworn testimony before an administrative judge of the Equal Employment

---

[3] Plaintiff does not concur with these assertions.

-2-

Opportunity Commission ("EEOC"), and testimony by plaintiff's supervisors and other agency employees, defendant submits that discovery is not necessary before a dispositive motion can be resolved. Defendant asks for a date of August 22, 2006, within which to complete the motion and that discovery be stayed pending resolution of the motion.

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

No additional parties need to be joined. Plaintiff submits that: 1) he has another EEO complaint for reprisal against defendant (involving the proposal to remove him from service) which he filed on January 23, 2006, after investigation by an EEO counselor, which should be decided by the agency by July 22, 2006, and 2) if the matter is not resolved, he plans to move to amend his complaint herein to include said additional claim. The defendant denies any retaliation against the plaintiff and asserts that dismissal of the case or summary judgment in defendant's favor would be appropriate.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties agree to submit to the discretion of the Court the assignment of pretrial matters to a magistrate judge. The parties are not willing to refer the matter to a magistrate judge for all purposes at this time.

(4) Whether there is a realistic possibility of settling the case.

The parties do not believe that settlement is likely at this

-3-

time.

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

Counsel for Defendant has discussed with an agency representative the issue of ADR. The defendant does not believe that this matter would benefit from alternative dispute resolution ("ADR") procedures. Plaintiff has taken no position on the matter at this time.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Defendant believes that this matter will be disposed of through resolution of a dispositive motion and proposes that the motion be filed on or before August 22, 2006. The parties agree that Plaintiff should have 30 days to oppose any dispositive motion and that Defendant should have three weeks to reply after receipt of plaintiff's opposition. Defendant believes that discovery in this case should be stayed pending resolution of defendant's anticipated dispositive motion. Plaintiff did not object to the stay of discovery in his correspondence about this joint report.

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties submit that given the nature of the issues in the anticipated dispositive motion, discovery at this time,

including initial disclosures, would call for the unnecessary expenditure by both parties of resources if discovery were to commence before the Court's ruling on defendant's dispositive motion. Accordingly, the parties request that discovery, including the exchange initial disclosures under Fed. R. Civ. P. 26(a), be stayed pending resolution of the anticipated dispositive motion.

    (8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

If any issues remain to be decided after resolution of the anticipated dispositive motion, the parties believe that discovery could be completed within 180 days of the resolution of the defendant's anticipated dispositive motion. At this time, the parties anticipate needing no more than 25 interrogatories and 5 depositions for each party. If discovery proceeds and a protective order is needed consistent with the Privacy Act, 5 U.S.C. § 552a(b)(11), the parties will attempt to reach agreement by stipulation and, if unable to stipulate, a motion will be filed seeking a protective order from the Court.

    (9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

The parties do not anticipate the need for expert witnesses in this case.

    (10) In class actions, appropriate procedures . . .

This matter contains no class allegations.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

Bifurcation of discovery or trial is not necessary in this action. Discovery should be stayed pending resolution of defendant's anticipated dispositive motion.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The parties agree to delay the setting of a date for any pretrial conference until after resolution of the anticipated dispositive motion.

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties agree to delay the setting of a trial date until after resolution of the pending dispositive motion.

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

Defendant reiterates that should plaintiff wish to be promoted, then he, like the other park rangers, should complete

the eight interpretive logs.  This might moot out at least some of the issues in the case.

Respectfully Submitted,

GEORGE C. CALLAHAN
523 20th Street, N.W.
Apt. 108
Washington, DC  20006-5027
347-1668

Plaintiff

KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 Fourth Street, N. W.
Washington, DC  20530
(202) 514-7230

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

GEORGE C. CALLAHAN,                )
                                   )
              Plaintiff,           )
                                   )
       v.                          ) Civil Action No. 05-2170 RBW
                                   )
GALE NORTON, Department            )
  of the Interior,                 )
                                   )
              Defendant.           )
_____)

## SCHEDULING ORDER

Upon consideration of the Local Rule 16.3 Report of the parties, it is hereby ORDERED that:

1. All discovery in this action shall be stayed pending resolution of defendant's anticipated dispositive motion and further order of the Court;

2. Defendant may file a dispositive motion on or before August 22, 2006;

3. Plaintiff shall file any opposition to the motion within 30 days of service on plaintiff of the motion.

4. Defendant may file a reply to plaintiff's opposition within three weeks of receiving Plaintiff's opposition.


                                   _____
                                   UNITED STATES DISTRICT JUDGE

W. MARK NEBEKER
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, DC  20530

GEORGE G. CALLAHAN
523 20th Street, N.W.
Apt. 108
Washington, DC  20006-5027

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Joint Status Report Of The Parties and proposed order has been made by mailing copies thereof to:

GEORGE G. CALLAHAN
523 20th Street, N.W.
Apt. 108
Washington, DC  20006-5027

on this 5th day of June, 2006.

_____
W. MARK NEBEKER
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, DC  20530