UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE G. CALLAHAN,                )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )    Civil Action No. 05-2170 RBW
                                   )
GALE NORTON, Department of the     )
        Interior,                  )
                                   )
        Defendant.                 )

MOTION TO AMEND COMPLAINT

Plaintiff, George Callahan, through his attorney, respectfully moves to amend the complaint in the above-captioned case, for the reasons set forth in the memorandum of points and authorities submitted herewith.

A copy of the proposed amended complaint is submitted with this motion.

Respectfully submitted,

*A. Patricia Frohman*
A. PATRICIA FROHMAN, Bar #089516
Attorney for Plaintiff

4832 46th Street, N.W.
Washington, D.C. 20016
(202) 537-6114

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE G. CALLAHAN,              )
                                 )
        Plaintiff,               )
                                 )
v.                               )    Civil Action No. 05-2170 RBW
                                 )
GALE NORTON, Department of the   )
        Interior,                )
                                 )
        Defendant                )

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION
TO AMEND THE COMPLAINT

This action for retaliatory discrimination was filed in November 2005 in order to meet the requirement of filing suit within the 90 days allowed in a "right to sue" letter (submitted with the complaint herein) which plaintiff had received from the EEOC. At the time of filing this suit plaintiff also had consulted an EEO counselor at the defendant's agency regarding a memorandum dated August 18, 2005, which had proposed plaintiff's removal or suspension from federal service (see Attachment A hereto).

On January 23, 2006, plaintiff filed an EEO complaint alleging that the memorandum of 8-18-05 had discriminated against him as part of a retaliatory pattern of reprisal for his past EEO activity.

Following acknowledgement of his EEO complaint by the agency EEO Program Manager in February 2006, Plaintiff received no

- 2 -

further word from the agency regarding the action proposed to be taken against him, or as to his EEO complaint, and plaintiff therefore determined that if a final decision had not been issued by the agency regarding his EEO complaint within 180 days of his filing it, and the matter had not been otherwise satisfactorily resolved, he should move to amend his complaint in this case to include his allegation of discrimination regarding the August 18, 2005 memorandum. Accordingly, plaintiff requested that scheduling in this case be delayed until after July 22, 2006, when the 180 days would expire.

The 180 days did expire without any action being taken by the agency as to plaintiff's EEO complaint. However, by memorandum dated June 22, 2006, the agency rescinded the memorandum of 8-18-05 proposing to remove the plaintiff from federal service. The new memorandum, however, did retain the proposal to suspend plaintiff for a total of 41 days (see Attachment B hereto). The new memorandum eliminated the charge of insubordination and one specification charged in the 8-18-05 memorandum, but retained all other specifications and charges in the previous memorandum.

29 CFR 1614.106, pertaining to individual EEO complaints, provides at subsection (d):

> A complainant may amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint.

- 3 -

Since there had been no final action on his January 2006 EEO complaint, and the issues raised by the June 22, 2006 memorandum were like or related to those regarding the memorandum of August 18, 2005, raised in his EEO complaint, plaintiff on July 12, 2006, submitted a letter to the agency's EEO Program Manager requesting amendment of his EEO complaint to include the memorandum of June 22, 2006. (<u>See</u> Attachment C hereto.)

Accordingly, within the 180 days from the time he filed his EEO complaint, plaintiff amended his complaint, as permitted by 29 CFR 1614.106(d); and when the 180 days expired on July 22, 2006, plaintiff's administrative remedies were exhausted and he was entitled to sue as to his pending EEO complaint, including the issues raised in the amendment to his complaint.

Furthermore, by letter dated August 25, 2006, and just received by plaintiff's attorney on August 28, 2006, the agency dismissed plaintiff's EEO complaint, and plaintiff is entitled to file an action in this Court within 90 days of said dismissal.

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a party's pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

Plaintiff urges that the memoranda of August 18, 2005, and June 22, 2006, as are, as more fully set forth in plaintiff's proposed amended complaint and the cause of action asserted therein, a part of the pattern of retaliatory discrimination and reprisal alleged in this law suit, and that, accordingly, the motion to amend the complaint should be granted.

- 4 -

Respectfully submitted,

*A. Patricia Frohman*
A. PATRICIA FROHMAN   Bar #089516
Attorney for Plaintiff