

## United States Department of the Interior

NATIONAL PARK SERVICE
National Mall & Memorial Parks
900 Ohio Drive, S.W.
Washington, D.C. 20024- 2000

IN REPLY REFER TO:

AUG 18 2005

Memorandum

To: George Callahan, Park Ranger (Interpretation), National Mall & Memorial Parks

From: Robert J. Karotko, Chief, Division of Visitor Services, National Mall & Memorial Parks

Subject: Proposed Removal

This is a notice of proposed administrative action issued in accordance with 5 C.F.R. Part 752. We both have a responsibility to promote the efficiency of the service. I believe that your actions have not supported this efficiency, and therefore I propose that you be removed from duty from your position as a Park Ranger (Interpretation) GS-0025-05, National Mall & Memorial Parks, and from the Federal Service. This action will not be effected earlier than thirty (30) calendar days from the date you receive this notice.

This proposed action is based on the following charges and specifications:

*Charge #1:  Failure to Follow Supervisor's Directives*

**Specification #1:**
On or about January 11, 2005, Mr. Scott Shultz, Supervisory Park Ranger, discussed with you an upcoming First Aid and CPR class which was scheduled for January 27, 2005. Mr. Shultz had been informed by another supervisor, Mr. Harry Hagan, that you, Mr. Tim Olling, Park Ranger, and Mr. Matthew McNamer, Park Ranger, had collectively made statements regarding the class and the displeasure with the class instructor, Mr. Harry Gedney, Park Ranger.

Several days later, Mr. Shultz spoke with you regarding the basis for your displeasure towards Mr. Gedney's class. Mr. Olling and Mr. McNamer were present during this conversation. Mr. Shultz stated that you collectively said that Mr. Gedney was arrogant and condescending, and that Ms. Sandy Tennyson, Park Ranger, was a better instructor. Further, Mr. Shultz stated that you, Mr. Olling and Mr. McNamer had stated the class had been taken during the previous summer, and that it was unnecessary to take the same class again prior to the three year expiration date. Mr. Shultz informed you that Park management had determined that training would occur on a yearly basis.

*Plaintiff's Motion to Amend Complaint*
*Civil Action 05-2170 RBW*                                                 1
*Attachment A*

On January 27, 2005, you were informed by Mr. Shultz that you were scheduled to attend the First Aid and CPR class being given by Mr. Gedney for that day. Mr. Shultz stated that you refused to attend, citing the reasons listed previously. Mr. Shultz was forced to cancel the class due to a lack of participants as result of your refusal to attend.

On February 16, 2005, you were directed by Mr. Shultz to submit a statement detailing the reasons why you refused to attend the January 27, 2005, class. You informed Mr. Shultz that you refused to comply with his directive. Further, you informed Mr. Shultz that the reason for your refusal was that you felt that a verbal reply was all that was needed.

To date, you have refused to comply with Mr. Shultz's directive.

**Specification #2:**
On March 17, 2005, you were directed by Mr. Shultz to report to your duty station by 4:00 p.m. In response to his directive, Mr. Shultz stated that you, Mr. McNamer, Mr. Balis, and Mr. Olling collectively informed him of your refusal to comply. Further, you collectively informed Mr. Shultz that you were not going to report to your duty location until 7:30 p.m.

Given regulations, ethics, developmental training and in accordance with the February 16, 2005, Accountability Memorandum issued by Ms. Rosanna Weltzin, Site Manager, you have been informed that employees are required to carry out the polices and programs of the Department and to obey proper requests and directions of supervisors. Furthermore, employees who fail to comply with supervisory decisions may be subject to appropriate disciplinary action, up to, and including removal.

On March 17, 2005, you failed to comply with the Accountability Memorandum in that you failed to comply with Mr. Shultz's directive.

**Specification #3:**
On March 23, 2005, a meeting was held involving Mr. McNamer at Park Headquarters. You were not invited and there was no need for you to attend the meeting. Mr. McNamer informed Mr. Shultz that it was his intention to bring you, Mr. Olling and Mr. Michael Balis, Park Ranger, as witnesses to the meeting. His request was denied. You were present during this conversation. Further, you were directed by Mr. Shultz to report to your assigned post to begin your visitor services work after his conversation with Mr. McNamer concluded.

