Source: Legal > Federal Legal - U.S. > Administrative Agency Materials > Individual Agencies > **Equal Employment Opportunity Commission Public Sector Decisions**
Terms: **george w/3 callahan** (Edit Search | Suggest Terms for My Search)

*2005 EEOPUB LEXIS 3793, **

**George** G. **Callahan**, Complainant, v. Gale A. Norton, Secretary, Department of the Interior, (National Park Service), Agency

Hearing No. 100-2001-07992X Appeal No. 01A43807 Agency No. FNP-01-018

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

2005 EEOPUB LEXIS 3793

August 3, 2005

**CORE TERMS:** promotion, ladder, career, reprisal, final order, promoted, offset, log, prima facie case, supervisor, articulated, automatic, protected activity, interpretative, retaliation, informal, talk, standard of review, substantial evidence, correctly, discriminated, inconsistencies, presentation, implemented, subjected, volunteer, certifier, mandatory, eligible, pretext

**ISSUEDBY:** [*1] For the Commission by Carlton M. Hadden, Director, Office of Federal Operations

**OPINION:**
DECISION

JURISDICTION

On May 18, 2004, complainant filed an appeal from the agency's final order concerning his equal employment opportunity (EEO) complaint of unlawful employment discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.

Following the agency's final order, complainant filed a timely appeal which the Commission accepts pursuant to 29 C.F.R. § 1614.405(a). On appeal, complainant requests that the Commission reverse the agency's acceptance and implementation of an EEOC Administrative Judge's (AJ) finding of no discrimination in violation of the ADEA. For the following reasons, the Commission AFFIRMS the agency's final order.

BACKGROUND

At the time of events giving rise to this complaint, complainant was a Park Ranger, GS-0025-5, with the National Park Service, National Capital Region, Washington, D.C. Complainant began work with the agency as a volunteer in 1991 and was hired as a seasonal Park Ranger in 1994. After the 1994 season ended, he returned to work as a volunteer. Thereafter, [*2] he applied for a position as a Park Ranger, GS-4, and was not selected. He filed an EEO complaint on the basis of age discrimination which was resolved in June of 1998 and as a result of the EEO settlement, after 90 days as a GS-4 Park Ranger, he was placed on a GS-5/7/9 career ladder as a GS-5 in October of 1998. Complainant testified that the agency was obliged to promote him to the GS-7 level in October of 1999, because he had been in grade for one year and new standards for career ladder promotion were not placed in effect until February of 2000 as a part of an agreement with the union.

Complainant's supervisor stated that complainant was not promoted to the GS-7

because he had not met the agency requirements for being promoted. The record reveals that the agency career ladder standards, issued September 1991, stated that career ladder promotions are, "not automatic or mandatory." The Administrative Officer testified that during 1999, there were numerous grievances filed regarding inconsistencies in Park Rangers career ladder promotions and some supervisors would not promote Park Rangers unless they had performed a formal talk that was taped and certified as correct by [*3] a certifier in Harper's Ferry, West Virginia. The agency negotiated new standards for career ladder promotions with the union which began in February 2000. Under the new standards, to advance from GS-5 to GS-7 required one year performing relevant duties at the GS-5 level, possessing sound interpersonal skills and completing an informal presentation (consisting of eight interpretative logs), a formal presentation and site checklists. The record reveals that as of May of 2002, complainant had finished his formal portion of the requirements but complainant conceded that he has never completed the informal portion of the requirements.

The record reveals that complainant missed extended periods of work due to illness, and the agency stated that he was erroneously paid for time he was not at work. Thereafter, the agency amended his time sheets and notified him that his pay was to be offset to correct the time sheet errors. Complainant contended that he received two offsets for the time period December 19, 1999, to January 1, 2000. He testified that he was at work during that time he had his pay offset. However, the supervisory logs reveal that complainant was absent during this period.

[*4] On August 29, 2000, complainant contacted an EEO counselor and filed a formal EEO complaint on December 11, 2000, alleging that the agency discriminated against him on the basis of reprisal for prior EEO activity (arising under the ADEA) when:

(1) he was not promoted to the GS-7 level; and,

(2) his wages were improperly offset.

At the conclusion of the investigation, complainant received a copy of the investigative report and requested a hearing before an EEOC Administrative Judge (AJ). Following a hearing, the AJ issued a decision finding no discrimination.

The AJ concluded that complainant established a *prima facie* case of reprisal because his supervisor was aware of his prior EEO activity and his denial of promotion took place within a year of his gaining knowledge of the prior EEO activity. Further, the AJ found that a *prima facie* case of reprisal could be established with respect to the salary offsets because they would be a continuation of a pattern of discrimination that began with the agency's denial of his promotion.

The AJ further concluded that the agency articulated legitimate, nondiscriminatory reasons for its actions. The AJ found that the agency stated [*5] that promotions were not automatic since there were requirements that Park Rangers needed to meet to be promoted from GS-5 to GS-7 which complainant did not meet. The AJ found that the agency stated that complainant was paid for days he was absent and in non-pay status, and his pay was offset for this reason.

