EEOC
WASHINGTON FIELD OFFICE

2004 FEB 11  P 3:56   DEC 21 2000

1400 L ST NW
WASHINGTON D.C. 20005

EEOC
WASHINGTON FIEL[D]
2004 FEB 11 P
1400 L ST
WASHINGTON D.C.

Memorandum

To: Adam J. Cochran, Park Ranger, National Capital Parks - Central

From: Deputy Regional Director, National Capital Region

Subject: January 26, 2000, Grievance

On December 20, 1999, you received a decision regarding your July 1, 1999, grievance that granted you a retroactive promotion and subsequent back pay. On January 26, 2000, you submitted an appeal of your grievance decision citing several issues that you feel were not addressed;

1. The fact that your temporary time was not counted and applied as "time-in-grade" when considering the date that you should have received your promotion from the GS-05 to the GS-07.
2. The fact that you were not paid interest on the back pay that you did receive as a result of your retroactive promotion.
3. The fact that your increased salary would have resulted in a "longer" contribution period into your Thrift Saving Plan (TSP) account, and a larger amount of money being contributed, resulting in your receiving additional interest.

I would like to address each issue separately to ensure that all of your concerns are addressed thoroughly in order to attempt to come to closure on this matter.

**1. Temporary Time Counting Towards Time-In-Grade**

I find that in determining the date that you could have been promoted to the GS-07, we did not consider the time that you had previously served under two temporary appointments at the GS-05 level. The total service for the two appointments totals 12 months and 13 days.

You were hired under a Career Conditional Appointment at the GS-05 grade level and we support the fact that management has the right to hire at whatever grade level they feel would be in the best interest of the needs and mission of the National Park Service (NPS), and more specifically the National Capital Region (NCR).

Because you were hired into a Career Ladder Position, you were, however, eligible to be promoted to the GS-07 level within 90 days of your Career Conditional Appointment taking into consideration your prior service at the GS-05 level, your performance on the job and your supervisor's recommendation/approval.

The Code of Federal Regulations (CFR), Chapter 5, Part 335.104 states that: No employee shall receive a career ladder promotion unless his or her current rating of record under part 430 of this chapter is "Fully Successful"... (in your case, "Results Achieved"). In addition, no employee may receive a career ladder promotion who has a rating below "Fully Successful" on a critical element that is also critical to performance at the next higher grade of the career ladder.

Additionally, 370, DM Part 370, Chapter 335, Promotion and Internal Placement, Subchapter 2. Merit Promotion Policy, Letter C. Factors to be Considered in Promotion or Placement, states in part, ..."Consideration will be given to performance appraisals and incentive awards...

We noted that you were not officially considered for a GS-07 when you met the time-in-grade provisions. Absent any specific formal review we considered annual performance appraisals and felt that you were eligible for the promotion.

Taking these facts into consideration I am going to change the date of your retroactive promotion from May 17, 1999, to August 30, 1998, which is the beginning of the pay period after the date you were eligible.

In light of this decision, we want you to understand that the decision to include all of your previous service in determining the date that you were eligible to receive your promotion to the GS-07 is based upon the fact that your supervisors were operating under the understanding that the competencies were to be relied upon when determining an employee's eligibility for promotion. While the competencies provide a very positive tool in strengthening interpretive programs, supervisors must utilize other considerations in determining promotion eligibility. In an effort to move forward and address some inconsistencies in interpreting policies, we are providing credit for previous service. Obviously if the competencies had not been in place, management would have identified other tools and guidelines for measuring promotion eligibility.

We would also like it to be made clear that like all other promotions, promotion from the GS-07 to the GS-09 are not automatic or based solely on time in grade. Promotions to the GS-09 require that employees present a Curriculum Based Education Program audited by a supervisor or designee of the supervisor and either an Interpretive Writing, Conducted Activity or an Illustrated program judged to be successful by a supervisor or designee of the supervisor.

3

## 2. Interest on Back Pay

We have carefully considered as to whether or not interest should be applied to the retroactive pay you have received as a result of your prior grievance and the back pay that you will receive as a result of this most recent decision. In order to be sure that we were correctly applying and adhering to all applicable laws, rules, and regulations with regards to back pay, we have consulted with and solicited a legal opinion from one of the Senior Attorneys at the Office of the Solicitor, Division of General Law, Personnel Litigation and Civil Rights. As a result, it has been determined that we were, in fact correct in our position of not applying interest to the retroactive pay adjustment resulting from your grievance.

