

# United States Department of the Interior

**NATIONAL PARK SERVICE**
National Capital Parks-Central
900 Ohio Drive, S.W.
Washington, D.C. 20024-2000

IN REPLY REFER TO:

SEP 2 2 2000

**Memorandum**

To:      S. Eric Pominville, Park Ranger, National Capital Parks - Central

From:     Consuella Joy, Administrative Officer, National Capital Parks - Central

Subject:   Correction to Grievance dated July 31, 2000

This memorandum is in response to the grievance response letter written on July 31, 2000, from Arnold Goldstein. The grievance contained an error that has been corrected in the attached letter. The previous letter stated, " Based on the review of the information cited above and all pertinent rules and regulations, it is my decision that your promotion be corrected to reflect promotion from Park Ranger, GS-025-07 to Park Ranger, GS-025-09 effective January 8, 2000. Your request to have your initial appointment corrected to reflect the Park Ranger, GS-025-07 effective May 18, 1998, is denied." However, this statement was an error. Attached you will find a grievance that reflects a change in this statement.





DEFENDANT'S EXHIBIT



United States Department of the Interior

NATIONAL PARK SERVICE
National Capital Parks-Central
900 Ohio Drive, S.W.
Washington, D.C. 20024-2000

IN REPLY REFER TO:

SEP 2 2 2000

Memorandum

To:        S. Eric Pominville, Park Ranger, National Capital Parks - Central

From:   Acting   Arnold Goldstein, Superintendent, National Capital Parks - Central

Subject:   Formal Grievance

This is in response to your January 3, 2000, grievance filed in accordance with Section 7-09, Step 02, Grievance Procedures, Labor Management Contract between the International Brotherhood of Painters and Allied Trades and the National Capital Region, National Park Service, Department of Interior. This grievance concerns a request for retroactive promotion and back pay due to interpretive competencies.

In making a decision on the case, we have given consideration to the following:
  1) Your official personnel folder
  2) Written supervisory recommendation for promotion
  3) National Park Service Merit Promotion Plan, FPM Chapter 35, 11a dated 9/91
  4) X-118 Qualifications Handbook for General Schedule Positions
  5) 5 CFR 550, Subpaart H, Sec. 550, 805-Back Pay
  6) Code of Federal Regulations; 330.102

In an effort to cover all matters of concern to you, I have grouped the issues into various categories as follows:

A) Promotion

In your grievance you have stated that based on your service computation date, you were eligible to be appointed to a Park Ranger GS-7 on your appointment date, May 18, 1998. In accordance with the Code of Federal Regulations; 330.101, Methods of Filling Vacancies, "An appointing officer may fill a position in the competitive service by any of the methods authorized in this chapter. He shall exercise his discretion in each personnel action.." You were offered the position of Park Ranger, GS-05, and accepted. It was not required that you be offered a position at only the grade level of your qualifications. Management can offer a position at a lower grade level than the applicant's qualification level.

The National Park Service Merit Promotion Plan, Chapter 335, 11.A requires the following standards to be met for successive career promotions of an employee in an identified career ladder position:

1) Employee entered the occupation competitively with the full performance level made known to all candidates;
2) Meets qualifications requirements; and
3) Demonstrates ability to perform at the next higher level.

The plan further states, "Promotion of a person occupying a position in a career ladder is not automatic or mandatory. A person may be promoted only upon attaining the qualifications required for promotion and with the recommendation of the supervisor."

The X-118, Qualifications Standards for positions under the General Schedule requires the completion of one year of specialized experience equivalent to the next lower grade level for promotion from one level to the next.

Specialized experience is derived from the Park Ranger, GS-025 classification standards and the position description. The GS-07 Park Ranger is required to develop interpretive programs, select the most appropriate ways to impact information to visitors, and give a first-hand experience to the visitors. Audits, coaches, and other rangers in the interpretive program develop interpretive materials such as pamphlets, exhibits, and signs. The GS-09 Park Ranger develops and presents surveys, lectures, multi-media shows, structured and impromptu tales, guided tours, on and off-site programs to schools, community groups, etc., employing appropriate interpretive techniques and devices geared to the characteristics and interests of particular audiences. The ranger also participates in planning the interpretive program and providing direction and training to rangers in the implementation and obligation of interpretive materials.

In response to your grievance, Mr. Lee Werst, your supervisor, recommended that you be promoted from a Park Ranger, GS-025-07 to a Park Ranger, GS-025-09 effective January 8, 2000.

