

# United States Department of the Interior

**NATIONAL PARK SERVICE**
National Capital Parks–Central
900 Ohio Drive, S.W.
Washington, D.C. 20024–2000

IN REPLY REFER TO:

July 13, 2000

To:  Christina Stanczak

From:  Arnold Goldstein, Superintendent

Subject:  Formal Grievance

This is in response to your December 27, 1999 grievance filed in accordance with section 7-09, Step 02, Grievance Procedures, Labor Management Contract between the International Brotherhood of Painters and Allied Trades and National Capital Region, National Park Service, Department of the Interior.  This grievance concerns a request for retroactive promotion and back pay due to interpretive competencies.

In making a decision on the case, we have given consideration to the following:
1)  Your official personnel folder
2)  Written supervisory recommendation for promotion.
3)  National Park Service Merit Promotion Plan, FPM Chapter 35, 11a dated 9/91
4)  X-118 Qualifications Handbook for General Schedule Positions
5)  5 CFR 550, Subpart H. Sec 550, 805-Back Pay
6)  Code of Federal Regulations; §330.102

In an effort to cover all matters of concern to you, I have grouped the issues into various categories as follows:

A)  Promotion:

In your grievance you have stated that based on your SF-50's, you were due for promotion to the GS-7 on January 17, 1999 and to the GS-09 on January 17, 2000.  In addition you have stated that you have submitted and passed the following competencies: Module 10, Demonstrating Informal Interpretation; Module 10, Preparing and Preventing an Effective Interpretive Talk; Module 230, Interpretive Writing.  You have also submitted for certification Module 270, Education Program; Module 311; Interpretive Media Development; and Module330, Training and Coaching.  You further assert that you have served on a regular basis as Lead Ranger and have been detailed to Millennium Duty demonstrating you can perform at the next grade level.

DEFENDANT'S EXHIBIT

The National Park Service Merit Promotion Plan, Chapter 335,11.a requires the following standards to be met for successive career promotions of an employee in an identified career ladder position:

1) Employee entered the occupation competitively with the full performance level made known to all candidates;
2) Meets qualifications requirements; and
3) Demonstrates ability to perform at the next higher level.

The plan further states, "Promotion of a person occupying a position in a career ladder is not automatic or mandatory. A person may be promoted only upon attaining the qualifications required for promotion and with the recommendation of the supervisor."

The X-118, Qualifications Standards for positions under the General Schedule requires the completion of one year of specialized experience equivalent to the next lower grade level for promotion from one level to the next.

Specialized experience is derived from the Park Ranger, GS-025 classification standards and the position description. The GS-07 Park Ranger is required to develop interpretive programs, select the most appropriate ways to impact information to visitors, and give a first-hand experience to the visitors. Audits, coaches, and other rangers in the interpretive program develop interpretive materials such as pamphlets, exhibits, and signs. The GS-09 Park Ranger develops and presents surveys, lectures, multi-media shows, structured and impromptu tales, guided tours, on and off-site programs to schools, community groups, etc., employing appropriate interpretive techniques and devices geared to the characteristics and interests of particular audiences. The ranger also participates in planning the interpretive program and providing direction and training to rangers in the implementation and obligation of interpretive materials.

A review of your Official Personnel Folder resulted in the following: you were appointed at NACC on June 1, 1998 to a Park Ranger, GS-025-05 with full performance level of Park Ranger, GS-025-09. On January 17, 1999 you were granted a written grade increase from Park Ranger, GS-025-05/01 to GS-025-05/02. On July 18, 1999, you were promoted to Park Ranger, GS-025-07/2.

In response to your grievance, Susan Hansen, your supervisor, recommended that you be promoted from a Park Ranger,GS-025-05 to GS-025-07 effective June 4, 1999. However, Ms. Hansen did not recommend your promotion to the GS-025-09 at this time. Ms. Hansen stated, "your curriculum based education programs and specifically the interactive educational activities that reinforce the information presented need to be significantly improved."

Based on the review of the information cited above and all pertinent rules and regulations, it is my decision that your promotion actions be corrected to reflect

promotion from Park Ranger, GS-025-05 to Park Ranger, GS-025-07 effective June 6, 1999. However, based on supervisory recommendation, I cannot grant your relief to be promoted to the GS-025-09 level at this time.

All monies involved in this decision will be paid via regular bi-weekly payroll methods, with appropriate tax deductions being made. Monies will be paid in a lump sum, and will be reflected in the adjustment column of your leave and earnings statement. We anticipate payment to be made by pay period 2000-18 (pay date of September 7, 2000), unless the complexity of the payment requires manual intervention by the Denver Payroll Office. If payment is not received by September 7, 2000, please contact Ms. Mary Luppino at (202) 426-9299.

B)  Back Pay

The settlement of your grievance is not covered under the provisions of Back Pay, 5 U.S.C. 5596 (6)(1)(2)(A) and (4). Because your promotion is not mandatory but discretionary with the agency, and there is no requirement in law regulation or the collective bargaining agreement mandating the promotion at any specific time, any payments offered by the agency in settlement of your grievance would not be considered "Back Pay" under the Back Pay Act. Therefore, your request for interest has been denied.

If my decision is not satisfactory, you may submit a grievance in writing to Terry Carlstrom, Regional Director, within fifteen (15) calendar work days after receipt of this decision.

**MEMORANDUM**

March 2, 2000

To: Suzanne Kelley, Acting Site Manager

From: Sue Hansen, Supervisory Park Ranger

Subject: Christina Stanczak's Promotion

I would like to recommend that Christina Stanczak be promoted
from a GS-5 to a GS-7 Park Ranger to be effective as of June 4,
1999.

Christina has at least one year in grade as a GS-5 Park Ranger.
Christina has demonstrated that she can perform the duties and
requirements of GS-5 Park Ranger in the Division of
Interpretation.  She has successfully demonstrated that she
perform effective informal interpretation.  She has demonstrated
she can present formal interpretive programs that meet the
National Park Service standards for Interpretation. As of June
4,1999, I felt she demonstrated the skills and abilities
necessary to provide a quality interpretive experience for the
visitors.

Christina performs all her interpretive and operational duties at
or above the requirements of her position.  She helps to ensure a
high quality of visitor experience by maintaining professional
work standards and continuing to educate herself about the
monuments and memorials of this park. She provides formal and
informal interpretation at all the park sites.  She has been
selected to provide the interpretation for the VIP tour for the
Make-A-Wish Foundation.

Christina Stanczak is an excellent employee and I believe that
she is fully capable of performing at the GS-7 level and I
recommend her promotion to the GS-7.

However, I do not recommend that Christina be promoted to the GS-

9 level at this time.  She has not completely demonstrated the ability to perform at the GS-7 level.  Her curriculum based education programs and specifically the interactive educational activities that reinforce the information presented need to be significantly improved.  Christina is able to perform the duties of a Lead Ranger and she has successfully met the standards of the National Park Service for interpretive writing.