

# United States Department of the Interior

NATIONAL PARK SERVICE
National Capital Parks–Central
900 Ohio Drive, S.W.
Washington, D.C. 20024-2000

IN REPLY REFER TO:

July 13, 2000

To:        Kathryn Williams

From:      Arnold Goldstein, Superintendent

Subject:   Formal Grievance

This is in response to your January 8, 2000 grievance filed in accordance with section 7-09, Step 02, Grievance Procedures, Labor Management Contract between the International Brotherhood of Painters and Allied Trades and National Capital Region, National Park Service, Department of the Interior. This grievance concerns a request for retroactive promotion and back pay due to interpretive competencies.

In making a decision on the case, we have given consideration to the following:
1) Your official personnel folder
2) Written supervisory recommendation for promotion.
3) National Park Service Merit Promotion Plan, FPM Chapter 35, 11a dated 9/91
4) X-118 Qualifications Handbook for General Schedule Positions
5) 5 CFR 550, Subpart H. Sec 550, 805-Back Pay
6) Code of Federal Regulations; §330.102

In an effort to cover all matters of concern to you, I have grouped the issues into various categories as follows:

A) Promotion:

In your grievance, you stated that based on prior service, you were eligible to be appointed to a Park Ranger, GS-025-07 on your appointment date. In accordance with the Code of Federal Regulation; §330.101, Methods of Filling Vacancies, "An appointing officer may fill a position in the competitive service by any of the methods authorized in this chapter. He shall exercise his discretion in each personnel action...." You were offered the position of Park Ranger, GS-05 and accepted. It was not required that you be



DEFENDANT'S EXHIBIT
11K

offered a position at only the grade level of your qualifications. Management can offer a position at a lower grade level than the applicant's qualification level.

The National Park Service Merit Promotion Plan, Chapter 335,11.A requires the following standards to be met for successive career promotions of an employee in an identified career ladder position:

1) Employee entered the occupation competitively with the full performance level made known to all candidates;
2) Meets qualifications requirements; and
3) Demonstrates ability to perform at the next higher level.

The plan further states, " Promotion of a person occupying a position in a career ladder is not automatic or mandatory. A person may be promoted only upon attaining the qualifications required for promotion and with the recommendation of the supervisor."

The X-118, Qualifications Standards for positions under the General Schedule requires the completion of one year of specialized experience equivalent to the next lower grade level for promotion from one level to the next.

Specialized experience is derived from the Park Ranger, GS-025 classification standards and the position description. The GS-07 Park Ranger is required to develop interpretive programs, select the most appropriate ways to impact information to visitors, and give a first-hand experience to the visitors. Audits, coaches, and other rangers in the interpretive program develop interpretive materials such as pamphlets, exhibits, and signs. The GS-09 Park Ranger develops and presents surveys, lectures, multi-media shows, structured and impromptu tales, guided tours, on and off-site programs to schools, community groups, etc., employing appropriate interpretive techniques and devices geared to the characteristics and interests of particular audiences. The ranger also participates in planning the interpretive program and providing direction and training to rangers in the implementation and obligation of interpretive materials.

In response to your grievance, Wayne Braxton, your supervisor, recommended that you be promoted from a Park Ranger, GS-025-05 to a Park Ranger, GS-025-07 effective December 1, 1998 and to the Park Ranger, GS-025-09 effective December 1, 1999.

Based on the review of the information cited above and all pertinent rules and regulations, it is my decision that your promotion to the Park Ranger, GS-025-07 be corrected to be effective on December 1, 1998. You will also be promoted to Park Ranger, GS-025-09 effective December 1, 1999.

All monies involved in this decision will be paid via regular bi-weekly payroll methods, with appropriate tax deductions being made. Monies will be paid in a lump sum, and will be reflected in the adjustment column of your leave and earnings statement. We anticipate payment to be made by pay period 2000-18 (pay date of September 7, 2000),

unless the complexity of the payment requires manual intervention by the Denver Payroll Office. If payment is not received by September 7, 2000, please contact Ms. Mary Luppino at (202) 426-9299.

B) Back Pay

The settlement of your grievance is not covered under the provisions of Back Pay, 5 U.S.C. 5596 (6)(1)(2)(A) and (4). Because your promotion is not mandatory but discretionary with the agency, and there is no requirement in law regulation or the collective bargaining agreement mandating the promotion at any specific time, any payments offered by the agency in settlement of your grievance would not be considered "Back Pay" under the Back Pay Act. Therefore, your request for interest has been denied.

If my decision is not satisfactory, you may submit a grievance in writing to Terry Carlstrom, Regional Director, within fifteen (15) calendar work days after receipt of this decision.

*[signature]*

# Memorandum

March 3, 2000

To: Suzanne Kelley, Acting Site Manager

From: Wayne Braxton, Supervisory Park Ranger

Subject:: Promotion of Kathryn Williams

I would like to recommend that Kathryn Williams' promotion from a GS-5 to a GS-7 Park Ranger to be effective as of December 1, 1998. Kathryn was reinstated as a GS-5/04 Park Ranger on April 28, 1998. Additionally, I would like to recommend that her promotion to GS-9 be made effective December 1, 1999.

I consulted with her previous supervisor, Loren Goering, about her conduct and performance. Kathryn achieved in all elements of her performance appraisal. The only element delaying her promotion was the response from the Interpretive Development Program. In my opinion she met the standards for effective informal interpretation when she submitted logs for review on September 30, 1998.

Kathryn was audited at the Franklin Delano Roosevelt Memorial in September 1998. At that time her interpretive presentation was nearing the standards for a formal interpretive program. At a subsequent audit in November 1998 her supervisor noticed marked improvement in her program and determined that it met the standards.

For promotion to the GS-9 level Kathryn needed to develop and present curriculum based education programs. She demonstrated her ability to do so prior to December 1999. Kathryn also demonstrated mastery of interpretive writing in January 1999 when she submitted an interpretive article for evaluation.

Kathryn possesses superior interpretive ability. She has developed knowledge of the park subjects. Kathryn has demonstrated the ability to utilize a variety of interpretive skills in connecting the resource to the visitors. Kathryn has performed at the GS-5 level (Trainee Park Ranger) and at the GS-7 level (Developmental Park Ranger) and is fully capable of performing at the GS-9 level (Full Performance Ranger).