**EXHIBIT 7**

EEOC
WASHINGTON FIELD OFFICE

2004 FEB 11  P 3: 56   DEC 21 2000

1400 L ST NW
WASHINGTON D.C. 20005

EEOC
WASHINGTON FIELD

2004 FEB 11  P

1400 L ST N
WASHINGTON D.C.

Memorandum

To:        Adam J. Cochran, Park Ranger, National Capital Parks - Central

From:    DEPUTY Regional Director, National Capital Region

Subject:    January 26, 2000, Grievance

On December 20, 1999, you received a decision regarding your July 1, 1999, grievance that granted you a retroactive promotion and subsequent back pay.   On January 26, 2000, you submitted an appeal of your grievance decision citing several issues that you feel were not addressed;

1.  The fact that your temporary time was not counted and applied as "time-in-grade" when considering the date that you should have received your promotion from the GS-05 to the GS-07.
2.  The fact that you were not paid interest on the back pay that you did receive as a result of your retroactive promotion.
3.  The fact that your increased salary would have resulted in a "longer" contribution period into your Thrift Saving Plan (TSP) account, and a larger amount of money being contributed, resulting in your receiving additional interest.

I would like to address each issue separately to ensure that all of your concerns are addressed thoroughly in order to attempt to come to closure on this matter.

## 1.  Temporary Time Counting Towards Time-In-Grade

I find that in determining the date that you could have been promoted to the GS-07, we did not consider the time that you had previously served under two temporary appointments at the GS-05 level.  The total service for the two appointments totals 12 months and 13 days.

You were hired under a Career Conditional Appointment at the GS-05 grade level and we support the fact that management has the right to hire at whatever grade level they feel would be in the best interest of the needs and mission of the National Park Service (NPS), and more specifically the National Capital Region (NCR).

Agency

EXHIBIT

2 a

Because you were hired into a Career Ladder Position, you were, however, eligible to be promoted to the GS-07 level within 90 days of your Career Conditional Appointment taking into consideration your prior service at the GS-05 level, your performance on the job and your supervisor's recommendation/approval.

The Code of Federal Regulations (CFR), Chapter 5, Part 335.104 states that: No employee shall receive a career ladder promotion unless his or her current rating of record under part 430 of this chapter is "Fully Successful"... (in your case, "Results Achieved"). In addition, no employee may receive a career ladder promotion who has a rating below "Fully Successful" on a critical element that is also critical to performance at the next higher grade of the career ladder.

Additionally, 370, DM Part 370, Chapter 335, Promotion and Internal Placement, Subchapter 2. Merit Promotion Policy, Letter C. Factors to be Considered in Promotion or Placement, states in part, ..."Consideration will be given to performance appraisals and incentive awards...

We noted that you were not officially considered for a GS-07 when you met the time-in-grade provisions. Absent any specific formal review we considered annual performance appraisals and felt that you were eligible for the promotion.

Taking these facts into consideration I am going to change the date of your retroactive promotion from May 17, 1999, to August 30, 1998, which is the beginning of the pay period after the date you were eligible.

In light of this decision, we want you to understand that the decision to include all of your previous service in determining the date that you were eligible to receive your promotion to the GS-07 is based upon the fact that your supervisors were operating under the understanding that the competencies were to be relied upon when determining an employee's eligibility for promotion. While the competencies provide a very positive tool in strengthening interpretive programs, supervisors must utilize other considerations in determining promotion eligibility. In an effort to move forward and address some inconsistencies in interpreting policies, we are providing credit for previous service. Obviously if the competencies had not been in place, management would have identified other tools and guidelines for measuring promotion eligibility.

We would also like it to be made clear that like all other promotions, promotion from the GS-07 to the GS-09 are not automatic or based solely on time in grade. Promotions to the GS-09 require that employees present a Curriculum Based Education Program audited by a supervisor or designee of the supervisor and either an Interpretive Writing, Conducted Activity or an Illustrated program judged to be successful by a supervisor or designee of the supervisor.

3

## 2.  Interest on Back Pay

We have carefully considered as to whether or not interest should be applied to the retroactive pay you have received as a result of your prior grievance and the back pay that you will receive as a result of this most recent decision.   In order to be sure that we were correctly applying and adhering to all applicable laws, rules, and regulations with regards to back pay, we have consulted with and solicited a legal opinion from one of the Senior Attorneys at the Office of the Solicitor, Division of General Law, Personnel Litigation and Civil Rights.  As a result, it has been determined that we were, in fact correct in our position of not applying interest to the retroactive pay adjustment resulting from your grievance.

Because the retroactive promotions being offered as a result of your grievances are not mandatory but discretionary with the agency, and there is no requirement in law, regulation or the collective bargaining agreement mandating your promotion at any specific time under a career ladder merit promotion plan, any payments offered by the agency in settlement of your grievances are not considered "back pay" under the Back Pay Act (Act), and interest is not allowable.

## 3.  Thrift Savings Plan Contributions

5 CFR § 1605.4 "Back pay awards and other retroactive pay adjustments" states under part (b)(1) ...the participant will only be entitled to makeup contributions for the period covered by back pay award or retroactive pay adjustment if, for that period, the participant had designated a percentage of basic pay to be contributed to the TSP or had designated a percentage of basic pay to be contributed to the TSP...

Accordingly, the agency will in accordance with part (b) section (2), shall  "...compute the amount of additional employee contributions that would have been contributed to the participant's account had the action leading to the back pay award or other retroactive adjustment not occurred.  The agency will also compute the amount of agency matching contributions and agency automatic (1%) contributions that would have been payable had the action not occurred."

When the Federal Personnel/Payroll System (FPPS) makes the adjustment to your pay to give you the monies that you would have earned had the promotion been given in 1998, it automatically computes the contributions that you would have made and deducts them from the retroactive pay adjustment and contributes them to the TSP.   Additionally, when employee contributions are deducted from your retroactive pay adjustment, the agency automatically makes their contribution to the TSP.   The makeup contributions (both employee and employer) associated with your back pay adjustment has been/will be reported by the agency for investment among the TSP investment fund(s) using your fund election in effect at the time the makeup contributions are made.

4

Since your back pay adjustment is not being made in accordance with Part 1606 Lost Earnings Attributable to Employing Agency Errors, you are not entitled to lost earnings on TSP contributions.

A review of your records in the FPPS system indicates that all TSP contributions were made retroactively and will accordingly be made for the promotion that will happen as a result of this decision.

If you are dissatisfied with this decision, you may request the Union to invoke arbitration in accordance with Article 7, Section 7-10 of the 1997 Labor Management Agreement between the National Park Service, National Capital Region, and the International Brotherhood of Painters and Allied Trades (IBPAT), Local 1997. Only the Union President or the Agency may invoke binding arbitration. A written request for binding arbitration must be forwarded by the Union to the Office of Employee and Labor Relations within 30 calendar days following the date of this decision. You may contact Mr. Reginald Barkley, President, IBPAT, Local 1997, at (202) 262-4784.

If you have any questions concerning this decision, please contact Ms. Michelle A. Stewart, Office of Employee and Labor Relations, at (202) 619-7247. If you have any questions about the implementation of this decision, please contact Consuella Joy, Administrative Officer, National Capital Parks - Central, at (202) 485-9869.

bcc:

NACC - Connie Joy
AHR - Michelle Stewart
A - Reading File

Mstewart:mas:12/21/00:NACCGRIEVANCES\COCHRAN.DEC




# The Department of the Interior
# United States National Park Service
## National Capital Region
### National Capital Parks-Central
#### The National Mall
900 Ohio Dr. SW
Washington D.C. 20024-2000

**MEMORANDUM**

December 27, 2000

To: Donna Donaldson, Chief of Interpretation and Visitor Services

Through: Lance Hatten, Site Manager

From: Duane Erwin, Supervisory Park Ranger

Subject: Promotion for Adam Cochran

I would like to recommend that Adam Cochran be promoted from a GS-07 to a GS-09 Park Ranger as soon as possible.

Adam has more than one year in grade as a GS-07 Park Ranger. Adam has demonstrated that he can perform the duties and requirements of GS-07 Park Ranger. He also performs his interpretive and operational duties at or above the requirements of his position. Adam helps to ensure a high quality of visitor experience by maintaining professional work standards. I have observed Adam providing formal and informal interpretation at all the park sites that meets the National Park Service standard. Adam is able to perform the duties of a Lead Ranger.

I have observed Adam provide a Conducted Activity that in my judgement meets the National Park Service standard for conducted activities. I have observed Adam provide an Education Program that in my judgement meets the National Park Service standard for curriculum based education programs. I believe Adam demonstrates the skills and abilities necessary to provide a quality interpretive experience for the visitors.

Adam Cochran is a competent Park Ranger and I believe that he is capable of performing at the GS-09 level.

To: The Supervisor of Adam Cochran
From: Adam Cochran, National Park Ranger, National Mall
Subject: Formal Grievance
Date: 7/1/99

I, Adam Cochran, am hereby filing a formal grievance.  I am a GS-5 National Park Ranger and should immediately be made a GS-9 National Park Ranger with back pay.

I worked as a GS-5 National Park Ranger (seasonal) on the National Mall for over 1 years time doing the exact job I was later hired to: GS-5 National Park Ranger (career conditional permanent), which I have been for over 1 year now (see attachment A. SF50's)(as of this time I have still not been promoted, so the grievable item is "still occurring").  On every evaluation as both seasonal and permanent I have reached "Achieved," which is the highest rating, showing that I have been successfully doing what I have been hired to do (see attachment B: latest evaluation).  United States Office of Personnel Management (which will be referred to from this point as OPM) states in their manual: Qualification Standards for General Schedule Positions (see attachment C) that to be hired as a GS-7, one needs only to have 1 year of "specialized experience." Specialized experience, in this document, is defined as, "Experience that equipped the applicant with the particular knowledge, skills, and abilities to perform successfully the duties of the position, and that is typically in or related to the work of the position to be filled.  To be creditable, specialized experience must have been equivalent to at least the next lower grade level in the normal line of progression for the occupation in the organization."  The 0025 National Park Ranger positions are GS-5/7/9, thus the "normal line of progression" from a GS-5 is a GS-7.  Failure of the park to follow the instructions prescribed by OPM in this manual is a clear violation of Executive Order 11073 and Section 401 of the Federal Salary Reform Act of 1962 (Public Law 87-793; 76 Stat. 841-843 (see attachment D).

