UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GEORGE G. CALLAHAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIRK KEMPTHORNE, Secretary, )<br>U.S. Department of the Interior, )<br>)<br>Defendant. )<br>) | Civil Action No. 05-2170 RBW |

**DECLARATION OF GEORGE G. CALLAHAN**

I, George G. Callahan, having personal knowledge of the information set forth below, make this Declaration in accordance with 28 U.S.C. § 1746.

1. I am providing this Declaration in support of Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Motion for Partial Summary Judgment and to Strike, filed herewith.

2. I began working for the National Park Service, National Capital Region, as a volunteer in 1991. In this capacity, I worked on the National Mall for approximately 20 hours each week from 1991 until 1994 when I was hired as a seasonal park ranger for the period of April through August 1994. After my term as a seasonal park ranger I continued to work as a volunteer.

3. After working as a seasonal park ranger in 1994, I applied for a permanent position as a ranger on the National Mall, but was not among those applicants who were hired, all of whom were much younger than me. For this reason I filed an EEO

complaint on the basis of age discrimination which resulted in a settlement in June 1998. (Exhibit 2)[1] Under the settlement agreement, I was hired as an interpretive park ranger, GS-4, step 4, on the National Mall, with the understanding that I would be promoted to grade GS-5 within 90 days and would be placed on a career ladder position in which he could move from a GS-5 to a GS-7 and GS-9 with a requirement of at least one year in grade for promotion. In accordance with the settlement agreement, I was appointed as a GS-4, step 4 on July 20, 1998 (Exhibit 3-A), and 90 days thereafter, on October 20, 1998, I was promoted to GS-5, step 4. (Exhibit 3-B) At the time of the promotion to GS-5, I received an evaluation of "achieved." (Exhibit 4-A)

  4. In November 2000, after I had been a GS-5 for over two years and had received a rating of "achieved" on my performance evaluation, Duane Erwin, my supervisor, told me what he said were the specific requirements for promotion to GS-7. At that time, Mr. Erwin provided me with a memorandum dated November 19, 2000, detailing the standard for promotion. (Exhibit 5) The requirements for promotion to GS-7, as stated in November 2000, included creating eight written narratives of informal contacts with park visitors and being audited by a supervisor while giving a successful formal interpretive talk. Id.

  5. Prior to November 2000, the requirements for promotion to GS-7, as stated in the November 19, 2000 memorandum, were not made clear to me. I do not recall being present at any meetings during which the requirements for promotion to GS-7 were discussed. While Mr. Erwin did discuss the audited formal interpretive talk and

---

[1] All references to Exhibits are to the exhibits attached to Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Motion for Partial Summary Judgment and to Strike, filed concurrently with this Declaration.

2

eight written narratives, or logs, with me as desirable goals, he did not tell me that they were requirements for promotion to GS-7.

6. In February 2000, the park rangers' union steward issued a memorandum dated February 7, 2000, after the union and the agency resolved numerous grievances regarding promotion, concerning the requirements for promotion of rangers on the National Mall. The February 7, 2000 memorandum stated that Connie Joy, the Administrative Officer, would meet with each of the park rangers' supervisors to decide whether they feel their employee has reached the stated objectives. (Exhibit 8) I did not receive the attention and assistance given to other employees in obtaining their promotions. (Exhibit 9-A - 9-K)

7. Although there was no requirement that I submit written logs at the time that I was denied a promotion to GS-7 in 1999, I have completed eight informal logs and have provided them to my counsel.

8. I have reviewed the Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Motion for Partial Summary Judgment and to Strike and Plaintiff's Statement of Genuine Issues of Material Fact. To the best of my personal knowledge and belief, all factual statements contained in those documents that are attributed to me are true and correct.

9. I declare under penalty of perjury that the foregoing is true and correct.

George G. Callahan

Executed on: 1/16/07