```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

GEORGE G. CALLAHAN              )
                                )
     Plaintiff,                 )
                                )
          v.                    ) Civil Action No. 05-2170 RBW
                                )
DIRK KEMPTHORNE, Secretary,     )
  U.S. Department of            )
  the Interior,                 )
                                )
     Defendant.                 )
_____)
```

### REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO STRIKE

Defendant submits that Plaintiff has offered no basis to proceed further and that the Court should enter summary judgment in favor of Defendant as to Count I of the Amended Complaint, striking the allegations regarding that Count from the pleading. To begin with, Plaintiff has failed to address most of the material issues of fact enumerated by Defendant. Instead, Plaintiff makes only unsupported and vague challenges to Paragraphs 9-10, 18-19, 35, 38-39, 41-42, 45, 48-51, 54-58 of Defendant's Statement Of Undisputed Facts. See Plaintiff's Statement Of Issues at 2-10. The remaining paragraphs should be deemed admitted. See Local Civ. Rules 7(h) and 56.1; Jackson v. Finnegan, Henderson, Farabow, Garrett, 101 F.3d 145, 150-51 (D.C. Cir. 1996); United States v. BCCI Holdings, 977 F. Supp. 1, 6

(D.D.C. 1997), aff'd mem., 159 F.3d 637 (D.C. Cir. 1998).

In any event, Plaintiff has failed to rebut the legitimate reason for his non-promotion. Defendant has already provided admissible evidence in the form of sworn testimony that in order for a Park Ranger to be promoted from the grade GS-5 to GS-7, he or she was required to complete an informal and formal interpretive program, the informal program requiring submission of eight written logs of encounters the ranger has had with park visitors. See Defendant's Statement of Material Facts As To Which There Is No Genuine Dispute ("Statement Of Undisputed Facts"), ¶¶ 9-19, 35, 38-45, 54-55.

Plaintiff argues that there is a material issue of fact as to two issues: whether completion of informal logs was, in fact, a requirement to be promoted as a Park Ranger to a GS-7 position and whether the Agency actually applied such a requirement to all rangers seeking a GS-7 position. Plaintiff's Statement Of Genuine Issues Of Material Fact ("Plaintiff's Statement of Issues") at 2. Plaintiff's own submissions make clear that the interpretive logs were always expected of him to achieve his goals as a GS-5 level ranger (see Plaintiff's Statement Of Issues at 2-3; Plaintiff's Exh. 4 at page 4 of 9); and he has not offered

-2-

any legitimate reason to question that the other employees promoted were required to complete the logs.  Instead, he argues that <u>his</u> selected documentation does not specify that the logs were, in fact, submitted.  Plaintiff has not provided (or sought) the paperwork which <u>would</u> indicate the completion of those logs by the other rangers, but, because he has questioned the adequacy of the record, copies of that paperwork accompanies this reply.  <u>See</u> Defendant's Exhibit 15[1] (copy attached).  Plaintiff's excuses for not submitting the logs to his supervisor are unavailing.

<u>Everyone Must Submit Eight Interpretive Logs For Promotion</u>

Plaintiff does not offer proper factual support for his assertion that not all GS-5 Park Rangers were required to submit the eight interpretive logs to be promoted.[2]  Instead, Plaintiff offers these unsupported theories in support of his position that the logs were not required:

---

[1]  Defendant has continued numbering the exhibits where that numbering left off at the filing of Defendant's Motion For Partial Summary Judgment And To Strike.

[2]  This issue corresponds to Plaintiff's attempt to challenge Paragraphs 9-10, 35, 38-39, 41-42, and 45 of Defendant's Statement Of Undisputed Facts.

Plaintiff's Theories:

    1) Although Plaintiff was told in his first year as a GS-05 Ranger that compiling logs were among his desirable "goals", see Plaintiff's Opp. at 3-4, the logs are only "goals" (not requirements) on Plaintiff's "Performance Agreement To Achieve & Maintain Competency at the GS-05 Level" ("Performance Agreement") (see Plaintiff's Opp. at 4, Plaintiff's Exhibit 4).

    2) A December 20, 1999 memorandum says that "the completion of an approved formal and informal interpretive program 'while desirable' was 'not a requirement for promotion.'"  See id. (misquoting the memorandum).

    3) "there is no documented evidence that at least five employees (Ms. Gomez, Mr. Hall, Mr. Hawn, Mr. Lonsway, and Mr. McNamer) completed the logs prior to being promoted to GS-07.

