UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE G. CALLAHAN | ) |
|     Plaintiff, | ) ) ) |
|     v. | )   Civil Action No. 05-2170 RBW ) |
| DIRK KEMPTHORNE, Secretary,<br>  U.S. Department of<br>  the Interior, | ) ) ) ) |
|     Defendant. | ) ) |

### STIPULATION OF SETTLEMENT AND DISMISSAL

Dirk Kempthorne, Secretary of the United States Department of the Interior, the Department of Interior's officers, employees, agents, attorneys, representatives, predecessors and successors, ("Defendant") and George G. Callahan, his family, heirs, and assigns ("Plaintiff") (collectively referred to as the "parties"), hereby agree that a settlement in this matter has been reached and stipulated to as follows:

WHEREAS, Plaintiff has filed the above-captioned civil action now pending before the United States District Court for the District of Columbia styled George G. Callahan v. Dirk Kempthorne, Secretary, United States Department of the Interior, Civil No. 05-2170 (RBW) (the "Litigation") alleging age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967; as amended, and

WHEREAS, Plaintiff has, since the filing of this action, submitted to counsel for Defendant copies of proffered informal

logs documenting, in part, Plaintiff's qualifications for promotion; and

WHEREAS, Defendant has denied the allegations of unlawful age discrimination and retaliation made by plaintiff in the above-captioned civil action; and

WHEREAS, in return for the mutual promises specified herein (the "Agreement"), the parties have agreed to resolve the Litigation and release any further rights and claims that they have or may have against each other, including, without limitation, any and all such claims that have or could have been asserted in connection with the Litigation and otherwise involving Plaintiff's employment; and any and all monetary claims, including, without limitation, claims for compensatory damages, back pay, other economic damages, and attorneys fees.

NOW THEREFORE, in consideration of the mutual promises specified herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. In exchange for promises made by Plaintiff in this Agreement, Defendant agrees:

    a. to promote Plaintiff to a Park Ranger, Grade 7 Step 2, assigned to the 3:30 p.m. to 12:00 a.m. shift, effective no later than two weeks from the Court's signing and entering this Stipulation of Settlement and Dismissal on the docket of the Court. Nothing in this paragraph, however, shall preclude the National Park Service from altering the plaintiff's shift assignment, should it be deemed necessary, appropriate or otherwise

-2-

in the interests of the agency; and

 b. to restore 5 days of annual leave to Plaintiff.

2. In exchange for the promises made by Defendant in Paragraph 1 of the Agreement, Plaintiff agrees:

 a. that the above-captioned civil action shall be dismissed from the dockets of the Court, with prejudice;

 b. that Plaintiff shall not hereafter institute, prosecute or continue any civil action or other proceeding (administrative or judicial) against the Defendant with respect to the matters forming the basis of his complaint in this case or matters otherwise arising out of his employment with Defendant, whether known or unknown, occurring prior to and up to the date of the execution of this Agreement; and

 c. that Plaintiff shall promptly, and in no event later than seven (7) days from execution of this Agreement, execute and deliver such additional documents as may be necessary or appropriate to effectuate the dismissal with prejudice of any pending administrative or judicial challenges or actions he may have involving the agency's actions against Plaintiff, including without limitation the claim before the Merit Systems Protection Board ("MSPB") in Case No. DC-0752-07-0456-I-1.

3. Plaintiff agrees that the agency is not responsible for payment of any Federal, State or local taxes which may be required by law to be paid in relation to the benefits provided to him under Paragraph 1.

4. By signing this Agreement, neither party admits to any wrongdoing, fault or liability of any kind. The parties understand and agree that this Agreement is for their mutual benefit and will not establish any precedent nor will this

Agreement be used as a basis for Plaintiff to seek or justify similar terms in any other case.

5. Plaintiff, on behalf of himself and anyone claiming for or through him, knowingly, voluntarily and fully waives, unconditionally releases and forever discharges the Defendant and all of the agency's affiliated entities, and its officers, employees, agents, attorneys, representatives, predecessors and successors, in their official and personal capacities, and covenants not to sue them for, any and all claims, back pay, other damages or causes of action arising out of his employment with Defendant, whether known or unknown, occurring prior to and up to the date of the execution of this Agreement. Plaintiff specifically waives his right to pursue further administrative or judicial action in any forum concerning the issues raised or that could have been raised in the Litigation, including, without limitation, his challenge before the MSPB.