Although directed to report to your assigned duty post, you failed to comply with Mr. Shultz's directive. Instead, you proceeded to report to Park Headquarters abandoning your post and duties as a Park Ranger.

**Specification #4:**
On March 23, 2005, after failing to comply with Mr. Shultz's directive as outlined in specification #3, you proceeded to Park Headquarters to witness the meeting with Mr. McNamer.

Upon your arrival at Park Headquarters, Ms. Weltzin informed you that you were excused from the meeting. Ms. Weltzin further directed you to report to the FDR Memorial. Ms. Weltzin then returned to the meeting with Mr. McNamer.

After the meeting commenced, I observed you standing within the entrance to Park Headquarters. Mr. Olling and Mr. Balis were also present. I approached you and asked if you had been directed to report to a site. The initial collective answer was "no". I again asked a second time and the collective response was that you had been directed to a site. I then directed you to report. You, and your coworkers, then departed.

Inasmuch as you did not immediately report to the site as directed by Ms. Weltzin, rather, you chose to delay your compliance and wait at Park Headquarters, you failed to comply with management's directives.

**Specification #5:**
On April 16, 2005, a complaint was lodged against you by Mr. Robert Marshall, Park Service Volunteer, regarding your actions in the WWII Contact Station. Allegedly, Mr. Marshall accused you of blocking his access to the Contact Station by locking the door and later blocking his path. Mr. Marshall stated that your reasoning was due to the fact that he was not in proper uniform.

After receiving Mr. Marshall's verbal complaint, Mr. Shultz stated that you called to inform him that Mr. Marshall had been disruptive at the Contact Station, blocking visitor access to the contact window and becoming disruptive when asked to move away to one side to allow access. Mr. Shultz stated that you denied blocking Mr. Marshall's access inside the Contact Station.

As result of receiving the complaint, Mr. Shultz directed you to write a statement detailing the events involving Mr. Marshall.

You failed to comply with his directive.

**Specification #6:**
On April 20, 2005, Mr. Shultz again directed you to write a statement detailing the events which occurred on April 16, 2005, involving Mr. Marshall. At that time, Mr. Shultz stated that you informed him that you refused to provide a written statement and that you were planning to include the incident in your on-going legal action against the National Park Service.

During the aforementioned exchange, Mr. Shultz stated that your tone of voice was disrespectful and your attitude confrontational.

3

**Specification #7:**
On or about July 21, 2005, you were given a SF-85, Background Investigation form and a Declaration for Federal Employment form to complete in compliance with Departmental mandated security requirements. The deadline for completion of the forms was July 29, 2005. After receiving your documents, you asked Mr. Harry Hagan, Supervisory Park Ranger, if completion of the documentation was mandatory or voluntary. Mr. Hagan sought clarification via Human Resources.

On July 27, 2005, Mr. Hagan informed you that completion of the forms was mandatory. He did not receive your forms to meet the July 29, 2005, deadline.

On August 3, 2005, Mr. Hagan met with you regarding the status of your submission of the security documents. On that date, Mr. Hagan directed you to complete the documents and submit them for processing. In response to your directive, you informed Mr. Hagan that you would submit the documents to your attorney. You further informed Mr. Hagan that you would only comply with the directive upon receiving approval from your attorney. Mr. Hagan documented your refusal to comply with his directive via memorandum dated August 3, 2005. You initialed receipt of the document.

*Charge #2: Insubordination*

**Specification #1:**

On August 4, 2005, you were given a written official directive from Ms. Weltzin, directing you to complete the required security forms by close of business August 4, 2005.

You were further instructed that an employee commits insubordination if:
   a) a supervisor issues a direct order;
   b) the order is communicated to the employee; and
   c) the employee either refuses to comply with the order or, in fact, disobeys the order.

You were also reminded that you have the right to grieve any directive given; however, you must comply first, grieve later. You were reminded that the reasons you had provided to Mr. Hagan for not completing your forms (i.e. submission and approval of your personal attorney) did not constituted a justifiable reason for noncompliance. Finally, you were reminded that as an employee, you are not entitled to decide what directive you are to follow or when you choose to follow the directive.

On August 4, 2005, by close-of-business, you failed to submit the completed security forms. Thus, you failed to comply with Ms. Weltzin's directive.

Inasmuch as it appears that your failure to comply was willful and intentional, you have committed insubordination.