The AJ found that complainant did not establish that more likely than not, the agency's articulated reasons were a pretext to mask unlawful retaliation. In reaching this conclusion, the AJ found that complainant had not shown that he had completed the requirements necessary to be promoted to the GS-07 level either before the February 2000, union agreement or afterwards. While the AJ found that there was confusion in the agency in late

1999 as to whether Park Rangers had to be certified by a certifier in Harpers Ferry, West Virginia, in order to be promoted on the career ladder, complainant still did not meet the requirements of the formal talk or information presentation (eight interpretative logs) at that time. In fact, he found that complainant had admitted he never completed the informal log requirements.

With respect to the offset of his pay, the AJ found that complainant [*6] argued that the agency did not produce the sign-in sheets for that period. However, the AJ noted that the agency produced the supervisor's log and leave requests showing that complainant was absent during the period in question.

FINAL AGENCY ACTION

The agency's final order accepted the AJ's finding that complainant was not discriminated against or subjected to a hostile work environment on the basis of reprisal. The agency's final order implemented the AJ's decision.

CONTENTIONS ON APPEAL

The complainant contends that the AJ erred in that, at the time he was eligible for promotion, the agency did not have any performance requirements for promotion from GS-5 to GS-7 in the Park Ranger position. Complainant states that he is not pressing his claim as to improper withholdings from his salary. The agency contends that complainant has submitted no new facts and that the AJ decision did not misapply relevant case law. The agency requests that we affirm its final order.

STANDARD OF REVIEW

Pursuant to 29 C.F.R. § 1614.405(a), all post-hearing factual findings by an AJ will be upheld if supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence [*7] as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 477 (1951) (citation omitted). A finding regarding whether or not discriminatory intent existed is a factual finding. See *Pullman-Standard Co. v. Swint*, 456 U.S. 273, 293 (1982). An AJ's conclusions of law are subject to a *de novo* standard of review, whether or not a hearing was held.

ANALYSIS AND FINDINGS

Complainant can establish a *prima facie* case of reprisal discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination. *Shapiro v. Social Security Administration*, EEOC Request No. 05960403 (December 6, 1996) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Specifically, in a reprisal claim, according with the burdens set forth in *McDonnell Douglas, Hochstadt v. Worcester Foundation for Experimental Biology*, 425 F. Supp. 318, 324 (D. Mass.), aff'd, 545 F.2d 222 (1st Cir. 1976), and *Coffman v. Department* [*8] *of Veteran Affairs*, EEOC Request No. 05960473 (November 20, 1997), complainant may establish a *prima facie* case of reprisal by showing that: (1) he engaged in a protected activity; (2) the agency was aware of his protected activity; (3) subsequently, he was subjected to adverse treatment by the agency; and (4) a nexus exists between the protected activity and the adverse treatment. *Whitmire v. Department of the Air Force*, EEOC Appeal No. 01A00340 (September 26, 2000).

Assuming, *arguendo*, that complainant established a *prima facie* case of reprisal with respect to his being denied a promotion from GS-5 to GS-7, we find that the AJ correctly concluded that the agency articulated a legitimate, nondiscriminatory reason for its denial of complainant's promotion. The agency stated that career ladder promotions were not

automatic and that complainant failed to meet the requirements for promotion under the old standards (prior to February 2000) as well as under the new standards implemented in February 2000.

While the complaint argues that there were no requirements for promotion prior to February of 2000, the record reveals otherwise. Career ladder promotions were not [*9] automatic or mandatory after the passage of one year as he contended. Only after obtaining the qualifications for promotion and the recommendation of their supervisor may a person be promoted up the career ladder. Further, testimony of record indicates that, prior to February 2000, the agency required that Park Rangers perform a formal talk and complete eight interpretative logs prior to being eligible for promotion from GS-5 to GS-7. While the record showed that there was some confusion and inconsistencies in promotion by managers over the implementation of the standards in late 1999, this does not establish that complainant was retaliated against. Complainant does not dispute that he never completed all the post-February 2000 requirements for promotion. The February 2000, agreement added more requirements which complainant never completed. We find that the AJ correctly found that complainant did not establish that more likely than not, the agency's articulated reasons were a pretext to mask unlawful retaliation.

With respect to issue (2), complainant does not raise this issue on appeal and so we decline to address it.

After a careful review of the record, the Commission finds that [*10] the AJ's findings of fact are supported by substantial evidence in the record, and that the AJ's decision referenced the appropriate regulations, policies, and laws. We conclude that complainant failed to present evidence that any of the agency's actions were in retaliation for complainant's prior EEO activity. We discern no basis to disturb the AJ's decision. Therefore, after a careful review of the record, including complainant's contentions on appeal, the agency's response, and arguments and evidence not specifically addressed in this decision, we affirm the agency's final order.

**LOAD-DATE:** August 19, 2005

Source: Legal > Federal Legal - U.S. > Administrative Agency Materials > Individual Agencies > **Equal Employment Opportunity Commission Public Sector Decisions**
Terms: **george w/3 callahan**  (Edit Search | Suggest Terms for My Search)
View: **Full**
Date/Time: Wednesday, October 18, 2006 - 4:35 PM EDT



About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.