Because the retroactive promotions being offered as a result of your grievances are not mandatory but discretionary with the agency, and there is no requirement in law, regulation or the collective bargaining agreement mandating your promotion at any specific time under a career ladder merit promotion plan, any payments offered by the agency in settlement of your grievances are not considered "back pay" under the Back Pay Act (Act), and interest is not allowable.

## 3. Thrift Savings Plan Contributions

5 CFR § 1605.4 "Back pay awards and other retroactive pay adjustments" states under part (b)(1) ...the participant will only be entitled to makeup contributions for the period covered by back pay award or retroactive pay adjustment if, for that period, the participant had designated a percentage of basic pay to be contributed to the TSP or had designated a percentage of basic pay to be contributed to the TSP...

Accordingly, the agency will in accordance with part (b) section (2), shall "...compute the amount of additional employee contributions that would have been contributed to the participant's account had the action leading to the back pay award or other retroactive adjustment not occurred. The agency will also compute the amount of agency matching contributions and agency automatic (1%) contributions that would have been payable had the action not occurred."

When the Federal Personnel/Payroll System (FPPS) makes the adjustment to your pay to give you the monies that you would have earned had the promotion been given in 1998, it automatically computes the contributions that you would have made and deducts them from the retroactive pay adjustment and contributes them to the TSP. Additionally, when employee contributions are deducted from your retroactive pay adjustment, the agency automatically makes their contribution to the TSP. The makeup contributions (both employee and employer) associated with your back pay adjustment has been/will be reported by the agency for investment among the TSP investment fund(s) using your fund election in effect at the time the makeup contributions are made.

4

Since your back pay adjustment is not being made in accordance with Part 1606 Lost Earnings Attributable to Employing Agency Errors, you are not entitled to lost earnings on TSP contributions.

A review of your records in the FPPS system indicates that all TSP contributions were made retroactively and will accordingly be made for the promotion that will happen as a result of this decision.

If you are dissatisfied with this decision, you may request the Union to invoke arbitration in accordance with Article 7, Section 7-10 of the 1997 Labor Management Agreement between the National Park Service, National Capital Region, and the International Brotherhood of Painters and Allied Trades (IBPAT), Local 1997. Only the Union President or the Agency may invoke binding arbitration. A written request for binding arbitration must be forwarded by the Union to the Office of Employee and Labor Relations within 30 calendar days following the date of this decision. You may contact Mr. Reginald Barkley, President, IBPAT, Local 1997, at (202) 262-4784.

If you have any questions concerning this decision, please contact Ms. Michelle A. Stewart, Office of Employee and Labor Relations, at (202) 619-7247. If you have any questions about the implementation of this decision, please contact Consuella Joy, Administrative Officer, National Capital Parks - Central, at (202) 485-9869.

*[signature]*

bcc:

NACC - Connie Joy
AHR - Michelle Stewart
A - Reading File

Mstewart:mas:12/21/00:NACCGRIEVANCES\COCHRAN.DEC




# The Department of the Interior
## United States National Park Service
### National Capital Region
National Capital Parks-Central
The National Mall
900 Ohio Dr. SW
Washington D.C. 20024-2000

**MEMORANDUM**

December 27, 2000

To: Donna Donaldson, Chief of Interpretation and Visitor Services

Through: Lance Hatten, Site Manager

From: Duane Erwin, Supervisory Park Ranger

Subject: Promotion for Adam Cochran

I would like to recommend that Adam Cochran be promoted from a GS-07 to a GS-09 Park Ranger as soon as possible.

Adam has more than one year in grade as a GS-07 Park Ranger. Adam has demonstrated that he can perform the duties and requirements of GS-07 Park Ranger. He also performs his interpretive and operational duties at or above the requirements of his position. Adam helps to ensure a high quality of visitor experience by maintaining professional work standards. I have observed Adam providing formal and informal interpretation at all the park sites that meets the National Park Service standard. Adam is able to perform the duties of a Lead Ranger.

I have observed Adam provide a Conducted Activity that in my judgement meets the National Park Service standard for conducted activities. I have observed Adam provide an Education Program that in my judgement meets the National Park Service standard for curriculum based education programs. I believe Adam demonstrates the skills and abilities necessary to provide a quality interpretive experience for the visitors.

Adam Cochran is a competent Park Ranger and I believe that he is capable of performing at the GS-09 level.

To: The Supervisor of Adam Cochran
From: Adam Cochran, National Park Ranger, National Mall
Subject: Formal Grievance
Date: 7/1/99

I, Adam Cochran, am hereby filing a formal grievance. I am a GS-5 National Park Ranger and should immediately be made a GS-9 National Park Ranger with back pay.