Mr. Werst has determined that you were rated as "Achieved" on your Employee Performance Plan and Results Report for the last period. He also stated that you met the NPS standards for both conducted activities and education programs. According to Mr. Werst, you perform all your duties at or above the requirements of your position. You also have demonstrated the ability to make accurate and appropriate decisions regarding your work site.

Based on the review of the information cited above and all pertinent rules and regulations, it is my decision that your records be corrected to reflect a promotion from Park Ranger GS-025-05 to Park Ranger GS-025-07 effective August 16, 1998. In addition, your records will be changed to reflect a promotion to a Park Ranger GS-025-09 effective January 9, 2000. Your request to have your initial appointment corrected to reflect the Park Ranger GS-025-07, effective May 18, 1998, is denied.

All monies involved in this decision will be paid via regular bi-weekly payroll methods, with appropriate tax deductions being made. Monies will be paid in a lump sum, and will be reflected in the adjustment column of your leave and earnings statement. We anticipate payment to be made by pay period 2000-18 (pay date of September 7, 2000), unless the complexity of the payment requires manual intervention by the Denver Payroll Office. If payment is not received by September

7, 2000, please contact Ms. Mary Luppino at (202)426-9299.

B) Back Pay With Interest

The settlement of your grievance is not covered under the provisions of Back Pay, 5 U.S.C. 5596 (6)(1)(2)(A) and (4). Because your promotion is not mandatory but discretionary with the Agency, and there is no requirement in law, regulation, or the collective bargaining agreement mandating the promotion at any specific time any payments offered by the Agency in settlement of your grievance would not be considered "Back Pay" under the Back Pay Act. Therefore, your request for interest has been denied.

If my decision is not satisfactory, you may submit a grievance in writing to Mr. Terry Carlstrom, Regional Director, within fifteen (15) calendar days after receipt of this decision.

*Vicki Keys* (signature)

```
Author:  Donna Donaldson at NP-NACC
Date:    07/24/2000  10:14 AM
Normal
TO: Connie Joy
Subject: Re:old staff stuff
```
------------------------------------ Message Contents

*Republish letter with Bob as Husband is ut this will suffice for now.*

*CJoy 7/27/00*

    Here's the answer on Eric.
    djd

_____Forward Header_____
```
Subject: Re:old staff stuff
Author:  Suzanne Kelley at NP--NCR
Date:    7/23/00  10:31 AM
```

    good news

_____Forward Header_____
```
Subject: Re:old staff stuff
Author:  Sue Hansen at NP-PAIS-VC
Date:    07/21/2000  10:27 AM
```

Suzanne,

In my opinion, Eric Pominville is a knowledgeable and well-experienced interpreter and assuming the 171 and references checked out, I think Eric was ready to be promoted to the GS-7 after the three months probationary period. He worked very hard on his competencies and the informal logs were nominated for an anchor. I remember Loren telling me that it took Eric a long time to send in his formal program because Eric wanted everything to be perfect so the tape would pass the first time it was submitted. Does this help?

Bob has been transferred to the rehabilitation center and is working on getting his strength back and learning the skills he needs in order to come home. We are anticipating, if all goes well, that Bob could be discharged in two to three weeks. Please thank everyone for all their prayers and good wishes. I know it has helped in Bob's recovery.

I have my fingers crossed for Melissa and Loren! Keep me posted, please.

Sue

_____Reply Separator_____
```
Subject:  old staff stuff
Author: Suzanne Kelley
Date:       07/20/2000  2:12 PM
```

    We are completing the promotions for the rangers needed some
    information on Eric Pominville. Duane won't be back until Sunday and
    donna wanted to get all the letters out together.

    Eric came to the Mall with experience as a GS 5. Assuming a 3 month
    "probationary" period so we could be sure he (or she as the case may
    be) was all the 171 and references said they would be, when do you
    think Eric was ready for promotion to the 7?

    You may not have been his supervisor all the time but you must have
    had him some of the time! Any information you have would be helpful.

P4021 (NCR-A)

DEC 2 2 2000


Memorandum

To:         S. Eric Pominville, Park Ranger, National Capital Parks - Central

From:       Deputy Regional Director, National Capital Region

Subject:    August 15, 2000, Grievance

On July 31, 2000, you received a decision regarding your January 3, 2000, grievance that granted you a retroactive promotion to the GS-09 effective January 8, 2000, with retroactive pay, and denied your request to have your initial appointment corrected to reflect your being appointed at the GS-07 level.