In addition to my time as a seasonal, I have also served over 1 year as a permanent National Park Ranger.  In this position, I have done everything specified by OPM as being required for GS-5, 7, and 9 Rangers.  In addition to the typical GS-9 work, I also often work as "Lead Ranger" and am in charge of various first aid assignments (see attachment E).  I am currently meeting and performing the same job requirements as co-workers receiving GS-9 pay; therefor, I should be paid accordingly.  Not doing so is a violation of the Equal Pay Act of 1963 29 USC 201 et seq. (Cornell Legal Information Institute).  What is required for GS-5, 7, and 9 Rangers is specified in detail in OPM manual TS-75 Park Ranger Series GS-0025, Workforce Compensation and Performance Service Classification Programs Division, January 1999, HRCD-6 (see attachment F). Having met all these requirements, the only thing holding up my promotion to a higher GS level is that I have not been "certified."  Nowhere in this OPM manual does it specify that being "certified" is a requirement.  The reason is because it has not been approved by the Director of the National Park Service to be tied to promotions.  The parks blatant refusal to follow the guidelines specified in this OPM manual is illegal and is a clear

violation of Executive Order 11073 and Section 401 of the Federal Salary Reform Act of 1962 (Public Law 87-793; 76 Stat. 841-843 (see attachment D).

"Certification," as defined by the National Capital Parks - Central, is defined as "completing informal logs, video taping a unified-theme talk, and having the two approved by an evaluator." I have completed my informal logs and have had them certified by an evaluator. I turned in a videotape of my Lincoln talk which 2 months later was determined "not certified." At that time I turned in another videotape of my new Lincoln talk. It has been 4 months now since I turned it in to my supervisor and I have just recently been informed that it "must have been lost." This, of course, is absolutely absurd and is considered "unacceptable performance" under 5 USC 432. The comments we receive from the evaluators are inconsistent and based on opinion. One evaluator will say the talk is good while another will say it has too many facts while yet even another will say it does not have enough facts. Out of good faith, I have participated in the competency program, but am paying the price for problems within the program that are beyond my control.

I am working on my competencies and will continue to do so, but holding up my promotion is illegal. The union for the National Park Service in Philadelphia fought against these illegalities and won. Our union members are prepared to do the same. At a training session held 11/3/98 for National Park Rangers at the Stephen T. Mather Training Center instructor David L. Larsen said, "It is not national policy to withhold promotion due to the slowness of the process. It can be a grievable thing," while another instructor, Debbie, said, "If you have submitted everything for the 5 + 7 levels, you will not be held back for your promotion to the 9 level. The important thing is to submit. If you have submitted, you will not be held back" (See attachment G). Per the specified grievance method, I am required to give 20 calendar days for a response. After that time, if work toward rectifying this situation has not been met, copies of this will be sent to GSA, OPM, Office of the Secretary of the Interior, Director of the National Park Service, and legal action/proceedings will begin. I look forward to your response and a quick settling of this matter.

Sincerely,

Adam Cochran, National Park Ranger
Tel. 202-483-3696 (home)
    202-426-6841 (work)



# United States Department of the Interior

NATIONAL PARK SERVICE
National Capital Parks–Central
900 Ohio Drive, S.W.
Washington, D.C. 20024–2000

IN REPLY REFER TO:

July 26, 2000

**MEMORANDUM**

TO: Jennifer Epstein

FROM: Consuella Joy

SUBJECT: Correction to Grievance dated July 13, 2000

This memorandum is in response to the grievance response letter written on July 13, 2000 from Arnold Goldstein. The grievance contained an error that has been corrected in the attached letter. The previous letter stated, "On August 29, 1999, you were promoted to Park Ranger, GS-025-07/2." However, this was an error. The effective date of your promotion was September 12, 1999. Attached you will find a grievance letter that reflects a change in this statement.

*Consuella Joy*

**EXHIBIT**

2b

CORRECTED



# United States Department of the Interior

NATIONAL PARK SERVICE
National Capital Parks–Central
900 Ohio Drive, S.W.
Washington, D.C. 20024–2000

IN REPLY REFER TO:

July 26, 2000

To: Jennifer Epstein

From: Arnold Goldstein, Superintendent

Subject: Formal Grievance

This is in response to your January 3, 2000 grievance filed in accordance with section 7-09, Step 02, Grievance Procedures, Labor Management Contract between the International Brotherhood of Painters and Allied Trades and National Capital Region, National Park Service, Department of the Interior. This grievance concerns a request for retroactive promotion and back pay due to interpretive competencies.

In making a decision on the case, we have given consideration to the following:
1) Your official personnel folder
2) Written supervisory recommendation for promotion.
3) National Park Service Merit Promotion Plan, FPM Chapter 35, 11a dated 9/91
4) X-118 Qualifications Handbook for General Schedule Positions
5) 5 CFR 550, Subpart H. Sec 550, 805-Back Pay
6) Code of Federal Regulations; §330.102

In an effort to cover all matters of concern to you, I have grouped the issues into various categories as follows:

A) Promotion:

In your grievance you have stated that based on your SF-50's, you were due for promotion to the GS-7 on August 16, 1998 and to the GS-09 on January 17, 1999.

The National Park Service Merit Promotion Plan, Chapter 335,11.A requires the following standards to be met for successive career promotions of an employee in an identified career ladder position:

1) Employee entered the occupation competitively with the full performance level made known to all candidates;

2) Meets qualifications requirements; and
3) Demonstrates ability to perform at the next higher level.

The plan further states, " Promotion of a person occupying a position in a career ladder is not automatic or mandatory. A person may be promoted only upon attaining the qualifications required for promotion and with the recommendation of the supervisor."

The X-118, Qualifications Standards for positions under the General Schedule requires the completion of one year of specialized experience equivalent to the next lower grade level for promotion from one level to the next.

Specialized experience is derived from the Park Ranger, GS-025 classification standards and the position description. The GS-07 Park Ranger is required to develop interpretive programs, select the most appropriate ways to impact information to visitors, and give a first-hand experience to the visitors. Audits, coaches, and other rangers in the interpretive program develop interpretive materials such as pamphlets, exhibits, and signs. The GS-09 Park Ranger develops and presents surveys, lectures, multi-media shows, structured and impromptu tales, guided tours, on and off-site programs to schools, community groups, etc., employing appropriate interpretive techniques and devices geared to the characteristics and interests of particular audiences. The ranger also participates in planning the interpretive program and providing direction and training to rangers in the implementation and obligation of interpretive materials.

A review of your Official Personnel Folder resulted in the following: you were appointed at NACC on June 8, 1998 to a Park Ranger, GS-025-05 with full performance level of Park Ranger, GS-025-09. On September 12, 1999, you were promoted to Park Ranger, GS-025-07/2.

In response to your grievance, Lee Werst, your supervisor recommended that you be promoted from a Park Ranger, GS-025-05 to GS-025-07 effective September 27, 1998 and to a Park Ranger, GS-025-09 effective October 10, 1999.

Mr. Werst determined that you had mastered informal interpretation by September 18, 1998, when you submitted your logs to him for evaluation. He also audited your interpretive talk at the Lincoln Memorial. Mr. Werst stated that the Lincoln Memorial program met the requirements for an effective interpretive program. He also stated that the only element delaying your promotion was a favorable response from the Interpretive Competency Program. Mr. Werst has stated that you have been presenting education programs very successfully. Your October 5, 1999 Mt. Vernon presentation met the standards for a successful educational program. You also prepared and presented a conducted activity program.

Based on the review of the information cited above and all pertinent rules and regulations, it is my decision that your promotion actions be corrected to reflect promotion from Park Ranger GS-025-05 to Park Ranger GS-025-07 effective September

27, 1998. In addition, you will be promoted from Park Ranger GS-025-07 to Park Ranger GS-025-09 effective October 10, 1999.

All monies involved in this decision will be paid via regular bi-weekly payroll methods, with appropriate tax deductions being made. Monies will be paid in a lump sum, and will be reflected in the adjustment column of your leave and earnings statement. We anticipate payment to be made by pay period 2000-18 (pay date of September 7, 2000), unless the complexity of the payment requires manual intervention by the Denver Payroll Office. If payment is not received by September 7, 2000, please contact Ms. Mary Luppino at (202) 426-9299.

B) Back Pay

The settlement of your grievance is not covered under the provisions of Back Pay, 5 U.S.C. 5596 (6)(1)(2)(A) and (4). Because your promotion is not mandatory but discretionary with the agency, and there is no requirement in law regulation or the collective bargaining agreement mandating the promotion at any specific time, any payments offered by the agency in settlement of your grievance would not be considered "Back Pay" under the Back Pay Act. Therefore, your request for interest has been denied.

If my decision is not satisfactory, you may submit a grievance in writing to Terry Carlstrom, Regional Director, within fifteen (15) calendar work days after receipt of this decision.

sgd. Arnold M. Goldstein

# Memorandum

**To:**    Suzanne Kelley, Acting Site Manager

**From:**   Lee Werst, Supervisory Park Ranger

Date:   2/24/00

**Re:**    Promotion of Jennifer Epstein

---

I recommend that Jennifer Epstein's promotion to GS-7 be dated effective 27 September 1998.

I have supervised Jennifer since she arrived at NACC on 8 June 1998. Since that time, she has achieved on all elements of her performance appraisals. The primary delay in promotion she has encountered has been due to the Interpretive Development Program (Competencies).

Jennifer has actively participated in the program since her arrival on the National Mall but was unable to achieve formal certification in all the elements before her promotion eligibility date. In my opinion, she had mastered informal interpretation by 18 September 1998 when she submitted logs of her informal contacts for my evaluation. Before that time I had observed and audited her interpretive talk at the Lincoln Memorial. In my opinion that program met the requirements for an effective formal interpretive program. The only reason for my not recommending her for promotion to GS-7 at that time was the requirement for formal certification in the GS-5 competencies.

In addition, it is my opinion that Jennifer could perform at the GS-9 level right now. She has been presenting education programs since the Fall of 1998 and has been very successful. I watched a tape of her Mt. Vernon education program presented on 5 October 1999. In my opinion that program met the standards for a successful educational program. Before that time she had also prepared and presented a conducted activity program, which I felt was a very good effort. In my opinion, it met the standards for conducted activities. Based on these circumstances I recommend that Jennifer's promotion to GS-9 should be effective 10 October 1999.

1

P4021 (NCR)


FEB · 1 2001

Memorandum

To:        Rachel C. Gomez, Park Ranger, National Capital Parks - Central

From:     Associate Regional Director, Administration, National Capital Region

Subject:   July 23, 2000, Formal Grievance

On July, 13, 2000, you received a decision which was in response to your January 16, 2000, grievance. Your present grievance is based upon the fact that Superintendent Goldstein's decision did not grant you a retroactive promotion to the GS-09, nor did it provide you with a promotion to the GS-09 at the time of the decision.