    Goals

Plaintiff's argument regarding "goals" begins flawed, in that he has cited the wrong language from the Performance Agreement (Plaintiff's Opp. at 4; Plaintiff's Exh. 4).  He argues that under the Performance Agreement he was only given a "goal" to "Start collecting interpretive contacts for the Informal Interpretation Log."  Id.  In fact, "Goal 2" of the Performance Agreement provided more detail as to what was required.  Under the Performance Agreement, Plaintiff was also notified that to achieve and maintain competency at the GS-05 level, he should:

• <u>Collect eight useable contacts</u>
• Review with Supervisor using the rubric

- <u>Submit log for Informal Interpretation</u> (102) Assessment
- When notification is received, either revise and resubmit or **maintain**

Plaintiff's Exh. at page 4 of 9 (underlining added).  Of course, the satisfaction of these elements of the Performance Agreement (part of the Plaintiff's performance Plan for Oct. 1, 1998 - Sept. 30, 1999) would begin at the beginning "Start collecting interpretive contacts for the Informal Interpretive Log."  Plaintiff's Exhibit 4 at page 4.  This does not detract from the very logical fact that if Plaintiff wished to demonstrate to his supervisor that Plaintiff could perform at the GS-07 level, Plaintiff should at a minimum accomplish his goals as a GS-05 Park Ranger.

Whether or not Plaintiff was told this very logical truism (<u>i.e.</u> that satisfying his Performance Agreement as a GS-05 correlates to promotion to GS-07), it remains undisputed that the criteria were applied uniformly.  <u>See</u> Tr. 87, 92-93, 100, 104, 108, 162-64, 167 (cited in support of Statement Of Undisputed Facts, ¶¶ 9-10, 35, 38-39, 41-42, 45); <u>see also</u> Exhibit 15.

<u>The December 20, 1999 Memorandum</u>

Plaintiff misstates the content of the December 20, 1999 Memorandum.  <u>See</u> Plaintiff's Exhibit 5.  The memorandum

-5-

did not concede that an employee seeking promotion to GS-07 Park Ranger was excused from completing the informal logs; rather it clarified that the process of <u>certifying</u>, <u>inter alia</u>, the completion of the informal logs need not be through the time-consuming Harper's Ferry "competency" method, but could be accomplished by the employee's supervisor.  <u>See</u> Plaintiff's Exh. 5; <u>see</u> <u>also</u> Defendant's Statement Of Material Facts, ¶¶ 18-35 and Defendant's Exhibit 12 ("These programs will be audited by your supervisor, submission for certification is encouraged, but not mandatory.").

The exhibit relied upon by Plaintiff does not refer to anyone being excused from completing the logs; rather it provides, in part:

> The issue of eligibility for promotion has been discussed within the National Capitol Region and with staff in the National Park Service Washington Office.  There was a misunderstanding over whether or not an employee must meet <u>the competencies and be certified</u> in order to be promoted from a GS-05 to a GS-07 and similarly to the GS-9 level.  While it is highly desirable that employees achieve the competencies, it is not a requirement for promotion.

Plaintiff's Exhibit 5 (December 20, 1999 Memorandum) at 1 (emphasis added).  As was described by Defendant, the competencies were a certification process whereby certifiers

-6-

at the Agency's Harper's Ferry site reviewed the informal logs and a videotape of the formal talk.  See Statement Of Undisputed Facts, ¶ 19; Tr. 89-90.  Avoiding the cumbersome competencies process at Harper's Ferry did not change the substantive requirements for promotion, which still required the employee to have a certain time in grade, to complete eight informal logs and to conduct a formal interpretive talk.  See Statement Of Undisputed Facts, ¶¶ 32-35; Tr. 89-93; 162.  Thus, the December 20, 1999 Memorandum provides no basis to challenge the sworn testimony and documentary evidence presented by Defendant as to the uniform requirements for promotion to GS-07 Park Ranger.[3]

---

[3] Plaintiff also relies on testimony from Mr. Lance Kirby Hatten to suggest that the requirements of the logs were not in existence until shortly before July 2000.  Plaintiff's Opp. at 3 (citing Plaintiff's Ex. 1, Tr. at 201-202).  In fact Mr. Hatten's testimony is equivocal on the point Plaintiff seeks to support ("Q: Do you know when those requirements became -- A: I believe sometime shortly before my assuming the position as site manager in July of 2000.")  Id., Tr. at 202.  But it is clear that Mr. Hatten was not competent to testify about when the requirements began, because he had no opportunity to observe the circumstances before his arrival.  ("I couldn't speak to what happened, you know, prior to my arrival.")  Id., Tr. at 202; Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); Fed. R. Civ. P. 56(e).

> Documents Showing Gomez, Hall, Hawn, Lonsway,
> And McNamer Completed Eight Interpretive Logs

Plaintiff's proffer of "evidence" to support his claim that "not all rangers were required to submit written logs to be promoted to GS-07" (see Plaintiff's Statement of Issues, ¶ 5) is a misnomer.  Instead, he has hand-picked certain documents that show various employees (Rachel Gomez, Brian Hall, Jerold Hawn, Peter Lonsway and Matt McNamer) have been recommended for promotion to GS-07.  Id., ¶ 5 and Plaintiff's Exhibit 7.  Even the documents proffered by Plaintiff reveal that each employee recommended for promotion had been found to satisfy the requirements of the informal interpretation, to which the logs relate.  See Plaintiff's Exhibit 7 at page 17 (Ms. Gomez "made emotional. . . connections to the memorials through formal and informal interpretation"), at page 23 (Mr. Hall "has demonstrated an ability to perform informal interpretation."), at page 27 (Mr. Hawn "has successfully demonstrated that he can perform effective informal interpretation."), at page 32 (Mr. Longsway "has successfully demonstrated competency in Informal Interpretation."), at page 36 (Mr. McNamer "performs all his interpretive and operational duties at or above the requirements of his position. . . [and] provides

formal and informal interpretation at all park sites").