6. Pursuant to 29 U.S.C. § 626(f), the Plaintiff understands that by executing this Agreement, he is relinquishing any rights or claims which arose or could have arisen under 29 U.S.C. § 633a (the Age Discrimination in Employment Act) prior to the effective date of this ADEA waiver. Plaintiff does not waive rights or claims which may arise after this waiver is executed; he understands and agrees that he is waiving these rights and claims only in exchange for consideration in addition to anything

of value to which he is already entitled; he agrees that he is hereby being advised by the Agency in writing to consult with an attorney prior to executing this Agreement and he has consulted with an attorney regarding the terms of this Agreement; and he agrees that he has been provided a reasonable period of time of not less than twenty-one (21) days in which to consider this Agreement prior to executing it. Plaintiff represents that he has read this Agreement and that he enters into this Agreement knowingly and voluntarily, with full understanding of its terms and conditions. Finally, Plaintiff understands that he has a period of seven (7) days following the date on which he executes the Agreement to revoke the Agreement. Therefore, this Agreement shall not become effective or enforceable until the eighth (8th) day after the date upon which Plaintiff signs it. Any revocation in order to be effective must be in writing and delivered within the seven-day revocation period to the Assistant United States Attorney, W. Mark Nebeker, or his successor, at the address of record: Office of the United States Attorney for the District of Columbia, 555 Fourth Street, N.W., Washington, DC 20530 (fax: (202) 514-8780).

7. Plaintiff fully understands all of the terms and conditions of this Agreement and has been given a reasonable amount of time to consider this Agreement and to thoroughly discuss all aspects of this Agreement with his attorney.

Plaintiff voluntarily, and without duress, reservation, threat of reprisal or coercion, agrees to settle this matter subject to the terms and conditions herein.

8. The parties agree that this Agreement constitutes the full and complete settlement of any and all claims that were raised or could have been raised in the Litigation and all other claims withdrawn or waived pursuant to this Agreement. This Agreement can only be modified by a written Agreement signed by each party to the modification. In the event any portion of this Agreement shall be determined to be invalid under any applicable law, such provision shall be deemed void and the remainder of this Agreement shall continue in full force and effect.

9. Each party agrees to make good faith efforts to resolve any dispute arising from or regarding this settlement agreement prior to bringing it to the Court's attention. Should either party at any time believe that the other party is in breach of this settlement agreement, prior to bringing the matter to the Court's attention, that party shall notify the other party in writing of the particular section of this settlement agreement that has allegedly been breached and the action(s) that constitute the breach. The other party shall then have thirty (30) days to respond to such claims prior to the injured party's bringing the alleged breach to the attention of the Court.

10. The parties hereto, without further consideration,

shall execute and deliver such other documents and take such other action as may be necessary to achieve the objectives of this Agreement.

11. The signatories hereto hereby warrant that they are fully authorized to sign this Settlement Agreement on behalf of themselves, if they are signing in their individual capacity, or on behalf of the entity they represent, if they are signing on behalf of an entity.

12. This action is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1), except that the Court shall retain jurisdiction to enforce the terms of the Agreement.

Executed this __3d__ day of __May__, 2007.

Respectfully Submitted,

_____  
STEVEN M. SCHNEEBAUM, ESQ.  
DC Bar #956250  
DEBRA McGUIRE MERCER, ESQ.  
DC Bar #439233  
GREENBERG TRAURIG, L.L.P.  
800 Connecticut Avenue, N.W.  
Suite 500  
Washington, DC 20006  
(202) 331-3100  

Attorneys for Plaintiff

_____ 05/02/07  
GEORGE G. CALLAHAN  

Plaintiff

_____  
JEFFREY A. TAYLOR, DC BAR #498610  
United States Attorney  

_____  
RUDOLPH CONTRERAS, DC BAR #434122  
Assistant United States Attorney  

_____  
W. MARK NEBEKER, DC BAR #396739  
Assistant United States Attorney  
555 Fourth Street, N.W.  
Washington, DC 20530  
(202) 514-7230  

Attorneys for Defendant

It is so ORDERED by the Court this _____ day of

_____, 2007.

_____
UNITED STATES DISTRICT JUDGE

-8-