***Charge #3: Failure to Obtain Supervisory Approval Prior to Leaving Assigned Post***

**Specification #1:**
On March 18, 2005, you left your assigned duty location and proceeded to the Survey Lodge to assist Mr. McNamer in a personal administrative matter. Upon his arrival, Mr. McNamer gave Mr. Shultz an envelope with Ms. Weltzin's name on it. You were present during this exchange.

In accordance with the February 16, 2005, Accountability Memorandum issued by Ms. Weltzin, you were informed that prior to leaving your post, other then lunch, you must contact your supervisor and request permission.

On March 18, 2005, you failed to obtain supervisory authorization prior to leaving your assigned duty location. Instead, you chose to abandon it and in doing so failed to provide the efficiency of visitor service.

**Specification #2:**
On March 30, 2005, Ms. Weltzin instructed Mr. McNamer to report to her office immediately. He complied.

Upon Mr. McNamer's arrival, Ms. Weltzin noticed that you had accompanied Mr. McNamer to the meeting. Ms. Weltzin asked you if you needed to speak with her. Ms. Weltzin stated that you informed her that you had come with Mr. McNamer. Ms. Weltzin then reminded you that you are not a union representative and you were not invited to the meeting. Ms. Weltzin then directed you to return to your assigned location, which consisted of performing collateral correspondence duties.

When making any determination on the penalty to propose for the aforementioned incidents, I have addressed many considerations.

I have taken into consideration the nature and seriousness of the offenses for which you have been charged and their relationship to your duties and responsibilities as a Park Ranger and the mission of the Service. As a uniformed Park Ranger, your primary responsibility is to provide quality visitor services. When you left your post without supervisory permission, you created a gap in the continuum of quality visitor services. There was no one to fill your post in your absence.

Your continued conduct in refusing to comply with management's directives has seriously impaired your working relationship with management, and has rendered you an undependable employee. Further, your persistent failure to comply with management's directives has undermined management's authority. Given your multiple refusals to comply with management's directives which have originated at various supervisory

levels, it appears that your refusal to comply is intentional and willful. Further, given the multiple directives relayed by management, both in verbal and written format, it does not appear you respect management's authority or the directives of supervisory officials. Your insolent disrespect for management's authority undermines management's capacity to maintain employee efficiency and discipline. No Agency should be expected to exercise forbearance for such conduct more than once. Your conduct cannot and will not be tolerated.

As an employee, you are given instructions and directions on a daily basis. You are required to carry out the policies and programs of the Department and to obey proper requests and directives of supervisors. While policies or changes related to one's own work are under consideration, you may, and are expected to, express your professional opinion and point of view. However, once a decision has been rendered by management, you are expected to comply with the decision and work to ensure the success of programs or initiatives affected by the decision. Without compliance with management's directives, chaos ensues.

Employees are not permitted to decide what should or should not be done in a given situation. Employees are not entitled to disregard management's directives because the employee feels that the directive is foolish, unwise, or contrary to their wishes, desires, or feelings. Employees are not to decide when a directive is to be complied with nor are they to delay in completing their supervisor's directive. Employees are not permitted to tell a supervisor what they are going to do when given a directive or when they plan to complete an assignment. Employees, when tasked with a directive for which they do not agree with, are required to comply first, grieve later.

Your continued failure to follow your supervisor's instructions has created a serious disruption in the workplace. Your persistent behavior shows a pattern of disrespect and disregard for the authority of supervisory staff. Furthermore, your behavior displays an image which is contrary to maintaining proper order and direction of the work force. This sends a negative message and will not be tolerated. The Service cannot afford to have employees refusing to comply with a supervisor's directives. Supervisors are charged with ensuring that the mission is accomplished, maintaining proper control of the work environment, and assuring that the workforce conducts itself in a manner that promotes civility and respect while accomplishing core work. I find your repeated disregard of your supervisor's instructions an aggravating factor when determining the penalty to propose.

I have also taken into consideration your disciplinary history. Although you have not been formally disciplined in the past, I do not believe this overshadows the severity of your actions. Your failure to follow your supervisor's directives has caused a delay in the completion of work assignments and tasks, which has the ripple effect of impacting other duties from being assigned and completed. Additionally, your actions have caused work delays, work disruption, and has been a burden to your supervisor who must deal with your insolent behavior. Finally, your actions lessen your supervisor's trust in your

ability, willingness, and commitment to carry out your assigned duties in a respectful and productive manner.