I worked as a GS-5 National Park Ranger (seasonal) on the National Mall for over 1 years time doing the exact job I was later hired to: GS-5 National Park Ranger (career conditional permanent), which I have been for over 1 year now (see attachment A. SF50's)(as of this time I have still not been promoted, so the grievable item is "still occurring"). On every evaluation as both seasonal and permanent I have reached "Achieved," which is the highest rating, showing that I have been successfully doing what I have been hired to do (see attachment B: latest evaluation). United States Office of Personnel Management (which will be referred to from this point as OPM) states in their manual: Qualification Standards for General Schedule Positions (see attachment C) that to be hired as a GS-7, one needs only to have 1 year of "specialized experience." Specialized experience, in this document, is defined as, "Experience that equipped the applicant with the particular knowledge, skills, and abilities to perform successfully the duties of the position, and that is typically in or related to the work of the position to be filled. To be creditable, specialized experience must have been equivalent to at least the next lower grade level in the normal line of progression for the occupation in the organization." The 0025 National Park Ranger positions are GS-5/7/9, thus the "normal line of progression" from a GS-5 is a GS-7. Failure of the park to follow the instructions prescribed by OPM in this manual is a clear violation of Executive Order 11073 and Section 401 of the Federal Salary Reform Act of 1962 (Public Law 87-793; 76 Stat. 841-843 (see attachment D).

In addition to my time as a seasonal, I have also served over 1 year as a permanent National Park Ranger. In this position, I have done everything specified by OPM as being required for GS-5, 7, and 9 Rangers. In addition to the typical GS-9 work, I also often work as "Lead Ranger" and am in charge of various first aid assignments (see attachment E). I am currently meeting and performing the same job requirements as co-workers receiving GS-9 pay; therefor, I should be paid accordingly. Not doing so is a violation of the Equal Pay Act of 1963 29 USC 201 et seq. (Cornell Legal Information Institute). What is required for GS-5, 7, and 9 Rangers is specified in detail in OPM manual TS-75 Park Ranger Series GS-0025, Workforce Compensation and Performance Service Classification Programs Division, January 1999, HRCD-6 (see attachment F). Having met all these requirements, the only thing holding up my promotion to a higher GS level is that I have not been "certified." Nowhere in this OPM manual does it specify that being "certified" is a requirement. The reason is because it has not been approved by the Director of the National Park Service to be tied to promotions. The parks blatant refusal to follow the guidelines specified in this OPM manual is illegal and is a clear

violation of Executive Order 11073 and Section 401 of the Federal Salary Reform Act of 1962 (Public Law 87-793; 76 Stat. 841-843 (see attachment D).

"Certification," as defined by the National Capital Parks - Central, is defined as "completing informal logs, video taping a unified-theme talk, and having the two approved by an evaluator." I have completed my informal logs and have had them certified by an evaluator. I turned in a videotape of my Lincoln talk which 2 months later was determined "not certified." At that time I turned in another videotape of my new Lincoln talk. It has been 4 months now since I turned it in to my supervisor and I have just recently been informed that it "must have been lost." This, of course, is absolutely absurd and is considered "unacceptable performance" under 5 USC 432. The comments we receive from the evaluators are inconsistent and based on opinion. One evaluator will say the talk is good while another will say it has too many facts while yet even another will say it does not have enough facts. Out of good faith, I have participated in the competency program, but am paying the price for problems within the program that are beyond my control.

I am working on my competencies and will continue to do so, but holding up my promotion is illegal. The union for the National Park Service in Philadelphia fought against these illegalities and won. Our union members are prepared to do the same. At a training session held 11/3/93 for National Park Rangers at the Stephen T. Mather Training Center instructor David L. Larsen said, "It is not national policy to withhold promotion due to the slowness of the process. It can be a grievable thing," while another instructor, Debbie, said, "If you have submitted everything for the 5 + 7 levels, you will not be held back for your promotion to the 9 level. The important thing is to submit. If you have submitted, you will not be held back" (See attachment G). Per the specified grievance method, I am required to give 20 calendar days for a response. After that time, if work toward rectifying this situation has not been met, copies of this will be sent to GSA, OPM, Office of the Secretary of the Interior, Director of the National Park Service, and legal action/proceedings will begin. I look forward to your response and a quick settling of this matter.

Sincerely,

Adam Cochran, National Park Ranger
Tel. 202-483-3696 (home)
    202-426-6841 (work)