In that your current grievance does not clearly state specific relief being sought, we are attempting to provide you with answers to questions raised in your letter. I believe that the issues at hand are twofold;

1. You should have been initially appointed at the GS-07 level based upon your 10 months of previous service as a Park Ranger GS-07.

2. Based upon your request to have your initial appointment retroactively changed to reflect appointment at the GS-07 grade, your promotion to the GS-09 retroactive to July of 1999, which is approximately 1 year after you would have been appointed at the GS-07 level.

I would like to address each issued separately to ensure that each of your concerns is dealt with thoroughly in order to attempt to come to closure on this matter.

**1. Appointment to the GS-07 Upon Your Initial Appointment**

As stated in Superintendent Goldstein's July 31, 2000 letter, which cites the Code of Federal Regulations Chapter 5 Part §330.101 "An appointing officer may fill a position in the competitive service by any of the methods authorized in this chapter. He shall exercise his discretion in each personnel action..."

2

We support the fact that management has the right to hire at whatever grade they feel would be in the best interest of the needs and mission of the National Park Service (NPS), and more specifically the National Capital Region (NCR). The decision to accept the GS-05 position that was offered to you was yours alone.

Because you were hired into a Career Ladder Position, you were, however, eligible to be promoted to the GS-07 level within 90 days of your Career Conditional Appointment taking into consideration your prior service at the GS-07, your performance on the job and your supervisor's recommendation and subsequent approval.

Subsequent to the date of this letter, we have learned that you were in fact granted a retroactive promotion to the GS-07 level effective August 16, 1998, which is 90 days after your Career Conditional Appointment. As a result, I feel that the relief that you seek has been granted.

In light of the recent decision to provide you with a retroactive promotion to the GS-07 level, we want to ensure that you understand that the decision to include your previous service in determining the date that you were eligible to receive your promotion to the GS-07 is based upon the fact that your supervisors were operating under the understanding that the competencies were to be relied upon when determining an employee's eligibility for promotion. While the competencies provide a very positive tool in strengthening interpretive programs, supervisors must utilize other considerations in determining promotion eligibility. In an effort to move forward and address some inconsistencies in interpreting policies, we are providing credit for previous service. Obviously if the competencies had not been in place, management would have identified other tools and guidelines for measuring promotion eligibility.

**2. Promotion to the GS-09 One Year After Your Promotion to the GS-07**

Your promotion from the GS-07 to the GS-09 would not have been automatic or based solely on time in grade. Promotions to the GS-09 require that employees present a Curriculum Based Education Program audited by a supervisor or designee of the supervisor and either an Interpretive Writing, Conducted Activity or an Illustrated Program judged to be successful by a supervisor or designee of the supervisor.

During the course of investigating the merits of your grievance we made inquiries regarding your presentation of a Curriculum Based Education Program (Program). While we are aware that you have presented several programs throughout your tenure with the NCR and other Regions within the NPS, it was determined that you did not have your Programs audited or evaluated by a supervisor.

Your previous supervisor, Mr. Lee Werst, has recommended that you completed the Education Program requirements and the Conducted Activity Requirement and should have been promoted to a grade GS-09 effective January 8, 2000. A review of your records in the Federal Personnel Payroll System indicate that you were, in fact, promoted to the GS-09 effective

January 8, 2000. Therefore, your request for retroactive promotion to the GS-09 effective July 1999, is denied.

If you are dissatisfied with this decision, you may request the Union to invoke arbitration in accordance with Article 7, Section 7-10 of the 1997 Labor Management Agreement between NPS, NCR, and the International Brotherhood of Painters and Allied Trades (IBPAT), Local 1997. Only the Union President or the Agency may invoke binding arbitration. A written request for binding arbitration must be forwarded by the Union to the Branch of Employee and Labor Relations within 30 calendar days following the date of this decision. You may contact Mr. Reginald Barkley, President, IBPAT, Local 1997, at (202) 262-4784.

If you have any questions concerning this decision, please contact Ms. Michelle A. Stewart, Office of Employee and Labor Relations, at (202) 619-7247. If you have any questions about the implementation of this decision, please contact Consuella Joy, Administrative Officer, National Capital Parks - Central, at (202) 485-9869.

*Joseph M Lawler*

bcc:

NACC - Connie Joy
AHR - Michelle Stewart
A - Reading File

MStewart:mas:12/15/00:NACCGRIEVANCES\POMINVILLE.DEC