The decision not to promote you to a GS-09 was based upon the information provided by your former supervisor Mr. Loren Goering as summarized in a March 8, 2000, letter from him regarding your abilities as a Park Ranger. You assert that the information provided by Mr. Goering should not be relied upon as the sole basis for the denial of your promotion because for a majority of the time that he was assigned as your supervisor he was either on detail or assigned to the night shift and unavailable to effectively judge your work.

Your grievance provides several reasons why you feel that you should have been granted a retroactive promotion and references two attachments (Attachment A and Attachment B) which evidently you feel will provide documentation regarding your accomplishments and ability to perform the duties of a GS-09 Park Ranger. In that we did not receive the attachments with your grievance, we are unable to either invalidate or authenticate your claims that you have completed/performed all of the criteria and tasks required, i.e., perform as a lead ranger, present a curriculum based education program and develop and conduct a variety of conducted tours, illustrated programs and several interpretive writing products.

We would like to point out that although you may have on numerous occasions presented curriculum based education programs, they must be viewed/evaluated by a supervisor or designee of a supervisor as with the other requirements.

Please provide us the above referenced documents as soon as possible. Once the documents are received, we will provide you with a timely and judicious response. If the documentation that

EXHIBIT
2 C

2

you had originally attached to your grievance does not support that your work has been evaluated by a supervisor or supervisor's designee, we invite you to provide any additional documentation that you may have.

Please forward the requested documents to Michelle A. Stewart, Employee and Labor Relations Specialist, Branch of Employee and Labor Relations, National Capital Region Headquarters Building, Room 244.  Ms. Stewart can be reached at (202) 619-7247.

(Sgd.) Richard E. Powers

bcc:
A-Powers
AHR-MStewart
NACC-Cloy
HR-Reading File


MStewart:mw: gomezr-1:01/31/01:finalized:cl:

# Memorandum

March 8, 2000

To:         Connie Joy

From:       Loren Goering

CC:         Suzanne Kelley
            Donna Donaldson

Subject:    Promotion of Rachel Gomez

I would like to recommend that Rachel Gomez's promotion from a GS-5 to a GS-7 Park Ranger to be effective as of November 22, 1998. Rachel had one year as a GS-5 as of November 21, 1998.

I began supervising Rachel in April 1999. I consulted with her previous supervisor, Wayne Braxton, about her conduct and performance. Rachel achieved in all elements of her performance appraisal. The only element delaying her promotion was the Interpretive Competency Program. As of her anniversary date, Rachel demonstrated the ability to function at the GS-05 level. She made emotional and intellectual connections to the memorials through formal and informal interpretation. She also demonstrated the ability to perform basic site preservation duties.

Throughout 1999, Rachel submitted tapes of interpretive talks for review. The tapes did not reflect her true abilities to perform formal and informal interpretation. The tapes reflected in part her dissatisfaction with the Interpretive Competency Program, her frustration over the park not having functioning video recording equipment, and her embarrassment over needing to re-tape her talks.

Rachel possesses basic interpretive ability. She is developing knowledge of the park subjects. Rachel has demonstrated the ability to utilize a variety of interpretive skills in connecting the resource to the visitors. Rachel has performed at the GS-5 level (Trainee Park Ranger) and is capable of performing at the GS-7 level (Developmental Park Ranger).

I do not feel that Rachel is ready to be promoted to the GS-9 level. For promotion to the GS-9 level she needs to demonstrate the ability to perform at the GS-7 level. As discussed in her performance appraisal review she will need to demonstrate the ability to perform as a lead ranger, develop and present curriculum based education programs, and develop and present conducted tours, illustrated programs, or an interpretive writing product.

To: Loren Goering, Supervisor
Subject: Formal Grievance
Date: January 16, 2000

It has recently come to the attention of officers of IBPAT, Local 1997 that a letter dated December 20, 1999 from the Acting Regional Director contains a decision regarding the grievance of Adam Cochran, Park Ranger, National Mall.  The grievance asked for a retroactive promotion and back pay because his promotion was held up due to the interpretive competencies.

The Acting Director stated that, "There was a misunderstanding over whether or not an employee must meet the competencies and be certified in order to be promoted...While it is highly desirable that employees achieve the competencies, it is not a requirement for promotion.  An employee must meet the Office of Personnel Management X-118 qualifications standards and have worked one year at the next lowest grade in order to qualify for promotion.... If an employee meets the X-118 qualifications standards and has demonstrated the ability to perform at the next higher grade, he/she is eligible for a promotion." (See attachment A).

Furthermore, a memo from the Chief of Visitor Services for National Capital Parks Central states, "It will be the policy of National Capital Parks Central for supervisors to initiate promotion when they have determined that the programs and projects identified on an employee's performance plan are acceptable and demonstrate the employee's ability to perform at the next grade level." (See attachment B).

My promotion was held up solely because of the interpretive competencies.  Enclosed are copies of my SF-50's, performance plans, and supervisory evaluations (See attachment C), which clearly show that I should have been promoted long ago based on my time in grade, meeting the qualification standards in X-118 and documented ability to perform at the next higher grade level.

SF-50's indicate I was due for promotion from the GS-05 to the GS-07 level on November 22, 1998, in which case, I was due for promotion from the GS-07 to the GS-09 level on November 21, 1999.

I request retroactive promotion with back pay based on the above documentation.  The Union looks forward to a timely response on these issues.

Thank you for your consideration in this matter.  If you have any questions, please contact Christina Stanczak, National Mall, Ford's Theater, and Old Post Office Union Steward or Leon Barnett, Vice President of the Union.

Respectfully,

Rachel Gomez

Rachel Gomez
Park Ranger, National Mall
202-426-6841
202-686-1365



# United States Department of the Interior

### NATIONAL PARK SERVICE
National Capital Parks–Central
900 Ohio Drive, S.W.
Washington, D.C. 20024–2000

IN REPLY REFER TO:

July 25, 2000

## MEMORANDUM

TO: Brian Hall

FROM: Consuela Joy

SUBJECT: Correction to Grievance dated July 13, 2000

This memorandum is in response to the grievance response letter written on July 13, 2000 from Arnold Goldstein. The grievance contained an error that has been corrected in the attached letter. The previous letter stated, "On August 29, 1999, you were promoted to Park Ranger, GS-025-07/2." However, this was an error. Attached you will find a grievance that reflects a change in this statement.



EXHIBIT
2 d



CORRECTED

# United States Department of the Interior



**NATIONAL PARK SERVICE**
National Capital Parks—Central
900 Ohio Drive, S.W.
Washington, D.C. 20024–2000

IN REPLY REFER TO:

July 25, 2000

To:      Brian Hall

From:    Arnold Goldstein, Superintendent

Subject:  Formal Grievance

This is in response to your grievance filed in accordance with section 7-09, Step 02, Grievance Procedures, Labor Management Contract between the International Brotherhood of Painters and Allied Trades and National Capital Region, National Park Service, Department of the Interior. This grievance concerns a request for retroactive promotion and back pay due to interpretive competencies.

In making a decision on the case, we have given consideration to the following:

1)  Your official personnel folder
2)  Written supervisory recommendation for promotion.
3)  National Park Service Merit Promotion Plan, FPM Chapter 35, 11a dated 9/91
4)  X-118 Qualifications Handbook for General Schedule Positions
5)  5 CFR 550, Subpart H: Sec 550, 805-Back Pay
6)  Code of Federal Regulations; ξ330.102

In an effort to cover all matters of concern to you, I have grouped the issues into various categories as follows:

A)  Promotion:

In your grievance you have stated that based on your SF-50's, you were due for promotion to Park Ranger GS-025-07 effective April 11, 1999.

The National Park Service Merit Promotion Plan, Chapter 335,11.a requires the following standards to be met for successive career promotions of an employee in an identified career ladder position:

1) Employee entered the occupation competitively with the full performance level made known to all candidates;
2) Meets qualifications requirements; and
3) Demonstrates ability to perform at the next higher level.

The plan further states, " Promotion of a person occupying a position in a career ladder is not automatic or mandatory.  A person may be promoted only upon attaining the qualifications required for promotion and with the recommendation of the supervisor."

The X-118, Qualifications Standards for positions under the General Schedule requires the completion of one year of specialized experience equivalent to the next lower grade level for promotion from one level to the next.

Specialized experience is derived from the Park Ranger, GS-025 classification standards and the position description.  The GS-07 Park Ranger is required to develop interpretive programs, select the most appropriate ways to impact information to visitors, and give a first-hand experience to the visitors.  Audits, coaches, and other rangers in the interpretive program develop interpretive materials such as pamphlets, exhibits, and signs.  The GS-09 Park Ranger develops and presents surveys, lectures, multi-media shows, structured and impromptu tales, guided tours, on and off-site programs to schools, community groups, etc., employing appropriate interpretive techniques and devices geared to the characteristics and interests of particular audiences.  The ranger also participates in planning the interpretive program and providing direction and training to rangers in the implementation and obligation of interpretive materials.

A review of your Official Personnel Folder resulted in the following: you were appointed at NACC on November 8, 1998 to a Park Ranger, GS-025-05 with full performance level of Park Ranger, GS-025-09.

In response to your grievance, Duane Erwin, your supervisor, recommended that you be promoted to a Park Ranger, GS-025-07 effective July 27, 1999.

Based on the effective date of your promotion to the Park Ranger, GS-025-09, you do not meet time in grade requirements for promotion to the GS-09 level.  In addition, your supervisor has not recommended you for promotion to the Park Ranger, GS-025-09 level.

Based on the review of the information cited above and all pertinent rules and regulations, it is my decision that your promotion actions be corrected to reflect promotion to Park Ranger, GS-025-07 effective at the start of the pay period on August 1, 1999.

All monies involved in this decision will be paid via regular bi-weekly payroll methods, with appropriate tax deductions being made.  Monies will be paid in a lump sum, and will be reflected in the adjustment column of your leave and earnings statement.  We

anticipate payment to be made by pay period 2000-18 (pay date of September 7, 2000), unless the complexity of the payment requires manual intervention by the Denver Payroll Office. If payment is not received by September 7, 2000, please contact Ms. Mary Luppino at (202) 426-9299.

B) Back Pay

The settlement of your grievance is not covered under the provisions of Back Pay, 5 U.S.C. 5596 (6)(1)(2)(A) and (4). Because your promotion is not mandatory but discretionary with the agency, and there is no requirement in law regulation or the collective bargaining agreement mandating the promotion at any specific time, any payments offered by the agency in settlement of your grievance would not be considered "Back Pay" under the Back Pay Act. Therefore, your request for interest has been denied.

If my decision is not satisfactory, you may submit a grievance in writing to Terry Carlstrom, Regional Director, within fifteen (15) calendar work days after receipt of this decision.