More specifically, if one looks at the same type of documentation that Plaintiff has provided regarding himself, i.e., the Performance Agreement, the comparison between Plaintiff and those promoted is stark. As noted above, Plaintiff's Performance Agreement reveals a Goal 2, which includes "Submit log for Informal Interpretation (102) Assessment". Following this entry there is a blank for a date "Completed". Plaintiff's blank does not contain a date of completion; rather, it states only "will reasses [sic] after Module 101 Training." Plaintiff's Exhibit 4 at page 4. By contrast, the corresponding Performance Agreement for Rachel Gomez, Brian Hall, Matt McNamer, Jerold Hawn and Peter Lonsway, each indicates a date that the logs were "completed", and in some instances "certified" by Harper's Ferry, as well. See Exhibit 15 (copy attached).[4] Thus, notwithstanding Plaintiff's vague challenge that his

---

[4] Plaintiff also seeks to find support for his challenge to Defendants Statement Of Undisputed Fact, ¶ 38 ("Only those rangers who met the requirements for promotion, as certified by their supervisors, were in fact promoted") by arguing that "Plaintiff also contends that there is a genuine dispute whether his supervisors neglected to certify that Mr. Callahan met the requirements for promotion." Plaintiff's Statement of Issues, at 6, ¶ 5. Plaintiff does not dispute, however, that at the relevant time, he "ha[d] not written informal logs." Id., ¶ 10.

-9-

exhibits do not establish Defendant's case, a review of the complete record, including the sworn testimony presented with Defendant's motion as well as the documentation Plaintiff found lacking before, leads to the inescapable conclusion that all those promoted to GS-07 Park Ranger met their goals as GS-05 Park Rangers to provide eight written logs to their supervisors.

Plaintiff suggests that he has countered Defendant's assertion that he has failed to complete and submit the eight logs, because he has provided them <u>to his counsel</u>. Opp. at 7; Plaintiff's Declaration, ¶ 7.  This is an apparent outgrowth of his challenge to Defendant's Statement of Undisputed Facts, ¶¶ 49-51, wherein Defendant established that plaintiff has not yet submitted his eight written informal logs.  In challenging these assertions (which are based in part on Plaintiff's own testimony), he claims now that the eight logs were submitted to his counsel.  This disingenuous effort to challenge whether he submitted the written logs by claiming that he has now submitted them <u>to his counsel</u> cannot undercut the Agency's past refusal to give him credit for completing those logs.  It is true that Plaintiff's Performance Agreement with his supervisors indicates that he is to "[s]ubmit log for Informal

-10-

Interpretation (102) Assessment" and does not specify to whom the logs are to be submitted.  His sophomoric suggestion that this submission to his counsel would satisfy his agreement with his supervisors is non-meritorious.

### The Motion To Strike

Finally, Plaintiff opposes striking the allegations preceding Count II because those allegations set forth his employment history with the Agency and because paragraphs 5-25 of the Amended Complaint "provide[] important context" for his claims.  Plaintiff's Opp. at 10.  Although Paragraphs 5-10 may be described as providing background information, the remainder of these paragraphs are merely argumentative claims regarding his baseless Count I.  Rather than leave them in the pleading to foster wasteful discovery into immaterial matters, Defendant suggests that the better practice may be to strike them from the Amended Complaint. See Fed. R. Civ. P. 1 (The rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."); Fed. R. Civ. P. 12(f) ("the court may order stricken from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter.") At a minimum, paragraphs 11 through 25 should be stricken.

Conclusion

In light of the legitimate reason for not promoting Plaintiff, and given Plaintiff's lack of qualification for such a promotion, he cannot establish that the decision made "gives rise to an inference of discrimination." Stella v. Mineta, 284 F.3d 135, 145 (D.C. Cir. 2002). For these reasons and those previously set forth in support of Defendant's Motion For Partial Summary Judgment And To Strike, judgment should be entered in favor of Defendant on Count I and the corresponding paragraphs of the Amended Complaint stricken.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that service of the foregoing reply has been made through the Court's electronic transmission facilities on this 22d day of February, 2007.

                                      _____
                                      W. MARK NEBEKER
                                      Assistant United States Attorney
                                      555 4th Street, N.W.
                                      Civil Division
                                      Washington, DC  20530
                                      (202) 514-7230