I have also taken into consideration your past work record and your length of service. Given the fact that you have over eight (8) years of service, I am confident that you are aware of the role of a supervisor and the appropriate action to take when a supervisor gives an employee a directive. Your seven (7) years of service does not overshadow the gross misconduct which you have exhibited. Further, in the event you were not clear regarding your responsibilities as it pertains to adherence to supervisory directives, the February 16, 2005, Accountability Memorandum clearly outlined your role and your responsibilities as an employee. Furthermore, you have been notified on multiple occasions of your requirement to comply with management's directives first, and to grieve the directive later in situations which you do not concur with the decision. Even after multiple verbal and written notifications and reminders, your defiant behavior has continued and become progressively worse. Thus, your length of service will not serve to offset the egregious nature of your conduct.

I have also taken into consideration your ability to get along with others and your dependability. Given your continued disregard for management's directives, your ability to get along with others has been significantly and negatively affected. Further, your disregard for management's directives which has caused work delays and disruption has deemed you an undependable employee. Management has lost all confidence in your dependability due to your failure to follow directives and your continued insolent behavior.

In determining the appropriate penalty to propose, I reviewed the Agency's table of penalties. I have also taken into consideration the past penalties imposed on other employees for the same or similar offenses. I am confident that a proposal for your removal is fair, appropriate, consistent with past practice and fully deserving.

I have also taken into consideration the notoriety of your conduct and the impact on the Service's reputation. Your repeated conduct in which you disregarded your supervisor's directives and have been insubordinate has affected the Service's internally in a negative manner. Furthermore, your actions in which you left your post without obtaining supervisory approval had the result of diminishing the visitor services normally offered by the Service at that post. Inasmuch as visitor services is your primary responsibility, your actions have had a negative impact on the Division, the park and the Service.

I have also taken into consideration the clarity with which you were on notice of any rules violated in committing the offense. As stated previously, as a tenured employee with over seven (7) years of service, I am confident that you are aware of the role of a supervisor and the appropriate action to take when a supervisor gives an employee a directive. Further, inasmuch as you were given repeated verbal and written directives, which you chose to ignore, I am confident that you were fully informed of your responsibility in complying with your supervisor's directives and the repercussions. I consider your continued behavior after being repeatedly warned an aggravating factor.

As a result of your failure to obtain supervisory approval to leave your post, your supervisor was not afforded the opportunity to obtain coverage for your post during your absence. Thus, the level of visitor services was diminished as the post remained unstaffed with no one to provide direct services to the visiting public.

I have also taken into consideration your potential to function as a full performing Park Ranger. Given your repeated failure to comply with supervisory directives which have occurred after multiple verbal and written warnings, I do not believe that you exhibit any potential for rehabilitation and your removal would serve to promote the efficiency of the Service.

Finally, I have reviewed your conduct as a whole to determine if any alternate sanction would deter such conduct by you in the future. I do not believe an alternative sanction, other than a removal, addresses the seriousness of your conduct nor would deter this type of behavior in the future.

Thus, I have determined the following:
1) Your failure to follow your supervisor's directives warrant the penalty of a thirty-five (35) day suspension; and
2) Your failure to obtain supervisory approval prior to leaving assigned post warrants the penalty of a six (6) day suspension; and
3) Your insubordination charge warrants the penalty of removal.

You may respond to this notice orally or in writing, or both, to Superintendent Keys, National Mall & Memorial Parks, 900 Ohio Drive, S.W., Washington, D.C. 20024-2000, to explain why the proposed action should not be taken. You may submit affidavits and other documentary evidence in support of your answer. You will be allowed fifteen (15) calendar days from the date you receive this notice to submit your answer in writing and/or make an oral response.

If you wish to make an oral response, you may contact Ms. Mary Evans, Human Resources Specialist, on (202)426-9299, within seven (7) days of receiving this proposal, in order to ensure that an appointment may be scheduled with Superintendent Keys within the 15-day response time. Consideration will be given to extending this period if you submit a written request stating your reasons for desiring more time. Before making a decision on this proposal, full consideration will be given to any answer you submit.

You have the right to be represented by an attorney or other representative subject to 370 DM 752, 3.9., or in accordance with applicable labor relations agreement. You will be allowed a reasonable amount of official time to review the material, secure affidavits, and prepare and/or present your answer. You should arrange for use of official time with your supervisor.