Egd. Arnold M. Goldstein

# The Department of the Interior
## United States National Park Service
### National Capital Region
### National Capital Parks-Central
#### The National Mall
900 Ohio Dr. SW
Washington D.C. 20024-2000

**MEMORANDUM**

March 13, 2000

To: Suzanne Kelly, Acting Site Manager

From: Duane Erwin, Supervisory Park Ranger

Subject: Promotion for Brian Hall

I recommend that Brian Hall be promoted from a GS-5 to a GS-7 Park Ranger as of 07/27/99.

Brian has more than one year in grade as a GS-5 Park Ranger. He has also rated an "Achieved" on his Employee Performance Plan and Results Report for the last rating period. Brian has demonstrated that he can perform the duties and requirements of GS-5 Park Ranger. On 07/27/99 I audited one of his formal interpretive programs and in my judgment he demonstrated that he is able to present formal interpretive programs that meet the National Park Service standards for Interpretation. He has demonstrated an ability to perform informal interpretation. I feel he demonstrates the skills and abilities necessary to provide a quality interpretive experience for the visitors.

Brian performs all his operational duties at or above the requirements of his position. He helps to ensure quality visitor experiences by maintaining professional work standards and continuing to educate himself about the monuments and memorials of this park. He provides formal and informal interpretation at all the park sites. Brian is able to perform the duties of a Lead Ranger. I believe Brian Hall is capable of performing at the GS-7 level and I recommend his promotion to that level as of 07/27/99.

However, I do not recommend that Brian be promoted to the GS-9 level at this time. It is my opinion that his Interpretive Writing product needs more work before it meets the NPS standards for interpretive writing. The Mall Education Coordinator's records indicate that on 01/04/99 and 01/05/99 he and another GS-05 Park Ranger presented a curriculum based Education Program. He has not presented a curriculum based Education program on his own. He has not been audited in person or by video-tape presenting a curriculum based Educational Program that will meet the NPS standards for Education Programs.



# United States Department of the Interior

**NATIONAL PARK SERVICE**
National Capital Parks–Central
900 Ohio Drive, S.W.
Washington, D.C. 20024–2000

IN REPLY REFER TO:

July 13, 2000

To:  Jerold Hawn

From:  Arnold Goldstein, Superintendent

Subject:  Formal Grievance

This is in response to your December 27, 1999 grievance filed in accordance with section 7-09, Step 02, Grievance Procedures, Labor Management Contract between the International Brotherhood of Painters and Allied Trades and National Capital Region, National Park Service, Department of the Interior.  This grievance concerns a request for retroactive promotion and back pay due to interpretive competencies.

In making a decision on the case, we have given consideration to the following:
1) Your official personnel folder
2) Written supervisory recommendation for promotion.
3) National Park Service Merit Promotion Plan, FPM Chapter 35, 11a dated 9/91
4) X-118 Qualifications Handbook for General Schedule Positions
5) 5 CFR 550, Subpart H. Sec 550, 805-Back Pay
6) Code of Federal Regulations; ξ330.102

In an effort to cover all matters of concern to you, I have grouped the issues into various categories as follows:

A) Promotion:

In your grievance you have stated that based on your SF-50's, you were due for promotion to the GS-7 on September 21, 1998 and to the GS-09 on September 21, 1999.

The National Park Service Merit Promotion Plan, Chapter 335,11.A requires the following standards to be met for successive career promotions of an employee in an identified career ladder position:

1) Employee entered the occupation competitively with the full performance level made known to all candidates;
2) Meets qualifications requirements; and



EXHIBIT
2 e

3) Demonstrates ability to perform at the next higher level.

The plan further states, "Promotion of a person occupying a position in a career ladder is not automatic or mandatory. A person may be promoted only upon attaining the qualifications required for promotion and with the recommendation of the supervisor."

The X-118, Qualifications Standards for positions under the General Schedule requires the completion of one year of specialized experience equivalent to the next lower grade level for promotion from one level to the next.

Specialized experience is derived from the Park Ranger, GS-025 classification standards and the position description. The GS-07 Park Ranger is required to develop interpretive programs, select the most appropriate ways to impact information to visitors, and give a first-hand experience to the visitors. Audits, coaches, and other rangers in the interpretive program develop interpretive materials such as pamphlets, exhibits, and signs. The GS-09 Park Ranger develops and presents surveys, lectures, multi-media shows, structured and impromptu tales, guided tours, on and off-site programs to schools, community groups, etc., employing appropriate interpretive techniques and devices geared to the characteristics and interests of particular audiences. The ranger also participates in planning the interpretive program and providing direction and training to rangers in the implementation and obligation of interpretive materials.

A review of your Official Personnel Folder resulted in the following: you were appointed at NACC on June 8, 1998 to a Park Ranger, GS-025-05 with full performance level of Park Ranger, GS-025-09. On June 20, 1999, you were granted a written grade increase from Park Ranger, GS-025-05 step 01 to Park Ranger GS-025-05 step 02. On November 12, 1999 you were promoted to a Park Ranger, GS-025-7/2.

In response to your grievance, your supervisor, Sue Hansen, recommended that you be promoted from a Park Ranger, GS-025-05 to GS-025-07 effective September 21, 1998. However, Ms. Hansen did not recommend your promotion to the GS-025-09 at this time. Ms Hansen stated that you had not completely demonstrated the ability to perform at the GS-7. In addition she has stated, "your curriculum based education programs and specifically the interactive educational activities that reinforce the information presented need to be significantly improved." You have successfully performed the duties of a Lead Ranger and achieved the standards of the National Park Service for interpretive writing.

Based on the review of the information cited above and all pertinent rules and regulations it is my decision that your promotion actions be corrected to reflect promotion from Park Ranger GS-025-05 to Park Ranger GS-025-07 effective September 21, 1998. However, based on supervisory recommendation I cannot grant you relief to be promoted to the GS-025-09 level at this time.

However, based on supervisory recommendation I cannot grant you relief to be promoted to the GS-025-09 level at this time.

All monies involved in this decision will be paid via regular bi-weekly payroll methods, with appropriate tax deductions being made. Monies will be paid in a lump sum, and will be reflected in the adjustment column of your leave and earnings statement. We anticipate payment to be made by pay period 2000-18 (pay date of September 7, 2000), unless the complexity of the payment requires manual intervention by the Denver Payroll Office. If payment is not received by September 7, 2000, please contact Ms. Mary Luppino at (202) 426-9299.

B) Back Pay

The settlement of your grievance is not covered under the provisions of Back Pay, 5 U.S.C. 5596 (6)(1)(2)(A) and (4). Because your promotion is not mandatory but discretionary with the agency, and there is no requirement in law regulation or the collective bargaining agreement mandating the promotion at any specific time, any payments offered by the agency in settlement of your grievance would not be considered "Back Pay" under the Back Pay Act. Therefore, your request for interest has been denied.

If my decision is not satisfactory, you may submit a grievance in writing to Terry Carlstrom, Regional Director, within fifteen (15) calendar work days after receipt of this decision.

**MEMORANDUM**

March 2, 2000

To: Suzanne Kelley, Acting Site Manager

From: Sue Hansen, Supervisory Park Ranger

Subject: Jerold Hawn's Promotion

I would like to recommend that Jerold Hawn be promoted from a GS-5 to a GS-7 Park Ranger to be effective as of September 21, 1998.

Jerold has at least one year in grade as a GS-5 Park Ranger. Jerold has demonstrated that he can perform the duties and requirements of GS-5 Park Ranger in the Division of Interpretation.  He has successfully demonstrated that he can perform effective informal interpretation.  He has demonstrated he can present formal interpretive programs that meet the National Park Service standards for Interpretation. As of September 21, 1998, I felt he demonstrated the skills and abilities necessary to provide a quality interpretive experience for the visitors.

Jerold performs all his interpretive and operational duties at or above the requirements of his position.  He helps to ensure a high quality of visitor experience by maintaining professional work standards and continuing to educate himself about the monuments and memorials of this park. He provides formal and informal interpretation at all the park sites.  He is currently the leader for the work group that is developing the park's web page for the Thomas Jefferson Memorial.

Jerold Hawn is an excellent employee and I believe that he is fully capable of performing at the GS-7 level. I can recommend him for promotion to the GS-7.

However, I do not recommend that Jerold be promoted to the GS-9 level at this time.  He has not completely demonstrated the

ability to perform at the GS-7 level. His curriculum based education programs and specifically the interactive educational activities that reinforce the information presented need to be significantly improved. Jerold is able to perform the duties of a Lead Ranger and he has achieved the standards of the National Park Service for interpretive writing.



# United States Department of the Interior

NATIONAL PARK SERVICE
National Capital Parks–Central
900 Ohio Drive, S.W.
Washington, D.C. 20024–2000

IN REPLY REFER TO:

July 13, 2000

To:    Peter R.R. Lonsway

From:  Arnold Goldstein, Superintendent

Subject:  Formal Grievance

This is in response to your January 2, 2000 grievance filed in accordance with section 7-09, Step 02, Grievance Procedures, Labor Management Contract between the International Brotherhood of Painters and Allied Trades and National Capital Region, National Park Service, Department of the Interior. This grievance concerns a request for retroactive promotion and back pay due to interpretive competencies.

In making a decision on the case, we have given consideration to the following:
  1) Your official personnel folder
  2) Written supervisory recommendation for promotion.
  3) National Park Service Merit Promotion Plan, FPM Chapter 35, 11a dated 9/91
  4) X-118 Qualifications Handbook for General Schedule Positions
  5) 5 CFR 550, Subpart H. Sec 550, 805-Back Pay
  6) Code of Federal Regulations; ξ330.102

In an effort to cover all matters of concern to you, I have grouped the issues into various categories as follows:

A)  Promotion:

In your grievance you have stated that based on your SF-50's, you were due for promotion to a Park Ranger, GS-025-07 on May 23, 1999.

The National Park Service Merit Promotion Plan, Chapter 335,11.A requires the following standards to be met for successive career promotions of an employee in an identified career ladder position:

EXHIBIT
2 F

with the full performance level made

1) Employee entered the occupation competitively with the full performance level made known to all candidates;
2) Meets qualifications requirements; and
3) Demonstrates ability to perform at the next higher level.

The plan further states, " Promotion of a person occupying a position in a career ladder is not automatic or mandatory. A person may be promoted only upon attaining the qualifications required for promotion and with the recommendation of the supervisor."

The X-118, Qualifications Standards for positions under the General Schedule requires the completion of one year of specialized experience equivalent to the next lower grade level for promotion from one level to the next.