You have the right to review the material being relied upon to support the reasons for initiating this proposed action. If you and/or your representative wish to review the

8

material upon which the proposal is based, you should contact Ms. Evans. Review of this material must be made at National Mall & Memorial Parks. You may also contact Ms. Evans if you do not understand the reasons for this proposed action or if you wish a further explanation of the procedures being used to propose this action.

As soon as possible after your answer is received, or after expiration of the 15-day limit, if you do not answer, you will be given a written decision on this proposed action. You will be carried in an active duty status during this notice period.

If you are having personal problems which are a factor in your behavior as outlined above, I encourage you to contact Federal Occupational Health (FOH) Employee Assistance, the National Capital Region's Employee Assistance Program provider, at (800)222-0364, for free, confidential counseling and/or referral. FOH EAP services are available 24 hours per day, 7 days per week.

This notice is presented to you in person, and you are requested to sign in the space provided below acknowledging receipt of this proposal to suspend you from your position. Your signature does not convey that you agree with the information contained in this notice. It also does not waive any of the rights afforded to you under the 1997 Agreement between the International Painters and Allied Trades and the Department of Interior, National Park Service. Refusing to sign the document will not delay the time limits established above. It will also not prevent the action from being taken.

_____        _____
Employee Acknowledgement of Receipt           Date Received

9



# United States Department of the Interior

NATIONAL PARK SERVICE
National Mall & Memorial Parks
900 Ohio Drive, S.W.
Washington, D.C. 20024-2000

IN REPLY REFER TO:

June 22, 2006

Memorandum

To: George Callahan, Park Ranger (Interpretation), National Mall & Memorial Parks

From: Robert J. Karotko, Chief, Division of Visitor Services, National Mall & Memorial Parks  *[signed] Robert J Karotko*

Subject: Proposed Suspension

This is a notice of proposed administrative action issued in accordance with 5 C.F.R. Part 752. This notice officially rescinds the Proposal Notice provided to you dated August 18, 2005. We as Federal employees have a responsibility to promote the efficiency of the service. I believe that your actions as detailed below have not supported this efficiency, and therefore I propose that you be suspended from your position as a Park Ranger (Interpretation) GS-0025-05, National Mall and Memorial Parks, and from Federal Service for a period of forty-one (41) days. This action will not be effected earlier than (30) calendar days from the date you receive this notice and is based upon the following charges:

1. Failure to Follow Supervisory Directives
2. Failure to Obtain Supervisory Approval Prior to Leaving Your Assigned Post

*Charge #1: Failure to Follow Supervisory Directives*

### Specification #1:

On March 17, 2005, you were directed to report to your duty station by 4:00 p.m. by Mr. Scott Shultz, Acting Supervisory Park Ranger. In response to his directive, Mr. Shultz stated that you, Mr. McNamer, Mr. Balis, and Mr. Olling collectively informed him of your refusal to comply. Further, you collectively informed Mr. Shultz that you were not going to report to your duty location until 7:30 p.m.

In accordance with February 16, 2005, Accountability Memorandum issued by Ms. Weltzin, you were informed that employees are required to carry out the announced policies and programs of the Agency and to obey proper requests and directions of supervisors. Further, employees who fail to comply with supervisory decision and/or directives may be subject to appropriate disciplinary action, up to, and including removal.

1

*Plaintiff's Motion to Amend Complaint*
*Civil Action 05-2170 RPW*
*Attachment B*

**Specification #2:**

On March 23, 2005, a meeting was held involving Mr. Matthew McNamer, Park Ranger at the Park Headquarters office. You were not invited to attend the meeting. When Mr. McNamer informed Mr. Shultz that it was his intention to bring you, Mr. Timothy Olling, Park Ranger, and Mr. Michael Balis, Park Ranger as witnesses to the meeting, his request was denied. You were present during this conversation. Further, you were directed by Mr. Shultz to report to your assigned post to begin your visitor services work after his conversation with Mr. McNamer.

Although directed to report to your assigned duty post, you failed to comply with Mr. Shultz's directive. Instead, you proceeded to report to Park Headquarters to participate in Mr. McNamer's meeting.

**Specification #3:**

On March 23, 2005, after failing to comply with Mr. Shultz's directive as outlined in specification #3, you proceeded to Park Headquarters to attend the meeting with Mr. McNamer.