Specialized experience is derived from the Park Ranger, GS-025 classification standards and the position description. The GS-07 Park Ranger is required to develop interpretive programs, select the most appropriate ways to impact information to visitors, and give a first-hand experience to the visitors. Audits, coaches, and other rangers in the interpretive program develop interpretive materials such as pamphlets, exhibits, and signs. The GS-09 Park Ranger develops and presents surveys, lectures, multi-media shows, structured and impromptu tales, guided tours, on and off-site programs to schools, community groups, etc., employing appropriate interpretive techniques and devices geared to the characteristics and interests of particular audiences. The ranger also participates in planning the interpretive program and providing direction and training to rangers in the implementation and obligation of interpretive materials.

A review of your Official Personnel Folder resulted in the following: you were appointed at NACC on November 9, 1997 to a Park Ranger, GS-025-05. On April 5, 1999, you were appointed to a career conditional appointment at the GS-05 level.

In response to your grievance, Sue Hansen, your supervisor recommended that you be promoted from a Park Ranger, GS-025-05 to GS-025-07 effective September 5, 1999.

Ms. Hansen determined that you had mastered informal interpretation by September 5, 1999, when you presented your program at the Franklin Delano Roosevelt Memorial. At that time, she felt you had demonstrated the skills and abilities necessary to provide a quality interpretive experience for the visitors. She also stated that you help to ensure a high quality visitor experience by maintaining professional work standards and continuing to educate yourself about the monuments and memorials of the park. It has also been brought to my attention that you have been selected to provide the interpretation for the VIP tour for the Make-A-Wish Foundation and working on a web site for the Vietnam Veterans Memorial.

Based on the review of the information cited above and all pertinent rules and regulations, it is my decision that your promotion actions be corrected to reflect

promotion from Park Ranger GS-025-05 to Park Ranger GS-025-07 effective September 5, 1999.

All monies involved in this decision will be paid via regular bi-weekly payroll methods, with appropriate tax deductions being made. Monies will be paid in a lump sum, and will be reflected in the adjustment column of your leave and earnings statement. We anticipate payment to be made by pay period 2000-18 (pay date of September 7, 2000), unless the complexity of the payment requires manual intervention by the Denver Payroll Office. If payment is not received by September 7, 2000, please contact Ms. Mary Luppino at (202) 426-9299.

B) Back Pay With Interest

The settlement of your grievance is not covered under the provisions of Back Pay, 5 U.S.C. 5596 (6)(1)(2)(A) and (4). Because your promotion is not mandatory but discretionary with the agency, and there is no requirement in law regulation or the collective bargaining agreement mandating the promotion at any specific time, any payments offered by the agency in settlement of your grievance would not be considered "Back Pay" under the Back Pay Act. Therefore, your request for interest has been denied.

If my decision is not satisfactory, you may submit a grievance in writing to Terry Carlstrom, Regional Director, within fifteen (15) calendar work days after receipt of this decision.

**MEMORANDUM**

January 12, 2000

To: Suzanne Kelley, Acting Site Manager

From: Sue Hansen, Supervisory Park Ranger

Subject: Peter Lonsway's Promotion

I would like to recommend that Peter Lonsway be promoted from a
GS-5 to a GS-7 Park Ranger to be effective as of September 5,
1999.

Peter has at least one year in grade as a GS-5 Park Ranger.
Peter has demonstrated that he can perform the duties and
requirements of GS-5 Park Ranger in the Division of
Interpretation.  He has successfully demonstrated competency in
Informal Interpretation.  He has demonstrated he can present
formal interpretive programs.  His program at the Franklin Delano
Roosevelt was formally audited on September 5, 1999. At that time
I felt he demonstrated the skills and abilities necessary to
provide a quality interpretive experience for the visitors.

Peter performs all his interpretive and operational duties at or
above the requirements of his position.  He helps to ensure a
high quality of visitor experience by maintaining professional
work standards and continuing to educate himself about the
monuments and memorials of this park. He provides formal and
informal interpretation at all the park sites.  He has been
selected to provide the interpretation for the VIP tour for the
Make-A-Wish Foundation.  He is currently working on the task
group to develop the web site for the Vietnam Veterans Memorial.

Peter Lonsway is an excellent employee and I believe that he is
fully capable of performing at the GS-7 level. I would, without
any reservations, recommend him for promotion.

Date: January 2, 2000

To: Supervisor of Peter R.R. Lonsway
Subject: Formal Grievance

I, Peter R.R. Lonsway, after conferring with my union (IBPAT Local 1997) representative am hereby filing a formal grievance. I am currently a GS-05 Park Ranger and hold that I was eligible for promotion to GS-07 as of May 23, 1999.

It has recently come to the attention of officers of IBPAT Local 1997, that a letter dated December 20, 1999 from the Acting Regional Director, National Capital Region, contains a decision regarding the grievance of Adam Cochran, Park Ranger, National Mall. His grievance asked for retroactive promotion and back pay because his promotion was held solely due to the Interpretive Competency Program. The decision of the Acting Regional Director was for Park Ranger Cochran, granting him retroactive promotion.

In his decision, the Acting Regional Director, National Capital Region (See attachment A) attributes the error in promotion to a "misunderstanding over whether or not an employee must meet the competencies and be certified to be promoted . . . While it is highly desirable that employees achieve the competencies, it is not a requirement for a promotion." The Acting Regional Director then goes on to state, "An employee must meet the Office of Personnel Management X-118 qualification standards and have worked one year at the next lowest grade level in order to qualify for promotion."

My promotion to GS-07 was help up solely on the basis of not having achieved certification of the appropriate Interpretive Competencies. I have met the time in grade requirement for promotion, as evident in my SF-50's (See attachment B). Please reference my official personnel file as needed. I have also met other qualification standards, as outlined in my performance plans and supervisory evaluations (See attachment C).

I am sending this formal grievance to request retroactive promotion and back pay. I look forward to your timely response to this matter. I hope this issue can be resolved in an efficient and amicable manner. If you have any further questions, please feel free to contact me.

Respectfully,

*Peter RR Lonsway*

Peter R.R. Lonsway
U.S. Park Ranger, National Mall
(H) 703/497-1118
(W) 202/426-6841



# United States Department of the Interior

**NATIONAL PARK SERVICE**
National Capital Parks–Central
900 Ohio Drive, S.W.
Washington, D.C. 20024–2000

IN REPLY REFER TO:

July 13, 2000


To:  Matthew Mc Namer

From:  Arnold Goldstein, Superintendent

Subject:  Formal Grievance


This is in response to your December 28, 1999 Grievance filed in accordance with section 7-09, Step 02, Grievance Procedures, Labor Management Contract between the International Brotherhood of Painters and Allied Trades and National Capital Region, National Park Service, Department of the Interior.  This grievance concerns a request for retroactive promotion and back pay due to interpretive competencies.

In making a decision on the case, we have given consideration to the following:

1) Your official personnel folder
2) Title 5. Subpart A-decision in filling vacancies, 330,101, methods of filling vacancies.
3) Written supervisory recommendations for promotion.
4) National Park Service Merit Promotion Plan, FPM Chapter 35, 11a dated 9/91
5) X-118 Qualifications Handbook for General Schedule Positions
6) 5 CFR 550, Subpart H. Sec 550, 805-Back Pay
7) Code of Federal Regulations; ξ330.102

In an effort to cover all matters of concern to you, I have grouped the issues into various categories as follows:

A)  Promotion:

In your grievance you stated the following, "SF-50's indicate that I was due to be promoted to a GS-7 on November 24, 1998 instead of June 24, 1999.  I then should have been promoted to a GS-09 on November 24, 1999.  Furthermore, I believe that according to OPM regulations and the job announcement that I should have been hired as a GS-07 because I have a Master's Degree.  I therefore should have been a GS-07 on April 7, 1997

EXHIBIT
29

and been promoted to a GS-09 after a year in grade on November 24, 1998. I then should have received a step increase on November 24,1999. "

The National Park Service Merit Promotion Plan, Chapter 335,11a requires the following standards be met for successive career promotions of an employee in an identified career ladder position:

1) Employee entered the occupation competitively with the full performance level made known to all candidates.
2) Meets qualifications requirements; and
3) Demonstrates ability to perform at the next higher level.

The plan further states, "Promotion of a person occupying a position in a career ladder is not automatic or mandatory. A person may be promoted only upon attaining the qualifications required for promotion and with the recommendation of the supervisor."

The X-118, Qualifications Standards for positions under the General Schedule requires the completion of one year of specialized experience equivalent to the next lower grade level for promotion from one level to the next.

Specialized experience is derived from the Park Ranger, GS-025 classification standards and the position description. The GS-07 Park Ranger is required to develop interpretive programs, select the most appropriate ways to impact information to visitors, and give a first-hand experience to the visitors. Audits, coaches, and other rangers in the interpretive program develop interpretive materials such as pamphlets, exhibits, and signs. The GS-09 Park Ranger develops and presents surveys, lectures, multi-media shows, structured and impromptu tales, guided tours, on and off-site programs to schools, community groups, etc., employing appropriate interpretive techniques and devices geared to the characteristics and interests of particular audiences. The ranger also participates in planning the interpretive program and providing direction and training to rangers in the implementation and obligation of interpretive materials.

A review of your Official Personnel Folder resulted in the following: you were appointed at NACC on May 24, 1998 as a Park Ranger, GS-025-05 with full performance level of Park Ranger, GS-025-09. On June 6, 1998 you were granted a written grade increase from Park Ranger, GS-025-05/02 to GS-025-05/03. On June 6, 1999, you were promoted from a Park Ranger, GS-025-05/3 to a Park Ranger, GS-025-07/2.

In response to your grievance, Duane Erwin, your supervisor, recommended that you be promoted from a Park Ranger,GS-025-05 to GS-025-07 effective May 5, 1999. Mr. Erwin did not recommend your promotion to the GS-025-09 at this time. Mr. Erwin has stated that you demonstrated the skill to present a curriculum based Education Program that meets the NPS standard for education programs. However, you have not yet produced a satisfactory level conducted activity.



# The Department of the Interior
# <u>United States National Park Service</u>
## National Capital Region
### National Capital Parks-Central
#### <u>The National Mall</u>
900 Ohio Dr. SW
Washington D.C. 20024-2000



MEMORANDUM

March 13, 2000

To: Suzanne Kelley, Acting Site Manager

From: Duane Erwin, Supervisory Park Ranger

Subject: Promotion for Matt McNamer

I would like to recommend that Matt McNamer be promoted from a GS-5 to a GS-7 Park Ranger as of May 5, 1999.

Matt has more than one year in grade as a GS-5 Park Ranger. He has demonstrated that he can perform the duties and requirements of GS-5 Park Ranger. By 05/05/99 he had successfully demonstrated that he could perform effective informal interpretation and give an effective formal interpretive programs that meet the National Park Service standards. I feel he demonstrates the skills and abilities necessary to provide a quality interpretive experience for the visitors.