Upon your arrival at Park Headquarters, Ms. Rosanna Weltzin, Supervisory Park Ranger, informed you that you were excused from the meeting. Ms. Weltzin further directed you to report to the FDR Memorial. Ms. Weltzin then returned to the meeting with Mr. McNamer.

After the meeting had commenced I observed you "hanging out" at the entrance to the Park Headquarters office. Mr. Ollinger and Mr. Balis were also present. I approached you and asked if you had been directed to report to a site. The initial collective response was "no". I asked you a second time, the collective response received was that you had been directed to a site. You and your coworkers, then proceeded as originally directed.

Inasmuch as you did not immediately report to the site as directed by Ms. Weltzin, rather, you chose to delay your compliance and wait at Park Headquarters, you failed to comply with management's directives.

**Specification #4:**

On April 16, 2005, a complaint was lodged against you by Mr. Robert Marshall, Park Service Volunteer, regarding your actions in the WWII Contact Station. Allegedly, Mr. Marshall accused you of blocking his access to the Contact Station by locking the door and later blocking his path. Mr. Marshall stated that your reasoning was due to the fact that he was not in proper uniform.

After receiving Mr. Marshall's verbal complaint, Mr. Shultz stated that you called to inform him that Mr. Marshall had been disruptive at the Contact Station, blocking visitor access to the contact window and becoming disruptive when asked to move away to one side to allow access. Mr. Shultz stated that you denied blocking Mr. Marshall's access inside the Contact Station.

As a result of receiving the complaint, Mr. Shultz directed you to write a statement detailing the events involving Mr. Marshall.

You failed to comply with his directive.

2

### Specification #5:

On April 20, 2005, Mr. Shultz again directed you to write a statement detailing the events which occurred on April 16, 2005, involving Mr. Marshall. At that time, Mr. Shultz stated that you informed him that you refused to provide a written statement and that you were planning to include the incident in your on-going legal action against the National Park Service.

During the aforementioned exchange, Mr. Shultz stated that your tone of voice was disrespectful and that your attitude was confrontational.

Nonetheless, you failed to comply with Mr. Shultz's directive.

### Specification #6:

On or about July 21, 2005, you were given an SF-85, Background Investigation form and a Declaration for Federal Employment form to complete in compliance with Departmental mandated security requirements. The deadline for completion of the forms was July 29, 2005. After receiving your documents, you asked Mr. Harry Hagan, Supervisory Park Ranger, if completion of the documentation was mandatory or voluntary. Mr. Hagan sought clarification via Human Resources.

On July 3, 2005, Mr. Hagan met with you regarding the status of your submission of the security documents. On that date, Mr. Hagan directed you to complete the documents and submit them for processing. In response to your directive, you informed Mr. Hagan that you would submit the documents to your attorney. You further informed Mr. Hagan that you would only comply with the directive upon receiving approval from your attorney. Mr. Hagan documented your refusal to comply with his directive via memorandum dated August 3, 2005. You initialed receipt of the document.

You did not comply with Mr. Hagan's directive, as you failed to submit the required background investigation by the July 29, 2005, submission deadline.

### Specification #7:

On August 4, 2005, you were given a written official directive from Ms. Weltzin, directing you to complete the required security forms by close of business August 4, 2005.

You were further instructed that an employee commits insubordination if:
   a. a supervisor issues a direct order;
   b. the order is communicated to the employee; and
   c. the employee either refuses to comply with the order or, in fact, disobeys the order.

You were also reminded that you have the right to grieve any direction given; however, you must comply first, grieve later. You were reminded that the reasons you had provided to Mr. Hagan for not completing your forms (i.e., submission and approval of your personal attorney) did not constitute a justifiable reason for noncompliance. Finally, you were reminded that as an employee, you are not entitled to decide what directive you are to follow or when you choose to follow the directive.

3

On August 4, 2005, by close-of-business, you failed to submit the completed security forms, as directed. Thus, you failed to comply with Ms. Weltzin's directive.

On December 7, 2005, you were sent correspondence by Ms. Mary Crampton (Evans), notifying you that your background investigation submission was still outstanding. You were given a submission receipt date of December 23, 2005. You complied with this final notification.