Matt performs all his interpretive and operational duties at or above the requirements of his position. He helps to ensure a high quality of visitor experience by maintaining professional work standards and continuing to educate himself about the monuments and memorials of this park. He provides formal and informal interpretation at all the park sites. He is able to perform the duties of a Lead Ranger. Matt McNamer is an excellent employee and I believe that he is fully capable of performing at the GS-7 level and I recommend his promotion to that level as of 05/05/99.



# United States Department of the Interior

### NATIONAL PARK SERVICE
National Capital Parks-Central
900 Ohio Drive, S.W.
Washington, D.C. 20024-2000

IN REPLY REFER TO:

SEP 2 2 2000

Memorandum

To:         S. Eric Pominville, Park Ranger, National Capital Parks - Central

From:     Consuella Joy, Administrative Officer, National Capital Parks - Central

Subject:   Correction to Grievance dated July 31, 2000

This memorandum is in response to the grievance response letter written on July 31, 2000, from Arnold Goldstein. The grievance contained an error that has been corrected in the attached letter. The previous letter stated, " Based on the review of the information cited above and all pertinent rules and regulations, it is my decision that your promotion be corrected to reflect promotion from Park Ranger, GS-025-07 to Park Ranger, GS-025-09 effective January 8, 2000. Your request to have your initial appointment corrected to reflect the Park Ranger, GS-025-07 effective May 18, 1998, is denied." However, this statement was an error. Attached you will find a grievance that reflects a change in this statement.

*Consuella Joy*

**EXHIBIT**

2h



# United States Department of the Interior

## NATIONAL PARK SERVICE
National Capital Parks-Central
900 Ohio Drive, S.W.
Washington, D.C. 20024-2000

IN REPLY REFER TO:

SEP 2 2 200.

Memorandum

To:        S. Eric Pominville, Park Ranger, National Capital Parks - Central

From:  Acting  Arnold Goldstein, Superintendent, National Capital Parks - Central

Subject:   Formal Grievance

This is in response to your January 3, 2000, grievance filed in accordance with Section 7-09, Step 02, Grievance Procedures, Labor Management Contract between the International Brotherhood of Painters and Allied Trades and the National Capital Region, National Park Service, Department of Interior. This grievance concerns a request for retroactive promotion and back pay due to interpretive competencies.

In making a decision on the case, we have given consideration to the following:
1) Your official personnel folder
2) Written supervisory recommendation for promotion
3) National Park Service Merit Promotion Plan, FPM Chapter 35, 11a dated 9/91
4) X-118 Qualifications Handbook for General Schedule Positions
5) 5 CFR 550, Subpaart H, Sec. 550, 805-Back Pay
6) Code of Federal Regulations; 330.102

In an effort to cover all matters of concern to you, I have grouped the issues into various categories as follows:

A) Promotion

In your grievance you have stated that based on your service computation date, you were eligible to be appointed to a Park Ranger GS-7 on your appointment date, May 18, 1998. In accordance with the Code of Federal Regulations; 330.101, Methods of Filling Vacancies, "An appointing officer may fill a position in the competitive service by any of the methods authorized in this chapter. He shall exercise his discretion in each personnel action.." You were offered the position of Park Ranger, GS-05, and accepted. It was not required that you be offered a position at only the grade level of your qualifications. Management can offer a position at a lower grade level than the applicant's qualification level.

The National Park Service Merit Promotion Plan, Chapter 335, 11.A requires the following standards to be met for successive career promotions of an employee in an identified career ladder position:

1) Employee entered the occupation competitively with the full performance level made known to
   all candidates;
2) Meets qualifications requirements; and
3) Demonstrates ability to perform at the next higher level.

The plan further states, "Promotion of a person occupying a position in a career ladder is not
automatic or mandatory. A person may be promoted only upon attaining the qualifications required
for promotion and with the recommendation of the supervisor."

The X-118, Qualifications Standards for positions under the General Schedule requires the
completion of one year of specialized experience equivalent to the next lower grade level for
promotion from one level to the next.

Specialized experience is derived from the Park Ranger, GS-025 classification standards and the
position description. The GS-07 Park Ranger is required to develop interpretive programs, select
the most appropriate ways to impact information to visitors, and give a first-hand experience to the
visitors. Audits, coaches, and other rangers in the interpretive program develop interpretive
materials such as pamphlets, exhibits, and signs. The GS-09 Park Ranger develops and presents
surveys, lectures, multi-media shows, structured and impromptu tales, guided tours, on and off-site
programs to schools, community groups, etc., employing appropriate interpretive techniques and
devices geared to the characteristics and interests of particular audiences. The ranger also
participates in planning the interpretive program and providing direction and training to rangers in
the implementation and obligation of interpretive materials.

In response to your grievance, Mr. Lee Werst, your supervisor, recommended that you be promoted
from a Park Ranger, GS-025-07 to a Park Ranger, GS-025-09 effective January 8, 2000.

Mr. Werst has determined that you were rated as "Achieved" on your Employee Performance Plan
and Results Report for the last period. He also stated that you met the NPS standards for both
conducted activities and education programs. According to Mr. Werst, you perform all your duties
at or above the requirements of your position. You also have demonstrated the ability to make
accurate and appropriate decisions regarding your work site.

Based on the review of the information cited above and all pertinent rules and regulations, it is my
decision that your records be corrected to reflect a promotion from Park Ranger GS-025-05 to Park
Ranger GS-025-07 effective August 16, 1998. In addition, your records will be changed to reflect
a promotion to a Park Ranger GS-025-09 effective January 9, 2000. Your request to have your
initial appointment corrected to reflect the Park Ranger GS-025-07, effective May 18, 1998, is
denied.

All monies involved in this decision will be paid via regular bi-weekly payroll methods, with
appropriate tax deductions being made. Monies will be paid in a lump sum, and will be reflected
in the adjustment column of your leave and earnings statement. We anticipate payment to be made
by pay period 2000-18 (pay date of September 7, 2000), unless the complexity of the payment
requires manual intervention by the Denver Payroll Office. If payment is not received by September

7, 2000, please contact Ms. Mary Luppino at (202)426-9299.

B) Back Pay With Interest

The settlement of your grievance is not covered under the provisions of Back Pay, 5 U.S.C. 5596 (6)(1)(2)(A) and (4). Because your promotion is not mandatory but discretionary with the Agency, and there is no requirement in law, regulation, or the collective bargaining agreement mandating the promotion at any specific time any payments offered by the Agency in settlement of your grievance would not be considered "Back Pay" under the Back Pay Act. Therefore, your request for interest has been denied.

If my decision is not satisfactory, you may submit a grievance in writing to Mr. Terry Carlstrom, Regional Director, within fifteen (15) calendar days after receipt of this decision.

Vikki Keys

*Special Letter will foll.) Sue's
Husband is out this will
suffice for now.*
*C Joy*
*7/27/00)*

Author:   Donna Donaldson at NP-NACC
Date:     07/24/2000  10:14 AM
Normal
TO: Connie Joy
Subject: Re:old staff stuff
------------------------------------ Message Contents

            Here's the answer on Eric.
            djd

_____ Forward Header _____
Subject:  Re:old staff stuff
Author:   Suzanne Kelley at NP--NCR
Date:     7/23/00 10:31 AM


      good news


_____ Forward Header _____
Subject:  Re:old staff stuff
Author:   Sue Hansen at NP-PAIS-VC
Date:     07/21/2000 10:27 AM


Suzanne,

In my opinion, Eric Pominville is a knowledgeable and well-experienced
interpreter and assuming the 171 and references checked out, I think Eric was
ready to be promoted to the GS-7 after the three months probationary period.  He
worked very hard on his competencies and the informal logs were nominated for an
anchor.  I remember Loren telling me that it took Eric a long time to send in
his formal program because Eric wanted everything to be perfect so the tape
would pass the first time it was submitted.  Does this help?

Bob has been transferred to the rehabilitation center and is working on getting
his strength back and learning the skills he needs in order to come home.  We
are anticipating, if all goes well, that Bob could be discharged in two to three
weeks.  Please thank everyone for all their prayers and good wishes.  I know it
has helped in Bob's recovery.

I have my fingers crossed for Melissa and Loren!  Keep me posted, please.

Sue



_____ Reply Separator_____
Subject:   old staff stuff
Author: Suzanne Kelley
Date:     07/20/2000 2:12 PM


      We are completing the promotions for the rangers needed some
      information on Eric Pominville.  Duane won't be back until Sunday and
      donna wanted to get all the letters out together.

      Eric came to the Mall with experience as a GS 5.  Assuming a 3 month
      "probationary" period so we could be sure he (or she as the case may
      be) was all the 171 and references said they would be, when do you
      think Eric was ready for promotion to the 7?

      You may not have been his supervisor all the time but you must have
      had him some of the time!  Any information you have would be helpful.

P4021 (NCR-A)

DEC 2 2 2000

Memorandum

To:        S. Eric Pominville, Park Ranger, National Capital Parks - Central

From:      Deputy Regional Director, National Capital Region

Subject:   August 15, 2000, Grievance

On July 31, 2000, you received a decision regarding your January 3, 2000, grievance that granted you a retroactive promotion to the GS-09 effective January 8, 2000, with retroactive pay, and denied your request to have your initial appointment corrected to reflect your being appointed at the GS-07 level.

In that your current grievance does not clearly state specific relief being sought, we are attempting to provide you with answers to questions raised in your letter. I believe that the issues at hand are twofold;

1. You should have been initially appointed at the GS-07 level based upon your 10 months of previous service as a Park Ranger GS-07.

2. Based upon your request to have your initial appointment retroactively changed to reflect appointment at the GS-07 grade, your promotion to the GS-09 retroactive to July of 1999, which is approximately 1 year after you would have been appointed at the GS-07 level.

I would like to address each issued separately to ensure that each of your concerns is dealt with thoroughly in order to attempt to come to closure on this matter.

## 1. Appointment to the GS-07 Upon Your Initial Appointment

As stated in Superintendent Goldstein's July 31, 2000 letter, which cites the Code of Federal Regulations Chapter 5 Part §330.101 "An appointing officer may fill a position in the competitive service by any of the methods authorized in this chapter. He shall exercise his discretion in each personnel action..."

2

We support the fact that management has the right to hire at whatever grade they feel would be in the best interest of the needs and mission of the National Park Service (NPS), and more specifically the National Capital Region (NCR). The decision to accept the GS-05 position that was offered to you was yours alone.

Because you were hired into a Career Ladder Position, you were, however, eligible to be promoted to the GS-07 level within 90 days of your Career Conditional Appointment taking into consideration your prior service at the GS-07, your performance on the job and your supervisor's recommendation and subsequent approval.