*Charge #2: Failure to Obtain Supervisory Approval Prior to Leaving Your Assigned Post*

**Specification #1:**

On March 18, 2005, you left your assigned duty location and proceeded to the Survey Lodge to assist Mr. McNamer in a personal administrative matter. Upon his arrival, Mr. McNamer gave Mr. Shultz an envelope with Ms. Weltzin's name on it. You were present during this exchange.

In accordance with the February 16, 2005, Accountability Memorandum issued by Ms. Weltzin, you were informed that prior to leaving your post, other than lunch, you must contact your supervisor and request permission.

On March 18 2005, you failed to obtain supervisory authorization prior to leaving your assigned duty location. Instead you chose to abandon it and in doing so failed to ensure adequate coverage and maintain efficient visitor service.

**Specification #2:**

On March 30 2005, Ms. Weltzin instructed Mr. McNamer to report to her office immediately. He complied.

Upon Mr. NcNamer's arrival, Ms. Weltzin noticed that you had accompanied Mr. McNamer to the meeting. Ms. Weltzin asked you if you needed to speak with her. Ms. Weltzin stated that you informed her that you had come with Mr. McNamer. Ms. Weltzin then reminded you that you are not a Union Representative and that you were not invited to the meeting. Ms. Weltzin then directed you to return to your assigned duties which consisted of performing collateral correspondence duties. Your assignment of collateral duties did not require you to be in the vicinity of Ms. Weltzin's office.

On March 30, 2005, you failed to obtain supervisory authorization prior to leaving your assigned work location. Instead you chose to abandon it without authorization.

In proposing this suspension from your position as Park Ranger at National Mall and Memorial Parks, I have considered all of the charges and specifications listed above as well as the following factors described below.

I have taken into consideration the nature and seriousness of the offenses for which you have been charged and their relationship to your duties and responsibilities as a Park Ranger and the mission of the Service. As a Park Ranger, your primary responsibility is to provide quality visitor services.

4

When you left your post without supervisory permission, you created a gap in the continuum of quality visitor services. There was no one to fill the post in your absence.

Your continued conduct in refusing to comply with management's directives has seriously impaired your working relationship with management, and has rendered you an undependable employee. Further, your persistent failure to comply with management's directives has undermined management's authority. This cannot and will not be tolerated.

As an employee, you are given instructions and directions on a daily basis. You are required to carry out the policies and programs of the Department and to obey proper requests and directives of a supervisor. While policies or changes related to one's own work are under consideration, you may, and are expected to, express your professional opinion and point of view. However, once a decision has been rendered by management, you are expected to comply with the decision and work to ensure the success of programs or initiatives affected by the decision. Without compliance with management's directives, chaos ensues.

Employees are not permitted to decide what should or should not be done in a given situation. Employees are not entitled to disregard management's directives because the employee feels that the directive is foolish, unwise, or contrary to their wishes, desires, or feelings. Employees are not to decide when a directive is complied with nor are they to delay in completing their supervisor's directive. Employees are not permitted to tell a supervisor what they are going to do or when they plan to complete an assignment. Employees, when tasked with a directive for which they do not agree, are required to comply first, grieve later.

Your continued failure to follow your supervisor's instructions has created a serious disruption in the workplace. Your persistent behavior shows a pattern of disrespect and disregard for the authority of supervisory staff. Furthermore, your behavior displays an image which is contrary to maintaining proper order and direction of the work force. This sends a negative message and will not be tolerated. The Service cannot afford to have employees refusing to comply with a supervisor's directives. Supervisors are charged with ensuring that the mission is accomplished, maintaining proper control of the work environment, and assuring that the workforce conducts itself in a manner that promotes civility and respect while accomplishing core work. I find your repeated disregard of your supervisor's instructions a aggravating factor when determining the penalty to propose.

I have also taken into consideration your disciplinary history. Although you have not been formally disciplined in the past, I do not believe this overshadows the severity of your actions. Your failure to follow your supervisor's directives has caused a delay in the completion of work assignments and tasks, which has the ripple effect of impacting other duties from being assigned and completed. Additionally, your actions have caused work delays, work disruption, and has been a burden to your supervisor who must deal with your insolent behavior. Finally, your actions lessens your supervisor's trust in your ability, willingness, and commitment to carry out your assigned duties in a respectful and productive manner.