Subsequent to the date of this letter, we have learned that you were in fact granted a retroactive promotion to the GS-07 level effective August 16, 1998, which is 90 days after your Career Conditional Appointment. As a result, I feel that the relief that you seek has been granted.

In light of the recent decision to provide you with a retroactive promotion to the GS-07 level, we want to ensure that you understand that the decision to include your previous service in determining the date that you were eligible to receive your promotion to the GS-07 is based upon the fact that your supervisors were operating under the understanding that the competencies were to be relied upon when determining an employee's eligibility for promotion. While the competencies provide a very positive tool in strengthening interpretive programs, supervisors must utilize other considerations in determining promotion eligibility. In an effort to move forward and address some inconsistencies in interpreting policies, we are providing credit for previous service. Obviously if the competencies had not been in place, management would have identified other tools and guidelines for measuring promotion eligibility.

## 2. Promotion to the GS-09 One Year After Your Promotion to the GS-07

Your promotion from the GS-07 to the GS-09 would not have been automatic or based solely on time in grade. Promotions to the GS-09 require that employees present a Curriculum Based Education Program audited by a supervisor or designee of the supervisor and either an Interpretive Writing, Conducted Activity or an Illustrated Program judged to be successful by a supervisor or designee of the supervisor.

During the course of investigating the merits of your grievance we made inquiries regarding your presentation of a Curriculum Based Education Program (Program). While we are aware that you have presented several programs throughout your tenure with the NCR and other Regions within the NPS, it was determined that you did not have your Programs audited or evaluated by a supervisor.

Your previous supervisor, Mr. Lee Werst, has recommended that you completed the Education Program requirements and the Conducted Activity Requirement and should have been promoted to a grade GS-09 effective January 8, 2000. A review of your records in the Federal Personnel Payroll System indicate that you were, in fact, promoted to the GS-09 effective

3

January 8, 2000.   Therefore, your request for retroactive promotion to the GS-09 effective July 1999, is denied.

If you are dissatisfied with this decision, you may request the Union to invoke arbitration in accordance with Article 7, Section 7-10 of the 1997 Labor Management Agreement between NPS, NCR, and the International Brotherhood of Painters and Allied Trades (IBPAT), Local 1997.  Only the Union President or the Agency may invoke binding arbitration.  A written request for binding arbitration must be forwarded by the Union to the Branch of Employee and Labor Relations within 30 calendar days following the date of this decision.  You may contact Mr. Reginald Barkley, President, IBPAT, Local 1997, at (202) 262-4784.

If you have any questions concerning this decision, please contact Ms. Michelle A. Stewart, Office of Employee and Labor Relations, at (202) 619-7247.  If you have any questions about the implementation of this decision, please contact Consuella Joy, Administrative Officer, National Capital Parks - Central, at (202) 485-9869.

bcc:

NACC - Connie Joy
AHR - Michelle Stewart
A - Reading File

MStewart:mas:12/15/00:NACCGRIEVANCES\POMINVILLE.DEC



# United States Department of the Interior

### NATIONAL PARK SERVICE
National Capital Parks–Central
900 Ohio Drive, S.W.
Washington, D.C. 20024–2000

IN REPLY REFER TO:

July 13, 2000

To: Christina Stanczak

From: Arnold Goldstein, Superintendent

Subject: Formal Grievance

This is in response to your December 27, 1999 grievance filed in accordance with section 7-09, Step 02, Grievance Procedures, Labor Management Contract between the International Brotherhood of Painters and Allied Trades and National Capital Region, National Park Service, Department of the Interior. This grievance concerns a request for retroactive promotion and back pay due to interpretive competencies.

In making a decision on the case, we have given consideration to the following:
1) Your official personnel folder
2) Written supervisory recommendation for promotion.
3) National Park Service Merit Promotion Plan, FPM Chapter 35, 11a dated 9/91
4) X-118 Qualifications Handbook for General Schedule Positions
5) 5 CFR 550, Subpart H. Sec 550, 805-Back Pay
6) Code of Federal Regulations; ξ330.102

In an effort to cover all matters of concern to you, I have grouped the issues into various categories as follows:

A) Promotion:

In your grievance you have stated that based on your SF-50's, you were due for promotion to the GS-7 on January 17, 1999 and to the GS-09 on January 17, 2000. In addition you have stated that you have submitted and passed the following competencies: Module 10, Demonstrating Informal Interpretation; Module 10, Preparing and Preventing an Effective Interpretive Talk; Module 230, Interpretive Writing. You have also submitted for certification Module 270, Education Program; Module 311; Interpretive Media Development; and Module330, Training and Coaching. You further assert that you have served on a regular basis as Lead Ranger and have been detailed to Millennium Duty demonstrating you can perform at the next grade level.

**EXHIBIT**

2

The National Park Service Merit Promotion Plan, Chapter 335,11.a requires the following standards to be met for successive career promotions of an employee in an identified career ladder position:

1) Employee entered the occupation competitively with the full performance level made known to all candidates;
2) Meets qualifications requirements; and
3) Demonstrates ability to perform at the next higher level.

The plan further states, "Promotion of a person occupying a position in a career ladder is not automatic or mandatory. A person may be promoted only upon attaining the qualifications required for promotion and with the recommendation of the supervisor."

The X-118, Qualifications Standards for positions under the General Schedule requires the completion of one year of specialized experience equivalent to the next lower grade level for promotion from one level to the next.

Specialized experience is derived from the Park Ranger, GS-025 classification standards and the position description. The GS-07 Park Ranger is required to develop interpretive programs, select the most appropriate ways to impact information to visitors, and give a first-hand experience to the visitors. Audits, coaches, and other rangers in the interpretive program develop interpretive materials such as pamphlets, exhibits, and signs. The GS-09 Park Ranger develops and presents surveys, lectures, multi-media shows, structured and impromptu tales, guided tours, on and off-site programs to schools, community groups, etc., employing appropriate interpretive techniques and devices geared to the characteristics and interests of particular audiences. The ranger also participates in planning the interpretive program and providing direction and training to rangers in the implementation and obligation of interpretive materials.

A review of your Official Personnel Folder resulted in the following: you were appointed at NACC on June 1, 1998 to a Park Ranger, GS-025-05 with full performance level of Park Ranger, GS-025-09. On January 17, 1999 you were granted a written grade increase from Park Ranger, GS-025-05/01 to GS-025-05/02. On July 18, 1999, you were promoted to Park Ranger, GS-025-07/2.

In response to your grievance, Susan Hansen, your supervisor, recommended that you be promoted from a Park Ranger,GS-025-05 to GS-025-07 effective June 4, 1999. However, Ms. Hansen did not recommend your promotion to the GS-025-09 at this time. Ms. Hansen stated, "your curriculum based education programs and specifically the interactive educational activities that reinforce the information presented need to be significantly improved."

Based on the review of the information cited above and all pertinent rules and regulations, it is my decision that your promotion actions be corrected to reflect

promotion from Park Ranger, GS-025-05 to Park Ranger, GS-025-07 effective June 6, 1999. However, based on supervisory recommendation, I cannot grant your relief to be promoted to the GS-025-09 level at this time.

All monies involved in this decision will be paid via regular bi-weekly payroll methods, with appropriate tax deductions being made. Monies will be paid in a lump sum, and will be reflected in the adjustment column of your leave and earnings statement. We anticipate payment to be made by pay period 2000-18 (pay date of September 7, 2000), unless the complexity of the payment requires manual intervention by the Denver Payroll Office. If payment is not received by September 7, 2000, please contact Ms. Mary Luppino at (202) 426-9299.

B) Back Pay

The settlement of your grievance is not covered under the provisions of Back Pay, 5 U.S.C. 5596 (6)(1)(2)(A) and (4). Because your promotion is not mandatory but discretionary with the agency, and there is no requirement in law regulation or the collective bargaining agreement mandating the promotion at any specific time, any payments offered by the agency in settlement of your grievance would not be considered "Back Pay" under the Back Pay Act. Therefore, your request for interest has been denied.

If my decision is not satisfactory, you may submit a grievance in writing to Terry Carlstrom, Regional Director, within fifteen (15) calendar work days after receipt of this decision.

**MEMORANDUM**

March 2, 2000

To: Suzanne Kelley, Acting Site Manager

From: Sue Hansen, Supervisory Park Ranger

Subject: Christina Stanczak's Promotion

I would like to recommend that Christina Stanczak be promoted from a GS-5 to a GS-7 Park Ranger to be effective as of June 4, 1999.

Christina has at least one year in grade as a GS-5 Park Ranger. Christina has demonstrated that she can perform the duties and requirements of GS-5 Park Ranger in the Division of Interpretation.  She has successfully demonstrated that she perform effective informal interpretation.  She has demonstrated she can present formal interpretive programs that meet the National Park Service standards for Interpretation. As of June 4, 1999, I felt she demonstrated the skills and abilities necessary to provide a quality interpretive experience for the visitors.

Christina performs all her interpretive and operational duties at or above the requirements of her position.  She helps to ensure a high quality of visitor experience by maintaining professional work standards and continuing to educate herself about the monuments and memorials of this park. She provides formal and informal interpretation at all the park sites.  She has been selected to provide the interpretation for the VIP tour for the Make-A-Wish Foundation.

Christina Stanczak is an excellent employee and I believe that she is fully capable of performing at the GS-7 level and I recommend her promotion to the GS-7.

However, I do not recommend that Christina be promoted to the GS-

9 level at this time.  She has not completely demonstrated the ability to perform at the GS-7 level.  Her curriculum based education programs and specifically the interactive educational activities that reinforce the information presented need to be significantly improved.  Christina is able to perform the duties of a Lead Ranger and she has successfully met the standards of the National Park Service for interpretive writing.



# United States Department of the Interior

**NATIONAL PARK SERVICE**
National Capital Parks–Central
900 Ohio Drive, S.W.
Washington, D.C. 20024–2000

IN REPLY REFER TO:

July 13, 2000

To:     Aaron Steketee

From:   Arnold Goldstein, Superintendent

Subject: Notice of Inquiry

This is in response to your Notice of Inquiry filed in accordance with section 7-09, Step 02, Grievance Procedures, Labor Management Contract between the International Brotherhood of Painters and Allied Trades and National Capital Region, National Park Service, Department of the Interior. This inquiry concerns a request for retroactive promotion and back pay due to interpretive competencies.