I have also taken into consideration your past work record and your length of service. Given the fact that you have over eight (8) years of service, I am confident that you are aware of the role of a supervisor and the appropriate action to take when a supervisor gives an employee a directive. Your eight (8) years of service does not overshadow the gross misconduct which you exhibited.

5

Further, in the event you were not clear regarding your responsibilities as it pertains to adherence to supervisory directives, the February 16, 2005, Accountability Memorandum clearly outlined your role and your responsibilities as an employee. Furthermore, you have been notified on multiple occasions of your requirement to comply with management's directives first, and then to grieve the directive later in situations which you do not concur with management's decision. Even after multiple verbal and written notifications and reminders, your defiant behavior has continued and become progressively worse. Thus, your length of service will not serve to offset the egregious nature of your conduct.

I have also taken into consideration your ability to get along with others and your dependability. Given your continued disregard for management's directives, your ability to get along with others has been significantly and negatively affected. Further, your disregard for management's directives which has caused work delays and disruption has deemed you an undependable employee. Management has lost confidence in your dependability due to your failure to follow directives and your continued insolent behavior.

In determining the appropriate penalty to propose, I reviewed the Agency's Table of Penalties. I have taken into consideration the past penalties imposed on other employees for the same or similar offenses. I am confident that a proposal for a forty-one (41) day suspension is fair, appropriate and consistent with past practice and fully deserving.

I have also taken into consideration the notoriety of your conduct and the impact on the Service's reputation. Your actions in which you left your post without obtaining supervisory approval had the result of diminishing the visitor services normally offered by the Service at that post. Inasmuch as visitor service is your primary responsibility, your actions have had a negative impact on the Division, the park and the Service.

I have also taken into consideration the clarity with which you were on notice of any rules violated in committing the offense. Inasmuch as you were given repeated verbal and written directives, which you chose to ignore, I am confident that you were fully informed of your responsibility in complying with your supervisor's directives and the repercussions. I consider your continued behavior after being repeatedly warned an aggravating factor.

As a result of your failure to obtain supervisory approval to leave your post, your supervisor was not afforded the opportunity to obtain coverage for your post during your absence. Thus, the level of visitor services was diminished as the post remained un-staffed with no one to provide direct services to the visiting pubic.

In summary, I have determined the following:

1) Your failure to follow you supervisor's directives warrants the penalty of a thirty-five (35) day suspension; and
2) Your failure to obtain supervisory approval prior to leaving your assigned post warrants the penalty of a six (6) day suspension.

If you wish to make an oral response, you may contact Ms. Mary Crampton, Human Resources Specialist, on (202)426-9299, within seven (7) days of receiving this proposal, in order to ensure that an appointment may be scheduled with Superintendent Keys within the 15-day response time.

6

Consideration will be given to extending this period if you submit a written request stating your reasons for desiring more time. Before making a decision on this proposal, full consideration will be given to any answer you submit.

You have the right to be represented by an attorney or other representative subject to 370 DM 752, 3.9. You will be allowed a reasonable amount of official time to review the material, secure affidavits, and prepare and/or present your answer. You should arrange for use of official time with your supervisor.

You have the right to review the material being relied upon to support the reasons for initiating this proposed action. If you and/or your representative wish to review the material upon which the proposal is based, you should contact Ms. Crampton. Review of this material must be made at National Mall & Memorial Parks Headquarters. You may also contact Ms. Crampton if you do not understand the reasons for this proposed action or if you wish a further explanation of the procedures being used to propose this action.

As soon as possible after your answer is received, or after expiration of the 15-day limit, if you do not answer, you will be given a written decision on this proposed action. You will be carried in an active duty status during this notice period.

If you are having personal problems which are a factor in your behavior as outlined above, I encourage you to contact Federal Occupational Health (FOH) Employee Assistance, the National Capital Region's Employee Assistance Program provider, at (800)222-0364, for free, confidential counseling and/or referral. FOH EAP services are available 24 hours per day, 7 days per week.

This notice is presented to you in person, and you are requested to sign in the space provided below acknowledging receipt of this proposal to suspend you from your position without pay. Your signature does not convey that you agree with the information contained in this notice. It also does not waive any of the rights afforded to you under the 1997 Agreement between the International Painters and Allied Trades and the Department of Interior, National Park Service. Refusing to sign the document will not delay the time limits established above. It will also not prevent the action from being taken.

_____
Employee Acknowledgement of Receipt                    Date Received