In making a decision on the case, we have given consideration to the following:
1) Your official personnel folder
2) Written supervisory recommendation for promotion.
3) National Park Service Merit Promotion Plan, FPM Chapter 35, 11a dated 9/91
4) X-118 Qualifications Handbook for General Schedule Positions
5) 5 CFR 550, Subpart H. Sec 550, 805-Back Pay
6) Code of Federal Regulations; ξ330.102

In an effort to cover all matters of concern to you, I have grouped the issues into various categories as follows:

A) Promotion:

In your Notice of Inquiry, you stated that you should have been promoted to Park Ranger, GS-025-07 on July 19, 1999.

The National Park Service Merit Promotion Plan, Chapter 335,11.A requires the following standards to be met for successive career promotions of an employee in an identified career ladder position:



EXHIBIT

1) Employee entered the occupation competitively with the full performance level made known to all candidates;
2) Meets qualifications requirements; and
3) Demonstrates ability to perform at the next higher level.

The plan further states, " Promotion of a person occupying a position in a career ladder is not automatic or mandatory.  A person may be promoted only upon attaining the qualifications required for promotion and with the recommendation of the supervisor."

The X-118, Qualifications Standards for positions under the General Schedule requires the completion of one year of specialized experience equivalent to the next lower grade level for promotion from one level to the next.

Specialized experience is derived from the Park Ranger, GS-025 classification standards and the position description.  The GS-07 Park Ranger is required to develop interpretive programs, select the most appropriate ways to impact information to visitors, and give a first-hand experience to the visitors.  Audits, coaches, and other rangers in the interpretive program develop interpretive materials such as pamphlets, exhibits, and signs.  The GS-09 Park Ranger develops and presents surveys, lectures, multi-media shows, structured and impromptu tales, guided tours, on and off-site programs to schools, community groups, etc., employing appropriate interpretive techniques and devices geared to the characteristics and interests of particular audiences.  The ranger also participates in planning the interpretive program and providing direction and training to rangers in the implementation and obligation of interpretive materials.

A review of your Official Personnel Folder resulted in the following:  you were appointed to NACC on March 28, 1999 to a Park Ranger, GS-025-05.  You were promoted on January 30, 2000 to Park Ranger, GS-025-07.

In response to your inquiry, Duane Erwin, your supervisor, recommended that you be promoted to the Park Ranger, GS-025-07 effective September 13, 1999.

Based on the review of the information cited above and all pertinent rules and regulations, it is my decision that your promotion actions be corrected to reflect promotion from Park Ranger GS-025-05 to Park Ranger GS-025-07 effective September 13, 1999.

All monies involved in this decision will be paid via regular bi-weekly payroll methods, with appropriate tax deductions being made.  Monies will be paid in a lump sum, and will be reflected in the adjustment column of your leave and earnings statement.  We anticipate payment to be made by pay period 2000-18 (pay date of September 7, 2000), unless the complexity of the payment requires manual intervention by the Denver Payroll Office.  If payment is not received by September 7, 2000, please contact Ms. Mary Luppino at (202) 426-9299.

B) Back Pay

The settlement of your grievance is not covered under the provisions of Back Pay, 5 U.S.C. 5596 (6)(1)(2)(A) and (4). Because your promotion is not mandatory but discretionary with the agency, and there is no requirement in law regulation or the collective bargaining agreement mandating the promotion at any specific time, any payments offered by the agency in settlement of your grievance would not be considered "Back Pay" under the Back Pay Act. Therefore, your request for interest has been denied.

If my decision is not satisfactory, you may submit a grievance in writing to Terry Carlstrom, Regional Director, within fifteen (15) calendar work days after receipt of this decision.



# The Department of the Interior
## <u>United States National Park Service</u>
### National Capital Region
### National Capital Parks-Central
#### <u>The National Mall</u>
900 Ohio Dr. SW
Washington D.C. 20024-2000



MEMORANDUM

March 13, 2000

To: Suzanne Kelly, Acting Site Manager

From: Duane Erwin, Supervisory Park Ranger

Subject: Promotion for Aaron Steketee

This memo is to recommend that Aaron Steketee be promoted from a GS-5 to a GS-7 Park Ranger as of 09/13/99.

On 01-19-00 Aaron will have a year in grade as a GS-5. He has also rated an "Achieved" on his Employee Performance Plan and Results Report for the last rating period. On 09/13/99 I audited one of his formal interpretive programs and in my judgment he demonstrated that he is able to present formal interpretive programs that meet the National Park Service standards for Interpretation. Aaron has achieved the national standard in presenting Module 102 (Informal Interpretation). He performs all of his duties at or above the requirements of his position. He is able to make accurate and appropriate decisions concerning the operations of the sites.

I believe that Aaron is capable of performing at the GS-7 level and should be promoted to that level as of 01/19/00.



# United States Department of the Interior

**NATIONAL PARK SERVICE**
National Capital Parks–Central
900 Ohio Drive, S.W.
Washington, D.C. 20024–2000

IN REPLY REFER TO:

July 13, 2000

To:        Kathryn Williams

From:      Arnold Goldstein, Superintendent

Subject:   Formal Grievance

This is in response to your January 8, 2000 grievance filed in accordance with section 7-09, Step 02, Grievance Procedures, Labor Management Contract between the International Brotherhood of Painters and Allied Trades and National Capital Region, National Park Service, Department of the Interior. This grievance concerns a request for retroactive promotion and back pay due to interpretive competencies.

In making a decision on the case, we have given consideration to the following:
1) Your official personnel folder
2) Written supervisory recommendation for promotion.
3) National Park Service Merit Promotion Plan, FPM Chapter 35, 11a dated 9/91
4) X-118 Qualifications Handbook for General Schedule Positions
5) 5 CFR 550, Subpart H. Sec 550, 805-Back Pay
6) Code of Federal Regulations; ξ330.102

In an effort to cover all matters of concern to you, I have grouped the issues into various categories as follows:

A) Promotion:

In your grievance, you stated that based on prior service, you were eligible to be appointed to a Park Ranger, GS-025-07 on your appointment date. In accordance with the Code of Federal Regulation; ξ330.101, Methods of Filling Vacancies, "An appointing officer may fill a position in the competitive service by any of the methods authorized in this chapter. He shall exercise his discretion in each personnel action...." You were offered the position of Park Ranger, GS-05 and accepted. It was not required that you be



EXHIBIT
2k

offered a position at only the grade level of your qualifications. Management can offer a position at a lower grade level than the applicant's qualification level.

The National Park Service Merit Promotion Plan, Chapter 335,11.A requires the following standards to be met for successive career promotions of an employee in an identified career ladder position:

1) Employee entered the occupation competitively with the full performance level made known to all candidates;
2) Meets qualifications requirements; and
3) Demonstrates ability to perform at the next higher level.

The plan further states, " Promotion of a person occupying a position in a career ladder is not automatic or mandatory. A person may be promoted only upon attaining the qualifications required for promotion and with the recommendation of the supervisor."

The X-118, Qualifications Standards for positions under the General Schedule requires the completion of one year of specialized experience equivalent to the next lower grade level for promotion from one level to the next.

Specialized experience is derived from the Park Ranger, GS-025 classification standards and the position description. The GS-07 Park Ranger is required to develop interpretive programs, select the most appropriate ways to impact information to visitors, and give a first-hand experience to the visitors. Audits, coaches, and other rangers in the interpretive program develop interpretive materials such as pamphlets, exhibits, and signs. The GS-09 Park Ranger develops and presents surveys, lectures, multi-media shows, structured and impromptu tales, guided tours, on and off-site programs to schools, community groups, etc., employing appropriate interpretive techniques and devices geared to the characteristics and interests of particular audiences. The ranger also participates in planning the interpretive program and providing direction and training to rangers in the implementation and obligation of interpretive materials.

In response to your grievance, Wayne Braxton, your supervisor, recommended that you be promoted from a Park Ranger, GS-025-05 to a Park Ranger, GS-025-07 effective December 1, 1998 and to the Park Ranger, GS-025-09 effective December 1, 1999.

Based on the review of the information cited above and all pertinent rules and regulations, it is my decision that your promotion to the Park Ranger, GS-025-07 be corrected to be effective on December 1, 1998. You will also be promoted to Park Ranger, GS-025-09 effective December 1, 1999.

All monies involved in this decision will be paid via regular bi-weekly payroll methods, with appropriate tax deductions being made. Monies will be paid in a lump sum, and will be reflected in the adjustment column of your leave and earnings statement. We anticipate payment to be made by pay period 2000-18 (pay date of September 7, 2000),

unless the complexity of the payment requires manual intervention by the Denver Payroll Office.  If payment is not received by September 7, 2000, please contact Ms. Mary Luppino at (202) 426-9299.

B) Back Pay

The settlement of your grievance is not covered under the provisions of Back Pay, 5 U.S.C. 5596 (6)(1)(2)(A) and (4).  Because your promotion is not mandatory but discretionary with the agency, and there is no requirement in law regulation or the collective bargaining agreement mandating the promotion at any specific time, any payments offered by the agency in settlement of your grievance would not be considered "Back Pay" under the Back Pay Act.  Therefore, your request for interest has been denied.

If my decision is not satisfactory, you may submit a grievance in writing to Terry Carlstrom, Regional Director, within fifteen (15) calendar work days after receipt of this decision.

# Memorandum

March 3, 2000

To:          Suzanne Kelley, Acting Site Manager

From:        Wayne Braxton, Supervisory Park Ranger

Subject::    Promotion of Kathryn Williams

I would like to recommend that Kathryn Williams' promotion from a GS-5 to a GS-7 Park Ranger to be effective as of December 1, 1998. Kathryn was reinstated as a GS-5/04 Park Ranger on April 28, 1998. Additionally, I would like to recommend that her promotion to GS-9 be made effective December 1, 1999.

I consulted with her previous supervisor, Loren Goering, about her conduct and performance. Kathryn achieved in all elements of her performance appraisal. The only element delaying her promotion was the response from the Interpretive Development Program. In my opinion she met the standards for effective informal interpretation when she submitted logs for review on September 30, 1998.

Kathryn was audited at the Franklin Delano Roosevelt Memorial in September 1998. At that time her interpretive presentation was nearing the standards for a formal interpretive program. At a subsequent audit in November 1998 her supervisor noticed marked improvement in her program and determined that it met the standards.

For promotion to the GS-9 level Kathryn needed to develop and present curriculum based education programs. She demonstrated her ability to do so prior to December 1999. Kathryn also demonstrated mastery of interpretive writing in January 1999 when she submitted an interpretive article for evaluation.

Kathryn possesses superior interpretive ability. She has developed knowledge of the park subjects. Kathryn has demonstrated the ability to utilize a variety of interpretive skills in connecting the resource to the visitors. Kathryn has performed at the GS-5 level (Trainee Park Ranger) and at the GS-7 level (Developmental Park Ranger) and is fully capable of performing at the GS-9 level (Full Performance Ranger).